# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CLEVELAND, OHIO

FILED

2018 APR 10 PM 12: 35

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

|  |  |  |
|---|---|---|
| GARY D. WALKER, | ) | Case No. 1:18 cv 806 |
| Inmate No. A554-324 | ) | |
| Richland Correctional Institution | ) | District Judge: JUDGE NUGENT |
| 1001 Olivesburg Road | ) | |
| Mansfield, Ohio 44901 | ) | Magistrate Judge: MAG. JUDGE RUIZ |
|  | ) | |
| Petitioner, | ) | **Petition for Writ of Habeas Corpus** |
|  | ) | **by a state prisoner pursuant to** |
| v. | ) | **28 U.S.C. § 2254** |
|  | ) | |
| DAVID MARQUIS, Warden | ) | **Evidentiary Hearing Requested** |
| Richland Correctional Institution | ) | |
| 1001 Olivesburg Road | ) | |
| Mansfield, Ohio 44901 | ) | |
|  | ) | |
| Respondent. | ) | |

Now comes the Petitioner Gary D. Walker, and respectfully commence the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 against Respondent David Marquis, and states:

## I.     JURISDICTION & PARTIES

1) The Petitioner, Gary D. Walker ("Petitioner"), is the defendant in State v. Walker, Richland County C.P. Case No. 2009CR0052. Petitioner is imprisoned at Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, Ohio 44901.

2) The Respondent, David Marquis ("Respondent") is the Warden of Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, Ohio 44901.

3) This District Court's jurisdiction is invoked pursuant to 28 U.S.C. 2241(a), because (1) Petitioner is confined at Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, Ohio 44901 which is located in Richland County, Ohio, and (2) Petitioner was convicted in Richland County Common Pleas Court which is located at 50 Park Avenue East, Mansfield, Ohio, 44902. This Court have jurisdiction over all causes of action occurring in Richland County, Ohio. *Stedman v. Voorhies*, 2006 U.S. Dist. LEXIS 98442, at *16 (N.D. Ohio) (citing 28 U.S.C. § 2241(a) and (d)).

## II.     FACTUAL & PROCEDURAL BACKGROUND

**Trial Court Proceedings:**

4) On January 9, 2009, Petitioner was charged by indictment with one count of engaging in a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1), a felony of the second degree [Count 1]; 46 counts of forgery pursuant to R.C. 2913.31(A)(2) and 2913.31(A)(3), all felonies of the fifth degree [Counts 2 through 47];[1] and one count of grand theft pursuant to R.C. 2913.02(A)(3), a felony of the fourth degree [Count 48].

5) Each incident of forgery was charged as two counts: the even-numbered counts, beginning with Count 2, are charged pursuant to R.C. 2913.31(A)(2) [forging]. The odd-numbered counts, beginning with Count 3, are charged pursuant to R.C. 2913.31(A)(3) [uttering]. Count 47 stands alone because Petitioner did not utter, i.e. cash that check.

---

[1] The State of Ohio later dismissed Count 44, forgery, prior to trial.

6) On June 2, 2009, in the midst of a jury trial, Petitioner withdrew his pleas of not guilty and entered counseled guilty pleas to the remaining 47 counts in the indictment. The trial court proceeded to immediate sentencing. At the plea hearing, the parties and trial court agreed the 45 counts of forgery were allied offenses of similar import and the trial court could only impose sentence upon one count of each pair of forgery charges.

7) At the plea hearing, Petitioner was given an "Admission of Guilt/Judgment Entry" describing his pleas, the associated penalties, and the rights he waived upon entering the pleas.

8) Petitioner was sentenced to a prison term of 7 years upon Count 1, engaging in a pattern of corrupt activity, and a term of 12 months upon Count 48, grand theft. During the sentencing hearing, the trial court also stated:

> THE COURT: * * * *.
>
> You have an engaging in a pattern of corrupt activity. For that particular charge, I sentence you to seven years in prison. That really is sort of the framework in which all this stuff takes place, this enterprise you had of cashing forged checks.
>
> On the theft counts, I'm sentencing you to a year for the theft counts, twelve months, in other words. For each of the forgeries I'm sentencing you to twelve months in prison.
>
> I am making Counts 1, 48, 2, 4, 6 and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. That will be consecutive to your other sentence.

3

* * * *.

Tr. P. 21.

9) Petitioner was also ordered to make restitution to Wal-Mart in the amount of $32,538. The trial court ordered forfeiture of three vehicles pursuant to specifications in the indictment.

10) The June 2, 2009 Sentencing Entry states as follows: * * *. "Count 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 45 & 47: 12 mos. each count." * * *, and further: "If there is more than one count, or if there are other cases, the sentences will be served consecutively on counts 1, 2, 4, 6, 8, and 12 and on sentences from other courts; concurrently on other counts. The total sentence in this case is 12 years prison."

**Direct Appeal:**

11) On July 1, 2009, Petitioner filed a notice of direct appeal and a request for appellate counsel. Appellate counsel was not appointed, and Petitioner acting *pro se* improvidently dismissed his appeal on September 4, 2009.

**Motion for Resentencing:**

12) On September 28, 2009, Petitioner filed a "Motion for Sentencing" arguing the trial court did not properly notify him of the consequences of a violation of post-release control; the State of Ohio agreed that the matter should be remanded for the limited purpose of resentencing pursuant to R.C. 2929.19(B)(3)(e). On July 28, 2010, the trial court filed a "Judgment Entry on Defendant's Motions" and "Findings and Journal Entry" stating that although

4

Petitioner was not personally advised in open court of the consequences of a post-release control violation at the original sentencing, he received written notification in the sentencing entry and the court corrected any error when it properly advised Petitioner during a video conference pursuant to R.C. 2929.191(C).

**Initial Federal Writ of Habeas Corpus:**

13) On March 15, 2016, the U.S. District Court for the Southern District of Ohio, Western Division granted Petitioner a conditional writ of habeas corpus, ordering that Petitioner was to be released unless he was granted a new direct appeal of the Richland County conviction with appointed counsel within 180 days. *Walker v. Warden, Lake Erie Correctional Institution*, S.D. Ohio No. 1:13cv159, 2016 U.S. Dist. LEXIS 33265 (Mar. 15, 2016).

**Re-Opened Appeal:**

14) On April 12, 2016, the Fifth District Court of Appeals reopened Petitioner's appeal in *State v. Walker*, Richland App. No. 2009-CA-0088, and Petitioner retained Attorney Paul Mancino, Jr., 75 Public Square, Suite 1016, Cleveland, Ohio 44113-2098, as appellate counsel.

15) Appellate counsel raised the following errors on Petitioner's direct:

> 1. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE THE FORGERIES IN VIOLATION OF R.C. 2913.31(A)(2) AND THE FORGERIES IN VIOLATION OF R.C. 2913.31(A)(3), AND ORDERED THE SENTENCES OF R.C. 2913.31(A)(3), AND ORDERED THE SENTENCES TO BE SERVED CONCURRENTLY WHEN THESE OFFENSES WERE ALLIED OFFENSES

5

OF SIMILAR IMPORT, THEREBY VIOLATING WALKER'S RIGHTS TO THE DOUBLE CLAUSE TO THE UNITED STATES CONSTITUTION AND R.C. 2941.25(A).

2. THE TRIAL COURT DENIED WALKER DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE COURT IMPOSED AN AMBIGUOUS CONSECUTIVE SENTENCE, AND THEN SUBSEQUENTLY MODIFIED WALKER'S SENTENCE BY IMPOSING CONSECUTIVE SENTENCE(S) IN THE JUDGMENT ENTRY IN VIOLATION OF RULE 43 OF THE OHIO RULES MINAL PROCEDURE.

3. THE TRIAL COURT ERRED IN ACCEPTING MR. WALKER'S PLEAS IN NON-COMPLIANCE WITH CRIM.R. 11(C)(2)(a) WHEN THE TRIAL COURT FAILED TO DETERMINE PRIOR TO ACCEPTING WALKER'S PLEA IF WALKER UNDERSTOOD THAT HE WAS INELIGIBLE FOR COMMUNITY CONTROL AT SENTENCING THEREBY RENDERING WALKER'S PLEAS UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY ENTERED IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

4. THE TRIAL COURT ERRED IN ACCEPTING WALKER'S PLEAS WHEN THE TRIAL COURT MISINFORMED WALKER ABOUT HIS ELIGIBILITY FOR JUDICIAL RELEASE, AND STATED TO [WALKER] THAT HE WOULD BE ELIGIBLE FOR JUDICIAL RELEASE AND THEN SENTENCED WALKER TO TWELVE CUMULATIVE YEARS MAKING HIM INELIGIBLE FOR JUDICIAL RELEASE WHICH RENDERED WALKER'S PLEA INVALID AND IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

5. THE TRIAL COURT ERRED IN NON-COMPLIANCE WITH CRIM.R. 11(C)(2)(A) [*SIC*] WHEN IT ACCEPTED WALKER'S PLEA TO ENGAGING IN A PATTERN OF

CORRUPT ACTIVITY WITHOUT FIRST DETERMINING THAT WALKER WAS MAKING THE PLEA WITH AN UNDERSTANDING OF THE NATURE OF THE CHARGE, RENDERING WALKER'S PLEAS UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY AND ALSO IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

6. THE TRIAL COURT ERRED BY ACCEPTING WALKER'S GUILTY PLEAS WHERE THE COURT FAILED TO DETERMINE THAT WALKER UNDERSTOOD THE MAXIMUM PENALTIES INVOLVED (MANDATORY FORFEITURE), AS REQUIRED BY CRIM.R. 11(C)(2) RENDERING WALKER'S PLEAS UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY AND ALSO IN VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

7. THE TRIAL COURT ACCEPTED WALKER'S PLEAS IN NON COMPLIANCE WITH CRIM.R. 11(C)(2)(a) WHEN THE COURT FAILED TO DETERMINE IF COUNT 48, THEFT BY DECEPTION IN VIOLATION OF R.C. 2913.02(A)(3) WAS AN ALLIED OFFENSE WITH THE TWENTY-THREE COUNTS OF FORGERY IN VIOLATION OF R.C. 2913.02(A)(3) "UTTERING" PRIOR TO ACCEPTING WALKER'S PLEAS THEREBY RENDERING WALKER'S PLEAS UNCONSTITUTIONALLY INFIRM AND IN VIOLATION OF THE DUE PROCESS CLAUSE TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

8. THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST WALKER WHEN IT DID NOT IMPOSE THOSE COSTS IN OPEN COURT AND WITHOUT COMPLYING WITH R.C. 2947.23(A), AND ORDERING WALKER TO PAY RESTITUTION WITHOUT CONSIDERING WALKER'S PRESENT AND FUTURE

ABILITY TO PAY AS REQUIRED UNDER R.C. 2929.15(B)(5).

16) The state appellate court vacated the trial court orders to pay court costs and restitution, and remanded the case to the trial court for the limited purposes of 1) allowing Appellant to move the court to waive payment of court costs, and 2) permitting the trial court to consider Appellant's present and future ability to pay $32,538 in restitution. *State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 62. In all other respects the state appellate court affirmed Petitioner's convictions and sentences.

17) Petitioner timely appealed the state appellate court's December 16, 2017 Opinion and Judgment Entry to the Supreme Court of Ohio. The Supreme Court of Ohio declined to accept Petitioner's appeal for review. *See State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 3-10, appeal not allowed, 149 Ohio St.3d 1420, 2017-Ohio-4038, 75 N.E.3d 237, reconsideration denied, 150 Ohio St.3d 1412, 2017-Ohio-6964, 78 N.E.3d 911.

**Application for Re-opening:**

18) On February 2, 2017, Petitioner filed a timely Application for Reopening pursuant to Ohio App. R. 26(B), raising:

> 1. Appellate Counsel Was Ineffective In Violation Of The Sixth Amendment To The United States Constitution When Counsel Failed To Raise On Appellant's Direct Appeal: "The Trial Court Erred When It Deprived Appellant Of His Right To Be Present At Sentencing Where The Trial Court Increased And Modified Appellant's Sentence On Count 12, Outside Of Appellant's Presence In The

June 2, 2009 Sentencing Entry, In Violation Of Crim. R. 43(A)"

2. Appellate Counsel Was Ineffective In Violation Of The Sixth Amendment To The United States Constitution When Counsel Failed To Raise On Appellant's Direct Appeal: "The Trial Court Erred When It Completely Deprived Appellant Of His Right To Counsel At A Critical Stage Of The Proceedings (Sentencing) When The Trial Court Sentenced Appellant Outside Of His Presence By Increasing His Sentence On Count 12 In The June 2, 2009 Sentencing Entry, Violating The Sixth Amendment To The United States Constitution."

3. Appellate Counsel Was Ineffective In Violation Of The Sixth Amendment To The United States Constitution When Counsel Failed To Raise On Appellant's Direct Appeal: "Appellant Was Deprived Effective Assistance Of Counsel In Violation Of The Sixth Amendment To The United States Constitution At Sentencing When Counsel Failed To File A 'Motion To Merge Counts 2-47' Into A Single Offense With The Ashland County Forgeries Pursuant To R.C. 2913.61(C)(1)'"

4. Appellate Counsel Was Ineffective In Violation Of The Sixth Amendment To The United States Constitution When Counsel Failed To Raise On Appellant's Direct Appeal: "Appellant Was Deprived Effective Assistance Of Trial Counsel In Violation Of The Sixth Amendment To The United States Constitution When Trial Counsel Failed To File A Pre-Sentence Motion To Withdraw Guilty Plea Pursuant To Crim. R. 32.1"

5. Appellate Counsel Was Ineffective In Violation Of The Sixth Amendment To The United States Constitution When Counsel Failed To Raise On Appellant's Direct Appeal: "Appellant Was Deprived Effective Assistance Of Counsel In Violation Of The Sixth Amendment To The United States Constitution During Plea Negotiations When Counsel Advised

Appellant To Plead Guilty To Counts 2-46, As Opposed To Advising Appellant That Counts 2-46 Should Be Dismissed Pursuant To R.C. 2901.12(H), R.C. 2913.61(C)(1) And The Double Jeopardy Clause Of The Fifth Amendment To The United States Constitution."

19) On November 20, 2017, the state appellate court denied Petitioner's application and Petitioner timely appealed to the Supreme Court of Ohio. The Supreme Court declined to accept Petitioner's appeal for review.

**Remand Hearing:**

20) The trial court held a hearing on March 13, 2017, on the issue of restitution and court costs. Following the hearing, the trial court amended restitution from $32,538 to $20,000, and left the order to pay court costs in place. Petitioner filed a writ of mandamus with the Fifth District Court of Appeals seeking a final appealable order in compliance with *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330. Petitioner also filed a direct appeal from the judgment entry in Appellate Case Number 17CA32.

21) The trial court issued a nunc pro tunc sentencing entry on May 31, 2017, incorporating its restitution order of March 29, 2017, with its 2009 sentencing entry. The writ of mandamus was thereafter dismissed, and Petitioner filed a notice of appeal from the May 31, 2017 entry in Appellate Case Number 17CA53. The Fifth District Court of Appeals consolidated Case Numbers 17CA32 with 17CA53, with Case Number 17CA53 controlling.

22) On appeal, Petitioner raised:

10

1.The Trial Court Erred By Issuing A Non-Final Appealable Order [The March 29, 2017 Order] Which Deprived This Appellate Court Subject-Matter Jurisdiction Over The Appeal In State V. Walker, Richland App. No. 2017-Ca-0032.

2. The Trial Court Violated The Confrontation Clause To The Fifth Amendment Of The United States Constitution, The Due Process Clause To The Fourteenth Amendment Of The United States Constitution And Crim. R. 43(A) By Imposing Restitution And Court Cost In The May 31, 2017 Nunc Pro Tunc Sentencing Entry Without Appellant Being Present.

3. The Trial Court Completely Deprived Appellant Effective Assistance Of Counsel In Violation Of The Sixth Amendment To The United States Constitution by Imposing Restitution And Court Cost In The May 31, 2017 Nunc Pro Tunc Sentencing Entry Without Counsel Being Present.

4. The Trial Court Violated The Double Jeopardy Clause To The Fifth Amendment Of The United States Constitution By Increasing Appellant's Sentences On Counts 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 45, 46, 47 And 48, With Restitution After Appellant Completed His Sentences For Those Counts.

5. The Trial Court Erred In Failing To Hold An Evidentiary Hearing In Compliance With R.C. 2929.28(A)(1) When Appellant Disputed The Amount Of Restitution.

6. The Trial Court Denied Appellant Due Process Of Law Under The Fourteenth Amendment To The United States Constitution By Failing To Afford Appellant Notice And The Opportunity To Be Heard

Regarding Evidence The Court Used To Modify And Calculate The Restitution Sentence In The May 31, 2017 Nunc Pro Tunc Sentencing Entry.

7. The Trial Court Erred In Sentencing Appellant To Consecutive Sentences Without Making The Requisite Judicial Findings Mandated By R.C. 2929.14(C)(4). "Viii. The Trial Court Imposed Sentences Contrary To Law Under R.C. 2929.41(A) By Ordering The Sentences In The Instant Case To Run Consecutive To The Sentences Imposed In Appellant's Unrelated Cases.

8. The Trial Court Violated The Double Jeopardy Clause To The Fifth Amendment To The United States Constitution By Failing [**5] To Credit Appellant For Time Served In Prison And By Failing To Include Those Days In The May 31, 2017 Nunc Pro Tunc Sentencing Entry.

9. The Trial Court Erred By Failing To Hold A Hearing To Determine The Amount Of Court Cost To Be Imposed In Compliance With R.C. 2923.32(B)(2)(C).

10. The Trial Court Erred When It Failed To Comply With R.C. 2947.23(A)(1)(A)(I)."

23)The Fifth District Court of Appeals denied Petitioner relief on every assignment of error and. Petitioner timely appealed to the Supreme Court of Ohio, who declined to accept jurisdiction. *See State v. Walker*, 2017-Ohio-8566, discretionary appeal not allowed by *State v. Walker*, 2018 Ohio LEXIS 523 (Ohio, Feb. 28, 2018).

### III.  STATUTE OF LIMITATIONS

24) The instant habeas petition is timely filed as Petitioner filed the Petition within one year of the Supreme Court of Ohio dismissing his appeal on May 31, 2017.

### GROUND FOR RELIEF ONE

**The State Trial Court Violated The Double Jeopardy Clause Of The Fifth Amendment To The United States Constitution By Imposing Multiple Sentences On The Same Offense, To Wit: The Forgeries In Counts 2-46 Of The Indictment.**

**A. Supporting Facts:**

25) In support of this Ground for Relief, the Petitioner submit, the state trial court violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution by sentencing Petitioner to multiple sentences on the same offense(s), to wit: the Forgeries in Counts 2-46.

26) During the plea hearing, the parties and the trial court determined the Forgeries in Count 2 and 3, Count 4 and 5, Count 6 and 7, Count 8 and 9, Count 10 and 11, Count 12 and 13, Count 14 and 15, Count 16 and 17, Count 18 and 19, Count 20 and 21, Count 22 and 23, Count 24 and 25, Count 26 and 27, Count 28 and 29, Count 30 and 31, Count 32 and 33, Count 34 and 35, Count 36 and 37, Count 38 and 39, Count 40 and 41, Count 42 and 43, and Count 45 and 47 ("Forgery Counts") are the same offense and allied offenses of similar import. See Plea Tr. P. 5-6.

27) After making the aforementioned determinations, Petitioner entered a guilty which was accepted by the trial court. The matter proceeded to sentences where the trial court imposed the following sentences:

> THE COURT: ***.
>
> You have an engaging in a patter of corrupt activity. For that particular charge, I sentence you to seven years in prison. That really is sort of the framework in which all this stuff takes place, this enterprise you had of cashing forged checks.
>
> On the theft counts, I'm sentencing you to a year for the theft counts, twelve months, in other words. For each of the forgeries I'm sentencing you to twelve months in prison.
>
> I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. That will be consecutive to your to other sentence.

Tr. P. 21:10-21.

28) It is irrefutable the trial court imposed multiple twelve month sentences on *each* of the Forgery Counts thereby violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

**B. Exhaustion of State Remedies:**

> **i. <u>Petitioner cited the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution</u>**

29) Petitioner exhausted his state remedies regarding the federal claim raised in this Ground for Relief by citing the State appellate court to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, in

the caption of his Merit Brief, and in Petitioner's January 24, 2017 Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) (finding exhaustion when Petitioner phrased his claim in terms of a denial of a specific constitutional right.); *Dye v. Hofbauer*, 546 U.S. 1, 3-4, 126 S. Ct. 5, 163 L. Ed. 2d 1 (2005) *Davis v. Strack*, 270 F.3d 111, 122 (2d Cir. 2001) ( If a petitioner "cites to specific provisions of the U.S. Constitution in his state court brief, the petitioner has fairly presented his constitutional claim to the state court.").

### ii. Petitioner raised his Double Jeopardy claim as an Allied Offense claim

30) Petitioner also exhausted his state remedies regarding the federal claim raised in this Ground for Relief by raising his Double Jeopardy claim as an "Allied Offense" claim in the state appellate court and Supreme Court of Ohio. *Jones v. Warden*, No. 2:12-cv-150, 2013 U.S. Dist. LEXIS 168042, 2013 WL 6181468, at *7 (S.D. Ohio Nov. 26, 2013); *Cody v. Jeffreys*, No. 2: 10-cv-974, 2013 U.S. Dist. LEXIS 6594, (S.D. Ohio Jan.16, 2013); *Spence v. Sheets*, 675 F. Supp. 2d 792 (S.D. Ohio 2009); *Helton v. Jeffreys*, No.2:06-cv-558, 2007 U.S. Dist. LEXIS 26537, 2007 WL 1100428, at *4-*5 (S.D. Ohio April 10, 2007); and *Palmer v. Haviland*, 2006 U.S. Dist. LEXIS 95890 (S.D. Ohio May 11, 2006), (raising allied offense claim properly present state court with double jeopardy claim) *aff'd*, 273 Fed. Appx. 480 (6th Cir. 2008).

31) In *Palmer* Magistrate Judge Hogan relied on *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000), and *Franklin v. Rose*, 811 F.2d 322 (6th Cir. 1987). In *Franklin* the Sixth Circuit cited with approval a Second Circuit analysis in *Daye v. Attorney General*, 696 F.2d 186 (2nd Cir. 1982), *after remand*, 712 F.2d 1566 (2nd 1983):

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Franklin*, 811 F.2d at 326, quoting *Daye*, 696 F.2d at 193-94.

32) The "pattern of facts" argued by Petitioner on direct appeal and in the Supreme Court of Oho comes well within the mainstream of litigation under the Double Jeopardy Clause. *Cody*, 2013 U.S. Dist. LEXIS 6594, * 12-13.

33) Based on the foregoing argument and authority, Petitioner exhausted his state remedies by presenting the federal claim as an allied offense claim in the state appellate court and Supreme Court of Ohio.

**C. Standard of Review:**

34) The applicable standard of review for the instant ground for relief is under 28 U.S.C.§ 2254(D)(2) because the state appellate court's ruling resulted in a

decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

**D. Clearly Established Federal Law:**

35) The Fifth Amendment's Double Jeopardy Clause "protects against multiple punishments for the same offense." *Blunt v. Woods*, 505 F. App'x 569, 572 (6th Cir. 2012) citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). It is clearly established law that a defendant may not be subject to multiple punishments unless the state legislature intended to so punish. *Missouri v. Hunter*, 459 U.S. 359, 367-68, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983); *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L. Ed. 2d 707 (1969).

36) The Supreme Court has interpreted the multiple-punishment aspect of the Double Jeopardy Clause as protecting defendants from being punished more than once for a single act when the legislature does not intend for the punishments to be cumulative. *Albernaz v. United States*, 450 333, 344, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981).

**E. Multiple punishment were imposed on the same offense:**

37) In this case, the state trial court determined the Forgery Counts were allied offense of similar import, which means, the legislature did not intend for Petitioner to receive multiple sentences for the Forgery Counts. See Tr. P. 5-6.

38) Nonetheless, when the matter proceeded to sentencing the trial court imposed a twelve month sentence on *each* Forgery Count. See Tr. P. 21:10-21 wherein the following sentences were imposed:

> THE COURT: ***.
>
> You have an engaging in a patter of corrupt activity. For that particular charge, I sentence you to seven years in prison. That really is sort of the framework in which all this stuff takes place, this enterprise you had of cashing forged checks.
>
> On the theft counts, I'm sentencing you to a year for the theft counts, twelve months, in other words. *For each of the forgeries I'm sentencing you to twelve months in prison.*
>
> I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. That will be consecutive to your to other sentence.

39) The sentencing transcript unquestionably illustrate the trial court imposed multiple twelve month sentences on *each* of the Forgery Counts in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. See Tr. P. 21:10-21.

**F. Factual Error in the State Appellate Court Record:**

40) When addressing Petitioner's double jeopardy claim, the state appellate court ruled:

> In the instant case, the trial court did in fact determine the pairs of forgery charges merged with each other for sentencing, as the parties agreed. Appellant argues, though, that the trial court effectually failed to merge the sentences due to the statement, ""I am making Counts I,

48, 2, 4, 6, and 8 consecutive, the rest are concurrent." We disagree and find that in the context of the trial court's statements during the sentencing hearing, together with the sentence imposed in the judgment entry, the trial court did merge each "pair" of forgery counts.

*State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 28.

41) Additionally, the state appellate court ruled:

We do not find the trial court's sentencing ambiguous, but appellant raised a number of sentencing arguments in post-conviction motions that resulted in the trial court clarifying the sentence via judgment entry.

On July 16, 2009, in an "Order Explaining Sentencing Entry," the trial court wrote: This defendant in this case pled guilty to 48 (*sic*) counts relating to a scheme to generate and cash fraudulent payroll checks at WalMarts in several counties. For each of the checks that was generated and cashed, the defendant was charged with two counts of forgery—one for forging the check by writing it and one for forging the check by uttering it. The parties agreed at sentencing that the two charges for each forged check were allied offenses of similar import and that defendant could only be sentenced for one forgery for each check. Consequently, no sentence is being imposed on odd numbered counts 3 through 43 or counts 44 and 46. The sentencing entry filed in this case on 6-2-09 is consequently the complete sentencing entry in this case.

\* \* \* \*.

The entry of July 16, 2009 was served upon the parties and upon the Bureau of Sentence Computation.

It is evident the trial court did not impose sentences upon allied offenses of similar import. Instead, the trial court merged the forgery offenses and imposed sentence upon one count of each "pair," as the parties agreed.

19

*Id.* ¶ 29-31.

  i.   **The State Appellate Court's Decision at ¶ 28-31 Is Not Entitled A Presumption Of Correctness Because The Court Had Before It, Yet Ignored Material Evidence That Supported Petitioner's Claim**

42) June 2, 2009 sentencing transcript at page 21:10-21 demonstrate the state trial court imposed multiple prison sentences on *each* of the Forgery Counts. See Tr. P. 21:10-21. Therefore, the state appellate court's decision at ¶ 28-31 is not entitled a presumption of correctness under 2254(e) because the state appellate court had before it, yet ignored the June 2, 2009 sentencing transcript at page 21:10-21 which supported Petitioner's claim that the trial court imposed multiple twelve month prison sentences on *each* of the Forgery Counts. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) ("the state-court fact-finding process is undetermined where the state court has before it, yet apparently ignores, evidence that supports a petitioner's claim.)

  ii.   **The State Appellate Court's Decision At ¶ 31 Is Not Entitled A Presumption Of Correctness Because The State Trial Court Imposed Sentences On *Each* Of The Forgery Counts At The Sentencing Hearing**

43) The state appellate court's ruling at ¶ 31, that: "it is evident the trial court did not impose sentences upon allied offense of similar import. Instead, the trial court merged the forgery offenses and imposed sentence upon one count of each "pair," as the parties agreed," is not entitled a presumption of correctness under 2254(e), because the June 2, 2009 Sentencing Transcript at page 21

indisputably prove the trial court imposed a twelve month sentence on *each* forgery count and did not merge any counts.

44) Furthermore, the trial court imposing concurrent and consecutive sentences on each of the Forgery Counts is not the same as merging the Forgery Counts. *See State v. Damron*, 129 Ohio St. 3d 86, 2011 Ohio 2268, 950 N.E.2d 512, ¶ 17 ("the imposition of concurrent sentences is not the same as merging allied offense into a single conviction."); *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 19 quoting *Damron*, at ¶ 17; *State v. Carr*, 5th Dist. Perry No. 15-CA-00007, 2016 Ohio-9, 57 N.E.3d 262, ¶ 42 quoting *Damron*, at ¶ 17.

45) Based on the foreging argument and evidence, the state appellate court's ruling at ¶ 31 is not entitled a presumption of correctness under 2254(e).

### iii. The State Appellate Court's Decision at ¶ 28 Is Not Entitled A Presumption Of Correctness Because The July 16, 2009 Order Does Not Accurately Record The Proceedings

46) The state appellate court's decision at ¶ 28 is not entitled a presumption of correctness under 2254(e) because the July 16, 2009 Order does not accurately record the proceedings. Moreover, the July 16, 2009 Order is nothing more than an improper *nunc pro tunc* entry that improperly rewrote history by merging the Forgery Counts when no such merger occurred at the June 2, 2009 sentencing hearing. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (holding nunc pro tunc orders cannot be used to rewrite history).

47) The state trial court's failure to merge the Forgery Counts at the June 2, 2009 sentencing hearing cannot be cured by a *nunc pro tunc* entry as no *merger* occurred at the sentencing hearing. *State v. Williams*, 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 10 (noting the trial court also merged Counts Four and Five in the sentencing entry but did not do so at the hearing. While the court may have intended to merge these counts originally, this action was omitted at the hearing. A nunc pro tunc order cannot be used to reflect what the trial court intended to decide.)

48) Based on the foregoing argument and evidence, state appellate court's decision at ¶ 28 is not entitled a presumption of correctness under 2254(e) because the July 16, 2009 Order is an improper nunc pro tunc entry.

    iv.    **The State Appellate Court's Decision At ¶ 28 Is Not Entitled A Presumption Of Correctness Because The July 16, 2009 Order Was Issued When The Trial Court Lacked Jurisdiction And Is Thus Null And Void**

49) The July 16, 2009 Order was issued after Petitioner's July 1, 2009 notice of appeal.[2] Because the July 16, 2009 Order was filed *after* Petitioner's July 1, 2009 notice of appeal, the July 16, 2009 Order is null and void. *In re Estate of Meyer* (1989), 63 Ohio App. 3d 454, 457 fn. 2, 579 N.E.2d 260 ("it is settled that the filing of a notice of appeal divest the trial court of jurisdiction and that any subsequent ruling or by the trial court is null and void.").

---

[2] Contrary to the state appellate court's ruling, Petitioner did not file any post-conviction motions causing the July 16, 2009 Order to be filed.

50) In light of the foregoing facts and argument, the state appellate court's decision at ¶ 28 is not entitled a presumption of correctness under 2254(e) because the July 16, 2009 Order, which was used as proof of a merger, is null and void.

**G. Petitioner Is Entitled Habeas Relief Under 2254(d)(2):**

51) The Petitioner is entitled habeas relief pursuant to 2252(d)(2), because the sentencing transcripts at page 21 demonstrate the trial court imposed a twelve month sentence on each of the Forgery Counts, therefore, the state appellate court's ruling at ¶ 28 of the December 16, 2016 Opinion and Judgment Entry resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state appellate court.

**H. Appropriate Habeas Relief:**

52) The ordinary remedy for a multiple sentence double jeopardy violation is granting a conditional writ order the state of Ohio to resentence Petitioner. *Walters v. Sheets,* 2011 U.S. Dist. LEXIS 111631, * 13 (S.D. Ohio, Sept. 29, 2011) (writ granted ordering resentencing for allied offenses). However, a conditional writ is not the appropriate remedy in this case, instead an unconditional writ should issue for the reasons explained below.

    **i.**     <u>An Unconditional Writ should issue on Counts 10-46 because State</u>
               <u>v. Holdcroft bars resentencing Petitioner</u>

53) Unlike *Walter v. Sheets,* resentencing Petitioner is not an available remedy to correct the double jeopardy violations because the concurrent twelve month prison sentences on the Forgeries in Counts 10 and 11, 12 and 13, 14 and 15,

16 and 17, 18 and 19, 20 and 21, 22 and 23, 24 and 25, 26 and 27, 28 and 29, 30 and 31, 32 and 33, 34 and 35, 36 and 37, 38 and 39, 40 and 41, 42 and 43, and 45 and 46 began to be served on June 2, 2009, and were fully served and completed on June 2, 2010.

54) In *State v. Holdcroft*, 137 Ohio St. 3d 526, 2013-Ohio-5014, the Supreme Court of Ohio held that, "[n]either [its] jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense." Id. ¶ 19; *see State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, ¶ 29 (acknowledging that *Holdcroft* addressed a post-release control issue, but stating that the general rule the Court relied upon was not limited to post-release control); *State v. Metcalf*, 12th Dist. Warren No. CA2015-03-022, 2016-Ohio-4923, 68 N.E.3d 371, ¶ 20 (stating same).

55) Per *Holdcroft*, Petitioner cannot be resentenced on Counts 10 and 11, 12 and 13, 14 and 15, 16 and 17, 18 and 19, 20 and 21, 22 and 23, 24 and 25, 26 and 27, 28 and 29, 30 and 31, 32 and 33, 34 and 35, 36 and 37, 38 and 39, 40 and 41, 42 and 43, and 45 and 46, because those sentences are fully served and completed.

56) Consequently, the only available remedy to correct the double jeopardy violations relative to Counts 10-46 is to grant an unconditional writ that vacates one of the forgeries from each "pair" of forgeries in Counts 10-46, and credit Petitioner twelve months time served on the remaining count. This

24

remedy will fully vindicate Petitioner's double jeopardy rights. *Jones v. Thomas*, 491 U.S. 376, 381-21 (holding that, "crediting time already served against the final sentence fully vindicates the defendant's double jeopardy rights); *Williams v. Singletrary*, 78 F.3d 1510 (11th Cir. 1996) (assault conviction was fully served and upon vacating the sentence, the time served that was counted as his assault sentence should instead be credited against one or both of his two remaining sentences.); *State v. Taparra*, 82 Haw. 83, 919 P.2d 995, 1000-01 (holding without receiving credit for imprisonment already served *** defendant would be subjected to invalid "multiple punishments" for the same offense.); *People v. Whitfield*, 228 Ill. 2d 502, 520, (same).

### ii.  An Unconditional Writ should issue because the Double Jeopardy Clause bars resentencing Petitioner on Counts10-46

57) A reasonable expectation of finality arises upon completion of the imposed sentence, resulting in the attachment of double jeopardy. *United States v Silvers*, 90 F.3d 95, 101 [4th Cir 1996] ("once a defendant fully serves a sentence for a particular crime, the Double Jeopardy Clause's bar on multiple punishments prevents any attempt to increase thereafter a sentence for that crime"); *United States v Daddino*, 5 F.3d 262, 265 [7th Cir 1993] (completion of incarceration portion of sentence precluded any increase of it); *United States v Arrellano-Rios*, 799 F.2d 520, 524-525 [9th Cir 1986]; *Oksanen v United States*, 362 F.2d 74, 80 [8th Cir 1966] (applying the rule to a completed term of probation); *see also Hernandez v Quarterman*, 340 Fed. Appx. 210, 215 [5th

25

Cir 2009]), unless the government's time to seek correction of the sentence remains pending at the time of release. Other federal courts have suggested that the resentencing of a defendant who has been released from confinement would be unconstitutional. *See e.g. DeWitt v Ventetoulo*, 6 F.3d 32, 35-36 [1st Cir 1993], *cert denied* 511 U.S. 1032, 114 S. Ct. 1542, 128 L. Ed. 2d 193 [1994]; *United States v Lundien*, 769 F.2d 981, 986-987 [4th Cir 1985], *cert denied* 474 U.S. 1064, 106 S. Ct. 815, 88 L. Ed. 2d 789 [1986]; *Breest v Helgemoe*, 579 F.2d 95, 101 [1st Cir 1978], *cert denied* 439 U.S. 933, 99 S. Ct. 327, 58 L. Ed. 2d 329 [1978]).

58) With the foregoing principle in mind, Petitioner had a reasonable expectation of finality upon completing the imposed sentences on the Forgeries in Counts 10-46, which resulted in the attachment of double jeopardy. Id. Accordingly, Petitioner cannot be resentenced on Counts 10-46 as resentencing Petitioner on Counts 10-47 would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

59) Consequently, the only available remedy to correct the double jeopardy violations relative to Counts 10-46 would be granting an unconditional writ that vacates one of the forgeries from each "pair" of forgeries in Counts 10-46, and credit Petitioner twelve months time served on the remaining count. This remedy will fully vindicate Petitioner's double jeopardy rights. *Jones v. Thomas, supra; Williams v. Singletrary, supra; State v. Taparra, supra; People v. Whitfield, supra.*

### iii.    An Unconditional Writ should issue on Counts 2-9, 12 and 13 because the Double Jeopardy Clause bars resentencing Petitioner

60) Granting an unconditional writ ordering Petitioner's immediate release for the Forgeries in Counts 2-9, and 12 and 13 is the only appropriate to redress the double jeopardy violations.

61) Petitioner has yet to serve the consecutive twelve month prison sentence on Counts 2, 4, 6, 8, and 12, however, Petitioner has fully served and completed the twelve month concurrent prison sentences on Counts 3, 5, 7, 9, and 13 on June 2, 2010—12 months after the sentences were imposed.

62) Because the sentences on Counts 3, 5, 7, 9, and 13 are fully completed and served and is the same offense/act as Counts 2, 4, 6, 8, and 12, Petitioner cannot be resentenced or be subjected to serving another twelve month sentence on Counts 2, 4, 6, 8, and 12 as doing so would require Petitioner to serve an illegal cumulative 24 month prison sentence for a single fifth degree felony. See Ohio Revised Code § 2929.14(A)(5).

63) For the foregoing reasons, this District Court should issue an unconditional writ granting Petitioner's immediate release after vacating the twelve month prison sentence on Counts 2, 4, 6, 8, and 12 and granting Petitioner 12 months time served on Counts 3, 5, 7, 9, and 13. *Jones v. Thomas, supra*; *Williams v. Singletrary, supra*; *State v. Taparra, supra*; *People v. Whitfield, supra*.

## GROUND FOR RELIEF TWO

**Petitioner Was Deprived Effective Assistance Of Appellate Counsel In Violation Of The Sixth Amendment To The United States Constitution When Appellate Counsel Failed To Raise On Petitioner's Direct Appeal: "Appellant Was Deprived Effective Assistance Of Trial Counsel In Violation Of The Sixth Amendment To The United States Constitution During Plea Negotiations Causing Appellant To Reject A Favorable Plea Agreement Of 4 Years And 2 Months."**

**A. Supporting Facts:**

64) In this Ground for Relief, the Petitioner respectfully submit he was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal:

> "Appellant Was Deprived Effective Assistance Of Trial Counsel In Violation Of The Sixth Amendment To The United States Constitution During Plea Negotiations Causing Appellant To Reject A Favorable Plea Agreement Of 4 Years And 2 Months."

**B. Exhaustion of State Remedies:**

65) In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). As explained by the Sixth Circuit in *Wagner v. Smith*, 581 F.3d 410,

414 (6th Cir. 2009, to properly exhaust state remedies, each claim must have been "fairly presented" to the state courts.

66) A habeas petitioner need not exhaust any and all remedies that are potentially available to him in state court. *Clinkscale v. Carter*, 375 F.3d 430, 439 (6th Cir. 2004) citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999) (holding that a petitioner need only exhaust those remedies that comprise a state's "standard," "established," "normal" appellate review process) (citing *Wilwording v. Swenson*, 404 U.S. 249, 249-50, 30 L. Ed. 2d 418, 92 S. Ct. 407 (1971) (*per curiam*) (rejecting the notion that a petitioner must invoke "any of a number of possible alternatives to state habeas . . . .").

67) In *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281 (6th Cir. 2010), the Sixth Circuit had the opportunity to address whether *Thompson* exhausted his ineffective assistance of *appellate* counsel claim. The Sixth Circuit held:

> Despite the fact that Thompson's ineffective-assistance-of-appellate-counsel claim was raised only before the Ohio Supreme Court, the Warden acknowledges that this claim is not defaulted. An Ohio procedural rule allows parties to raise ineffective-assistance-of-appellate-counsel claims for the first time via a motion for leave to appeal to the Ohio Supreme Court, and thus a claim raised in that manner may be "fairly presented" for federal habeas purposes. *See Holloman v. Timmerman-Cooper*, No. 2:08-CV-441, 2009 U.S. Dist. LEXIS 111061, 2009 WL 4283099, at *8 (S.D. Ohio Nov. 30, 2009) (holding that an ineffective-assistance-of-appellate-counsel claim raised on direct appeal to the Ohio Supreme Court was not procedurally defaulted)

> (*citing State v. Murnahan*, 63 Ohio St.3d 60, 584
> N.E.2d 1204 (1992)).

598 F.3d 281, 285.

68) In compliance with *Thompson* and *State v. Murnahan*, Petitioner exhausted his ineffective assistance of *appellate* counsel claim by raising it directly to the Supreme Court of Ohio. *See also Sales v. Wilson*, 2007 U.S. Dist. LEXIS 104143, 2007 WL 4365400 (N.D. Ohio Dec.12, 2007) ("Considering that Sales claimed ineffective assistance of appellate counsel previously before the Ohio Supreme Court ... Sales has exhausted his state remedies with respect to his seventh ground."); *Perry v. Warden of Mansfield Corr. Inst.*, 2014 U.S. Dist. LEXIS 183744, 2015 WL 2097815, at *19 (N.D. Ohio, May 5, 2015) (White, M.J.) ("A number of United States district court decisions in Ohio have declined to enforce procedural default where a petitioner did not raise or timely raise an ineffective assistance of counsel claim in a Rule 26(B) application but nonetheless raised such claims on direct appeal before the Ohio Supreme Court."); *Small v. Warden*, 2013 U.S. Dist. LEXIS 98345, 2013 WL 3745834 at *3 (S.D. Ohio, Jul.15, 2013) (finding the petitioner already raised a claim of ineffective assistance of appellate counsel before the Ohio Supreme Court despite never attempting to file a 26(B) application and "[b]y so doing, he has provided the Ohio courts adequate opportunity to consider the claim"); *but see Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012).

**C. De Novo Review:**

69) The provisions of 28 U.S.C. § 2254(d) apply only to claims that were adjudicated on the merits in the state court proceedings. *Lopez v. Gansheimer*, 2012 U.S. Dist. LEXIS 150052, *13-14 (N.D. Ohio 2012) (citing *Clinkscale*, 375 F.3d 430, 436. When a state court does not assess the merits of a Petitioner's habeas claim, the deference due under AEDPA does not apply. *Id.* In such a case, the habeas court is not limited to deciding whether the court's decision was contrary to or involved an unreasonable application of clearly established federal law, but rather conduct a de novo review of the claim. *Id.*

70) In this case, the Ohio Supreme Court was presented with Petitioner's ineffective-assistance-of-appellate-counsel claim but did not address it, there this District Court should review the instant ground for relief de novo. *Thompson*, 598 F.3d 281, 285 *citing Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005) ("Where the state court has not addressed or resolved claims [that are] based on federal law, most courts, including this one, have held that the decision is not an 'adjudication on the merits.' Thus, a federal habeas court reviews such unaddressed claims de novo.").

**D. Ineffective Assistance-Of-Appellate-Counsel-Claim**

    **i.   Standard of Review under *Strickland***

71) Ineffective assistance of appellate counsel claims are reviewed under the two-part test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Webb v. Mitchell*, 596 F.3d 383, 398 (6th Cir. 2009).

72) Appellate counsel need not raise every non-frivolous clam in order to provide effective assistance, *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011). The failure to raise an issue on appeal constitutes ineffective only if there is a reasonable probability that inclusion of the issue would have changed the outcome of the appeal. *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

73) To show ineffective assistance when counsel presents one argument instead of another, the petitioner must demonstrate that the issue not presented was clearly stronger than issues that counsel did present. *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins*, 528 259, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2001)).

74) In order to determine whether appellate counsel was ineffective, this District Court must first determine whether the claim omitted had merit and a reasonable probability of success if raised on appeal. *Ivory v. Jackson*, 509 F.3d 284, 294 (6th Cir. 2007) ("whether raising the issue might have changed the results of the appeal, in turn, goes to the merits of the claim itself.").

75) If this District Court concludes that the omitted claim would have had a reasonable probability of success, then appellate counsel's performance was necessarily prejudicial because it affected the outcome of the appeal. *Eagle v. Linahan*, 279 F.3d 926, 943 (11th Cir. 2001).

**E. The Merit Of The Claim No Raised On Appeal:**

76) The State trial court record clearly illustrate Petitioner was deprived effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution causing Petitioner to reject a favorable plea agreement of 4 years and 2 months counsel during the plea negotiations on March 6, 2009, March 31, 2009 and May 4, 2009. Therefore, appellate counsel should have raised this claim on Petitioner direct appeal and his failure to do so deprived Petitioner effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

## F. Ineffective Assistance-of-Trial-Counsel

### i. Standard of Review under *Strickland*

77) The law is well-settled that a defendant has a Sixth Amendment right to counsel during plea negotiations. *Missouri v. Frye*, 566 U.S. 134, 132 S. Ct. 1399, 1406, 182 L. Ed. 2d. 379 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012).

78) To demonstrate "deficient performance," under the first prong of the *Strickland* test, a petitioner must show that counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. 466 U.S. at 688; *Lafler v. Cooper*, 132 S. Ct. 1376, 1384.

79) To satisfy the second, "prejudice," prong under *Strickland*, a petitioner must demonstrate a reasonable probability that, but for counsel's ineffectiveness, (1) he would have accepted the earlier plea offer if he had the benefit of effective assistance of counsel; (2) the plea would have been accepted by the court; and

33

(3) the end result would have resulted in a plea to a lesser charge or a lesser sentence imposed. Id., at 1386; *Frye*, 132 S. Ct. at 1409.

**Application**

  **i.** **Performance Prong**

80) In *Missouri v. Frye*, the United States Supreme court reaffirmed that, to provide constitutionally adequate representation during plea negotiations a lawyer must *** outline "the strengths and weaknesses of the case against the defendant." 132 S. Ct. at 1408 (citing *Purdy v. United States*, 208 F.3d 41, 45 (2nd Cir. 2000); *see also State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290 (1992) (holding, "defense counsel has a duty to communicate to a client not only the terms of a plea bargain offer, but also its relative merits compared to the client's chances of success at trial.").

81) In the instant case, on March 6, 2009, March 31, 2009 and May 4, 2009, the State of Ohio offered Petitioner a plea agreement whereby Petitioner would plead guilty to Engaging in a Pattern of Corrupt Activity ("EPCA"), forty-seven (47) Counts of Forgery and one (1) Count of Theft by Deception and in-exchange for Petitioner's pleas, Petitioner would serve 4 years and 2 months in prison to be served consecutive to the 22 month prison sentence Petitioner was serving from Ashland County Common Pleas Court in State v. Walker, Ashland C. P. Case No. 2008-CRI-108. (See Transcripts from March 6, 2009, March 31, 2009 and May 4, 2009 hearings).

(3) the end result would have resulted in a plea to a lesser charge or a lesser sentence imposed. Id., at 1386; *Frye*, 132 S. Ct. at 1409.

**Application**

      i.   **Performance Prong**

80) In *Missouri v. Frye*, the United States Supreme court reaffirmed that, to provide constitutionally adequate representation during plea negotiations a lawyer must *** outline "the strengths and weaknesses of the case against the defendant." 132 S. Ct. at 1408 (citing *Purdy v. United States*, 208 F.3d 41, 45 (2nd Cir. 2000); *see also State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290 (1992) (holding, "defense counsel has a duty to communicate to a client not only the terms of a plea bargain offer, but also its relative merits compared to the client's chances of success at trial.").

81) In the instant case, on March 6, 2009, March 31, 2009 and May 4, 2009, the State of Ohio offered Petitioner a plea agreement whereby Petitioner would plead guilty to Engaging in a Pattern of Corrupt Activity ("EPCA"), forty-seven (47) Counts of Forgery and one (1) Count of Theft by Deception and in-exchange for Petitioner's pleas, Petitioner would serve 4 years and 2 months in prison to be served consecutive to the 22 month prison sentence Petitioner was serving from Ashland County Common Pleas Court in State v. Walker, Ashland C. P. Case No. 2008-CRI-108. (See Transcripts from March 6, 2009, March 31, 2009 and May 4, 2009 hearings).

82) Petitioner rejected the 4 years and 2 months plea agreement at the March 6, 2009, March 31, 2009 and May 4, 2009 Plea Offer hearings, but only after trial counsel failed to, (1) outline the strengths and weaknesses of the State's case, and (2) advise Petitioner of the chances of acquittal if he rejected the plea agreement and proceed to trial.

83) Based on the foregoing argument, evidence and case law, trial counsel's performance at the plea negotiations was objectively unreasonable and deficient under the first prong of *Strickland. Lewandowski v. Makel*, 745 F. Supp. 1142, 1147 (W.D. Mich. 1990) (stating that, "failing to inform and advise client regarding plea negotiation options versus risks of trial falls below objective standards of reasonableness), *aff'd*, 949 F.2d 884 (6th Cir. 1990).

### ii.  Prejudice Prong

84) To demonstrate prejudice, the Petitioner must show that, but for counsel's deficient performance, there was a reasonable probability that (1) the plea offer would have been consummated by the defendant, the government, and the court; and (2) the plea would have been to a lesser conviction or sentence than that actually imposed. *Lafler*, 132 S. Ct. at 1385.

### G. Petitioner Would Have Accepted The Plea Agreement

85) Under the *Strickland* test, the potential strength of the State's case must inform this District Court's analysis, when determining prejudice inasmuch as a reasonable defendant, like Petitioner, would have taken the strength of the State's case into account when deciding whether to plead guilty and accept the

4 years and 2 month plea agreement. *United States v. Akinsade*, 686 F.3d 248, 255 (4th Cir. 2012) (citing *Ostrander v. Green*, 46 F.3d 347, 356 (4th Cir. 1995) overruled on other grounds by *O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1995) (en banc)).

86) With the foregoing in mind, clear evidence shows Petitioner would have accepted the 4 years and 2 month plea agreement had trial counsel outlined the strengths of the State's case and Petitioner's improbable chances of acquittal.

87) The evidence and strength of the State's case was overwhelming—see trial transcripts—and Petitioner's chances of obtaining an acquittal at trial on the forty-seven count indictment was bleak. Considering the aforementioned facts, it easy to find that had trial counsel discussed and outlined the strengths of the State's case when the State offered Petitioner the 4 years and 2 month plea agreement Petitioner would not have proceeded to a jury trial and risked receiving more severe and lengthily sentence if convicted. Rather, Petitioner would have quickly accepted the plea agreement that guaranteed an earlier and definite release from prison, that is, the 4 years and 2 months prison.

88) Furthermore, trial counsel's silence on this critical matter conveyed a message to Petitioner that the State did not possess sufficient evidence to sustain a conviction and Petitioner's chances of acquittal was high. Such a conclusion was reasonable under the circumstances considering Petitioner's only goal, like any reasonable criminal defendant, was to obtain his freedom and be released

36

from state restraint. *Ostrander*, 46 F.3d 347, 356 (noting that reasonable persons seek freedom from state restraint.).

89) More importantly is, the facts surrounding Petitioner's subsequent guilty plea which constitute evidence Petitioner would have accepted the 4 years and 2 month plea agreement had counsel discussed and outlined the strengths of the State's case when the State offered Petitioner the 4 years and 2 month plea agreement.

90) After rejecting the initial plea agreement, Petitioner proceeded to trial, only to plead guilty upon learning of the strength of the State's case and of Petitioner's slim if not impossible chances of acquittal.

91) Petitioner's willingness to plead guilty to an open-ended plea agreement in the midst of jury trial and face up to 32 ½ years in prison upon learning of the strength of the State's case and the improbability of obtaining an acquittal constitutes clear evidence Petitioner would have accepted the 4 years and 2 month plea agreement had trial counsel, (1) outlined the strengths and weaknesses of the State's case, and (2) advised Petitioner of his chances of acquittal if he rejected the plea agreement and proceeded to trial.

92) It is common-knowledge amongst criminal defendants that defendant's who plead guilty receive more lenient sentences compare to defendants who proceed to trial. *See Frye*, 566 U.S. 134, 143 (citing Barkow, *Separation of Powers and Criminal Law*, 58 Stan. L. Rev. 989, 1034 (2006) ("Defendants who do take their case to trial and lose receive longer sentences… This often

37

results in individuals who accept a plea bargain receiving shorter sentences than other individuals"), therefore, any argument suggesting Petitioner would not have accepted the 4 years and 2 month plea agreement would be illogical and irrational, considering any reasonable defendant that is aware that the State possess strong evidence against him and the chances of acquittal are improbable, would jump at the first opportunity to plead guilty and accept a lenient sentence as opposed to proceeding to trial, losing and subject himself to a more harsh prison sentence.

93) Based on the foregoing argument, evidence and case law, counsel's performance prejudiced Petitioner because Petitioner would have accepted the 4 years and 2 month plea agreement, but for trial counsel's deficient performance. *Boria v. Keane*, 83 F.3d 48, 53-54 (2nd Cir. 1996) (finding, "defendant prejudiced when counsel failed to advised defendant of improbability of acquittal and benefits of accepting guilty plea which reduced sentence because defendant' trial sentence was at least twice as long as sentenced offered in plea), *aff'd on reh'g*, 90 F. 3d 36 (1996), *cert. denied*, 117 S. Ct. 2508 (1997).

### H. The Prosecution Would Not Have Withdrawn The Plea Agreement As There Were No Intervening Circumstances:

94) In *Thore v. Howe*, 466 F.3d 173, 183(1st Cir. 2006), the First Circuit noted:

> "Plea bargains benefit both the prosecution and the defense: the defendant is motivated to bargain to get lenient treatment, and the prosecution gains from

> bargains by saving resources and achieving efficient outcomes. Indeed, it may be the later civil rights plaintiff who seeks to apply judicial estoppel against the prosecution for statements agreed to in plea agreements."

95) Against this backdrop, it is highly improbable the State of Ohio would have withdrawn the 4 years and 2 month plea agreement had Petitioner accepted the agreement because withdrawing the agreement would have caused the State of Ohio to squander its precious resources and not achieve finality as opposed to saving resources and achieving finality.

96) Additionally, the State of Ohio offered Petitioner the 4 years and 2 month plea agreement on at least three different occasions indicating the State of Ohio sought finality and would not have withdrawn the agreement.

97) Finally, there were no intervening circumstances in this case that would have prompted the State of Ohio to withdraw the agreement. Petitioner was only required to plead guilty and agree to serve 4 years and 2 months in prison. Petitioner's plea agreement did not require him to assist or cooperate with any prosecution or law enforcement like his co-defendant Starisia Moore's caused for. Thus, there were not intervening circumstances and the State of Ohio would not have withdrawn the 4 years and 2 month plea agreement had Petitioner accepted it.

**I. The Trial Court Would Have Accepted The Plea Agreement:**

98) In *Lafler*, 132 S. Ct. 1376, 1381, 182 L.Ed.2d 398, Justice Kennedy noted that "criminal justice today is for the most part a system of pleas, not a system of trials. Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." *See also Frye*, 132 S.Ct. 1399, 1407.

99) Against this backdrop, the trial court would have accepted the 4 years and 2 month plea agreement had Petitioner pled guilty—as uncontroverted data demonstrate trial courts resolve criminal cases by guilty pleas, ninety-four percent of the time.

**J. The Subsequent 12 Year Sentence Was More Severe and Harsh:**

100) In *Missouri v. Frye*, 566 U.S. 134, 147, the Supreme Court held:

> To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Cf. Glover v. United States*, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

101) In this case, the disparity between the 12 year aggregate sentence imposed on Petitioner and the sentence under the actual plea offer of 4 years and 2 months is evidence Petitioner was prejudiced. *United States v. Allen*, 53 Fed. Appx. 367 (6th Cir. Dec. 26, 2002) ("Difference of 51 to 63 months with plea offer and 70 to 87 months without plea offer establishes prejudice."); *Lafler*, 132 S. Ct. at 1387 ("Prejudice can be shown if loss of the plea opportunity led

to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence."); *Magana v. Hofbauer*, 263 F.3d 542, 551-52 (6th Cir. 2001) (prejudiced demonstrated when petitioner was subjected to two consecutive 10-20 year term instead of the original plea offer of 10 years.); *Smith v. United States,* 348 F.3d 545, 552 (6th Cir. 2003) (collecting cases for the proposition that the disparity between the plea offer and the potential sentence exposure is strong evidence of a reasonable probability that a properly advised defendant would have accepted a guilty plea offer);

102) Accordingly, had Petitioner accepted the 4 yeas and 2 month plea agreement there is reasonable probability the outcome of the criminal process would have been different as Petitioner would have received a lesser prison sentence as opposed to the more severe twelve year prison sentence. Consequently, Petitioner suffered prejudiced.

### K. Appellate Counsel Was Ineffective In Violation Of The Sixth Amendment To The United States Constitution

103) The omitted claim was obvious from the record and much stronger than the claims appellate chose to pursue on Petitioner's appeal. Therefore, appellate counsel's failure to raise the claim constitute deficient performance under the first prong of *Strickland.*

104) Further, if appellate counsel would have raised the omitted ineffective assistance of trial counsel claim on direct, the state appellate court, in all probability, would have granted Petitioner relief on the claim and immediately

ordered Petitioner to be discharged from custody.[3] Therefore, there can be no doubt that appellate counsel's decision to omit the ineffective assistance of trial counsel claim from Petitioner's brief undermined confidence in the outcome of Petitioner's direct appeal which is sufficient enough to satisfy the prejudice prong of *Strickland*.

105)   In light of the foregoing, appellate counsel's failure to raise the ineffective assistance of trial counsel claim deprived Petitioner effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

**L. Appropriate Habeas Remedy:**

106)   In habeas cases involving Sixth Amendment violations, the remedy should "neutralize" the constitutional deprivation suffered by the defendant. The injury Petitioner suffered is clear; Petitioner was sentenced to 12 years in prison instead of 4 years and 2 month under the original plea agreement.

107)   The only way to effectively repair the constitutional deprivation Petitioner suffered is to restore him to the position in which he would have been had the deprivation not occurred; namely, ordering specific performance of the original plea agreement and ordering Petitioner serve a sentence of 4 years and 2 months. *See Lewandowski*, 754 F. Supp. 1142; *United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006); *United States v. Allen*, 53 F. App'x 367, 373-74 (6th Cir. 2002); *United States v. Carmichael*, 216 F.3d at 227; *United States v.*

---

[3] This remedy was the only one available because Petitioner would have completed the 4 years and 2 month prison sentence no later than August 20, 2014—2 years prior to the Fifth District Court of Appeals December 16, 2016 Opinion and Judgment Entry.

*Williams*, 372 F.3d 96, 111 (2nd Cir. 2004); and *Alvernaz v. Ratelle*, 831 F. Supp. 790, 798 (S.D. Cal. 1993).

108)   In this case, specific performance of the original 4 years and 2 month plea agreement restores Petitioner to the position he was in prior to counsel's substandard legal assistance. Therefore, Petitioner respectfully moves this Honorable District Court to grant an unconditional writ that reinstates the 4 years and 2 month plea agreement and immediately release Petitioner from the custody of Respondent—had Petitioner served the maximum number of years under the original plea agreement, Petitioner would have been released from prison no later than August 20, 2014. *Lewandowski, supra*.

## GROUND FOR RELIEF THREE

> **Petitioner Was Deprived Effective Assistance Of Appellate Counsel In Violation Of The Sixth Amendment To The United States Constitution When Appellate Counsel Failed To Raise On Petitioner's Direct Appeal: "The Trial Court Erred When It Deprived Walker Of His Right To Be Present At Sentence When The Trial Court Increased And Modified Walker's Sentence On Count 12 Outside Of Walker's Presence In The June 2, 2009 Sentencing Entry In Violation Of Ohio Crim. R. 43(A)."**

**A. Supporting Facts**

109)   In support of this Ground for Relief, the Petitioner respectfully submit he was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal:

> "The Trial Court Erred When It Deprived Walker Of
> His Right To Be Present At Sentence When The Trial
> Court Increased And Modified Walker's Sentence On
> Count 12 Outside Of Walker's Presence In The June 2,
> 2009 Sentencing Entry In Violation Of Ohio Crim. R.
> 43(A)."

110)   The June 2, 2009 Sentencing Transcripts at page 21 illustrate the trial court

imposed the following sentences:

> On the theft counts, I'm sentencing you to a year for
> the theft counts, twelve months, in other words. For
> each of the forgeries I'm sentencing you to twelve
> months in prison.
>
> *I am making Counts 1, 48, 2, 4, 6, and 8 consecutive,
> the rest are concurrent.* That means your total sentence
> is twelve years prison. That will be consecutive to your
> to other sentence.

111)   After the sentencing hearing concluded, and Petitioner was not longer

present in the courtroom, the trial court journalized the following: "If there is

more than one count, *** the sentences will be served consecutively on Counts

1, 2, 4, 6, 8 and *12* ***, concurrently on other counts." See June 2, 2009

Sentencing Entry.

112)   The state court record incontrovertibly prove the trial court increased and

modified Petitioner's concurrent twelve month sentence on Count 12 to an

consecutive sentence, in the June 2, 2009 Sentencing Entry outside of

Petitioner's presence in violation of Ohio Crim. R. 43(A) and the Due Process

Clause of the Fourteenth Amendment to the United States Constitution.

**B. Exhaustion of State Remedies**

113) Petitioner exhausted his state remedies regarding the ineffective assistance of appellate counsel claim raised herein by fairly presenting the claim to the state appellate court and Ohio Supreme Court. *See* Petitioner's *Application for Reopening* and December 15, 2017 *Memorandum in Support of Jurisdiction*.

## C. Standard of Review

114) When addressing the claim in the instant ground for relief, the state appellate court did not rule on the "performance prong," under *Strickland* therefore this District Court should review the "performance prong" de novo. *Porter v. McCollum*, 558 U.S. 30, 130 S. Ct. 447, 452, 175 L. Ed. 2d 398 (2009) (*per curiam*) (citing *Rompilla*, 545 U.S. at 390) (reviewing deficiency *de novo* when state court denied claim entirely on prejudice); *Rayner v. Mills*, 685 F.3d 631, 637 (6th Cir. 2012).

115) In contrast, the state appellate court did rule on the "prejudice prong," thus the appropriate review is under 2254(d)(1) because the ruling was contrary to, and an unreasonable application of *Strickland v. Washington*. Additionally, the state appellate court adjudication of the "prejudice prong" should be reviewed under 2254(d)(2) because the ruling was based on an unreasonable determination of the facts in light of the evidence in the state court record and does not have support in the record.

## D. Ineffective Assistance-Of-Appellate-Counsel-Claim

### i. Standard of Review under *Strickland*

116)   The standard of review for ineffective assistance of appellate counsel was outlined in Ground for Relief Two and is incorporated herein by reference.

**E. The Merit Of The Claim No Raised On Appeal:**

117)   The state trial court deprived Petitioner of his right to be present at sentencing when the court increased and modified Petitioner's concurrent twelve month sentence on Count 12, to a consecutive twelve month sentence, outside of Petitioner's presence in the June 2, 2009 Sentence Entry thereby violating Ohio Crim. R. 43(A) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As explained below, appellate counsel should have raised this claim on Petitioner's appeal because the claim had a reasonable probability of success if raised, making appellate counsel's failure to raise the claim ineffective under the Sixth Amendment to the United States Constitution.

**i.   Due Process and Ohio Crim. R. 43(A)**

118)   In Ohio, if a defendant is not present when the court imposes consecutive sentences and an additional period of actual incarceration is included in its judgment entries, the court's written modification of the sentences pronounced in open court constitutes reversible error, because a violation of Crim.R. 43(A) is a violation of the defendant's due process rights. *State v. Quinones*, 8th Dist. Cuyahoga No. 89221, 2007-Ohio-6077, ¶ 4 and cases cited therein; *State v. Haymon*, 5th Dist. 2005 CA 163, 2006-Ohio-3296, ¶ 14 (amendment or modification of a defendant's sentence outside of a defendant's presence

violates a defendant's right to notice and to due process); *State v. Williams* (May 11, 2001), Richland App. No. 00-CA-55, 00-CA-56, 2001 Ohio App. LEXIS 2245, at * 8-9 (finding that the enhancement of the sentencing order outside the presence of appellant violated his right to be present at all critical stages of his case.); *State v. Williams*, 1st Dist. Hamilton No. C-150249, 2016-Ohio-5827, ¶ 82 (same); *State v. Walker*, 2nd Dist., 2014-Ohio-526, ¶ 22 (same); *State v. Snyder*, 3rd Dist. Seneca App. No. 13-12-83, 2013-Ohio-2046, ¶ 20-21; *State v. Patrick*, 4th Dist. Lawrence App. No. 12CA16, 2013-Ohio-3821, ¶10-11; *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 79-84; *State v. Allen*, 7th Dist. 2009-Ohio-2896, ¶ 17; *State v. Mullens*, 9th Dist. Summit App. No. 23758, 2007-Ohio-5678, ¶ 8; and *State v. Occipinti*, Dist. Lake App. No. 98-L-061, 1999 Ohio App. LEXIS 2194.

119) In *State v. Hess*, 7th Dist. Jefferson No. 00-JE-40, 2001-Ohio-3463, Ohio's Seventh District Court of Appeals was confronted with a claim where the trial court specifically stated that the sentences were "going to run concurrently with each other" but issued the January 5, 1999 sentencing entry imposing consecutive sentences. The *Hess* court reversed the matter. It reasoned:

> Regardless of appellant's actual or perceived understanding of the total amount of time she would have to serve, it cannot be ignored that the court's pronouncement in open court differed from its sentencing entry. In open court the import of the court's imposition of concurrent sentences meant that appellant would have to serve only three years. In contrast, the import of the court's sentencing entry is that appellant would have to serve three years and

47

> elevens months. The court effectively modified
> appellant's sentence by eleven months and since it did
> so outside her presence, violated Crim. R. 43(A). Id. ¶
> 9.

120) Likewise, in *State v. Jordan*, 10th Dist. No. 05AP-1330, 2006-Ohio-5208,

Ohio's Tenth District Court of Appeals confronted a claim where the trial court

in its judgment entry of sentence ordered the defendant to serve his sentences

on some of the counts consecutive to his sentences for some of the other

counts. The court made no mention of this at the sentencing hearing. After

holding Crim. R. 43(A) required *Jordan* to be present during the imposition

and modification of his sentence, the *Jordan* court vacated the sentence,

reasoning:

> Here, the trial court's judgment entry pronounced
> consecutive sentences on certain counts even though
> the trial court made no such indications in appellant's
> presence during the sentencing hearing. Thus, pursuant
> to *Jones*, appellant is entitled to be present at a new
> sentencing hearing in regards to such sentencing
> matters. Id. ¶ 49.

121) The same results were reached in *State v. Wade*, 10th Dist. Franklin App.

No. 97APA10-1393, 1998 Ohio App. LEXIS 4142, at *25, where the state

appellate court ruled:

> As a final matter, we note that on April 24, 1997, the
> court imposed a sentence upon the defendant of six to
> fifteen years for robbery, and eight to twenty-five
> years for involuntary manslaughter. According to the
> court, these sentences were to be served concurrently.
> However, in its May 6, 1997 judgment entry, the court
> ordered defendant's sentences to be served

> consecutively. Although defendant was present when the court initially rendered defendant's sentence in open court, defendant was not present when the consecutive sentence was journalized on May 6, 1997.
>
> Crim.R. 43(A) guarantees a defendant the right to be present at every stage of the trial "including the impaneling of the jury, the return of the verdict, and the imposition of sentence ***." Accordingly, having overruled defendant's assignments of error, but having concluded that defendant's sentence was improperly rendered, we hereby remand this matter to the Franklin County Court of Common Pleas for resentencing consistent with the law and this opinion.

122)  Finally, in *State v. Pollard*, 8th Dist. Cuyahoga No. 66571, 1994 Ohio App. LEXIS 3899, *Pollard* asserted the trial court violated her right to be present by increasing her concurrent sentence to a consecutive sentence in the sentencing entry. The state appellate court agreed, reasoning:

> The record demonstrates that on September 21, 1993, the court intended to impose a twelve month sentence to run concurrent to Appellant's federal sentence. However, the court's November 9, 1993, order directing that she remain in state prison and "do state time first," effectively changed Appellant's concurrent sentence to a consecutive one in her absence. Such order violated Appellant's constitutional right to notice and an opportunity to be heard. See, *State v. Welch* (1978), 53 Ohio St.2d 47, 372 N.E.2d 346 and *State v. Brockman* (1989), Cuyahoga App. No. 55037, unreported.

## F.  Deficient Performance of Appellate Counsel

### i.  Performance Prong

123) In this case, its undeniable that the trial court deprived Petitioner of his right to be present at sentencing when the court increased and modified Petitioner's concurrent twelve month sentence on Count 12, to a consecutive twelve month sentence, outside of Petitioner's presence in the June 2, 2009 Sentence Entry thereby violating Ohio Crim. R. 43(A) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

124) The omitted error was not only obvious but much stronger than the issues appellate counsel presented on Petitioner's direct appeal. There was a plethora of cases supporting the omitted claim—see cases cited in paragraphs 118-122, *supra*—whereas the issues raised by appellate counsel did have much authority behind them. Additionally, the omitted issue was so obviously valid that any competent lawyer would have raised it, as the lawyers did in *State v. Quinones*, *supra.*, at ¶ 4 and cases cited therein, *State v. Haymon*, *supra.*, *State v. Williams, supra.*, *State v. Williams*, *supra.*, *State v. Walker, supra.*, *State v. Snyder, supra.*, *State v. Patrick, supra.*, *State v. Robinson, supra.*, *State v. Allen, supra.*, *State v. Mullens, supra.*, *State v. Occipinti, supra.*, *State v. Hess, supra, State v. Jordan, supra.*, *State v. Wade, supra.*, and *State v. Pollard, supra.*

125) Because the omitted issue was obviously valid and subject to reversal, no conceivable reasonable reasons can be proffered to make appellate counsel's failure to pursue the omitted claim reasonable, because the omitted claim, if raised, was guaranteed to result in a reversal.

126)   In summary, the omitted claim was obvious from the record, a dead-bang winner, and clearly stronger than the issues raised by appellate counsel. Accordingly, appellate counsel failure to raise the omitted claim resulted in his performance being objectively unreasonable and deficient under the first prong of *Strickland*.

### G. Factual Error in State Appellate Court

127)   When addressing the "prejudice prong" the state appellate court ruled, "Had appellate counsel asserted either of appellant's first two assignments of errors, the results of the proceedings would not have been different;" and "appellant has not established prejudice." State v. Walker, Richland App. No. 2009CA0088, November 20, 2017 Judgment Entry, at page 5.

    i.  <u>**The State Appellate Court Failed To Consider And Ignored Material Evidence, to wit: The Sentencing Transcript And June 2, 2009 Sentencing Entry That Demonstrated Petitioner Was Deprived His Right To Be Present At Sentencing When His Sentence Was Increased And Modified On Count 12**</u>

128)   The state appellate court's factual findings are not entitled a presumption of correctness under 2254(e) because the state appellate court failed to consider and ignored material evidence, to wit: the June 2, 2009 Sentencing Transcript and June 2, 2009 Sentencing Entry, which were apparent in the record and supported Petitioner's claim.

129)   The June 2, 2009 Sentencing Transcript clearly reveal the trial court imposed a concurrent twelve month sentence on Count 12. However, in the June 2, 2009 Sentencing Entry the trial court increased Count 12 to a

consecutive twelve month sentence. The latter imposition of sentence was done outside of Petitioner's presence.

130)   The state appellate court apparently failed to consider the material evidence material evidence or plainly ignored it. Either way, the state appellate court clearly failed to consider the omitted claim would have had a reasonable probability of success on appeal because in all probability, Petitioner's erroneous consecutive twelve month sentence on Count 12 would have been vacated and remanded to the trial court with instructions to journalize a sentence consistent with the oral pronouncement made at the sentencing hearing, which is, a concurrent twelve month sentence on Count 12. *Williams*, 2001 Ohio App. LEXIS 2245, at * 8-9 (finding that, "the enhancement of the sentencing order outside the presence of appellant violated his right to be present at all critical stages of his case. See, Crim.R. 43(A). We therefore remand this issue to the trial court for journalization of appellant's sentence consistent with the oral pronouncements made at the February 8, 2000 hearing.)

131)   Based on the foregoing argument, evidence and case law, appellate counsel's failure to raise the omitted claim prejudiced Petitioner as the state appellate court would have vacated the consecutive sentence on Count 12 and ordered the sentence to be served concurrently, which would have changed the outcome of Petitioner's appeal.

132)   More importantly, Petitioner suffered prejudice due to appellate counsel's deficient performance because had appellate counsel raised the omitted claim Petitioner's aggregate 12 year prison sentence would have been shortened by 12 month which would have resulted in Petitioner serving an 11 year aggregate sentence as opposed to a 12 year sentence. Therefore, appellate counsel's failure to raise the omitted claim resulted in Petitioner serving an additional year in prison and constitutes prejudice. *Mayle v. United States*, 2005 U.S. Dist. LEXIS 9473, * 30 (N.D. Dist. Ohio. May 16, 2005) (any increase to Petitioner's sentence that resulted from counsel failure is sufficient to demonstrate prejudice,) (citing *Glover v. United States*, 531 U.S. 198, 203).

### ii. The Cross-Appeal Rule Prohibited The State Appellate Court From *sua sponte* Increasing The Journalized Concurrent Sentence On Count 48

133)   Petitioner anticipates Respondent will argue Petitioner's aggregated 12year sentence would not have been decreased had appellate counsel raised the omitted claim, because the state appellate court could have ordered Count 48 to be served consecutively.[4]

134)   If raised as a defense in Respondent's Return of Writ, such argument is meritless because (1) the State of Ohio did not cross-appeal, therefore, (2) the state appellate court could not *sua sponte* increase the journalized concurrent

---

[4] Petitioner had no duty to object or appeal the journalized concurrent sentence on Count 48, because the journalized concurrent sentence on Count 48 benefitted Petitioner and prejudiced the State. *State v. Lacey*, 5th Dist. Richland App. No. 2005-CA-119, 2006-Ohio-4290, ¶ 33 ("A defendant has not duty to mete out greater punishment. It is the state's responsibility, and not the defendant's, to call to the court's attention errors which prejudice the state.")

sentence on Count 48 to a consecutive sentence without the State cross-appealing. *See United Sate v. Alkhabbaz*, 2010 U.S. App. LEXIS 27064, *2 (2nd Cir. 2010) (recognizing under the cross-appeal rule, "an appellate court may not alter a judgment to benefit a nonappealing party," and in a criminal case, this means that absent a Government cross-appeal, the appellate court may not increase a defendant's sentence on its own initiative,") (citing *Greenlaw v. United States*, 554 U.S. 237, 254, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008)).

### iii.  State v. Holdcroft Prevented The Correction of the Journalized Concurrent Sentence On Count 48

135)  Petitioner's aggregate 12 year sentence would have automatically been decreased to an aggregate 11 year sentence had counsel raised the omitted claim on Petitioner's appeal and the concurrent journalized twelve month sentence on Count 48 could not be increased because Petitioner completed the journalized sentence on June 2, 2010—12 months after the journalized sentence was imposed.[5] *Holfcroft*, 2013-Ohio-5014, ¶ 18 ("once a valid prison sanction has been served, ***, the court has lost jurisdiction to modify the sentence and it is irrelevant whether the defendant is still in prison for other offenses."). Per *Holfcroft*, the trial court and appellate court lost jurisdiction to increase the journalized concurrent sentence on Count 48.

---

[5] The journalized twelve month concurrent sentence on Count 48 began to be served on June 2, 2009. *State v. Halsey*, 2016-Ohio-7990, ¶ 26.

#### iv. A Nunc Pro Tunc Entry Could Not Be Used To Correct The Completed Journalized Concurrent Sentence On Count 48

136) Petitioner's aggregate 12 year sentence would have automatically been decreased to an aggregate 11 year sentence had counsel raised the omitted claim on Petitioner's appeal because the concurrent journalized twelve month sentence on Count 48 could not be increased as a result of Petitioner completing the journalized sentence on June 2, 2010—12 months after the journalized sentence was imposed. *State v. Nye*, 1996 Ohio App. LEXIS 2314 ("where a sentence is not contrary to law is imposed, upon a defendant's full and final release, the criminal rules no longer apply [Crim. R. 36] as here is no pending case and a nunc pro tunc entry is not available to correct an error); *City of Mayfield Heights v. Barry*, 2013-Ohio-3534 ("the trial court lacked jurisdiction to correct Barry's because he had completed the term before the court issued nunc pro tunc entry.)

#### v. The Double Jeopardy Clause Barred Correction Of The Completed Journalized Concurrent Sentence On Count 48

137) Petitioner's aggregate 12 year sentence would have automatically been decreased to an aggregate 11 year sentence had counsel raised the omitted claim on Petitioner's appeal because the concurrent journalized twelve month sentence on Count 48 was completed and Petitioner had a reasonable expectation of finality regarding that sentence. Therefore, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution barred correction of the journalized sentence on Count 48. *United States v. Fogel*,

829 F.2d 77, 87, 264 U.S. App. D.C. 292 (D.C.Cir.1987) ("If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause.")

**H. Petitioner is Entitled Habeas Relief under 2254(d)(1)&(2)**

138)  Based on the foregoing argument, evidence and case law, Petitioner is entitled to habeas relief under 2254(d)(1) because the state appellate court ruling that appellate counsel was not ineffective was contrary to, and an unreasonable application of *Strickland v. Washington* because the state court record show there was a reasonable probability the results of the appeal would have been different if but for counsel's deficient performance.

139)  In addition, based on the foregoing argument, evidence and case law, Petitioner is entitled to habeas relief under 2254(d)(1) because the state appellate court ruling that appellate counsel was not ineffective is based on an unreasonable determination of the facts in in light of the evidence presented to the state appellate court.

**A. Appropriate Habeas Remedy**

140)  As explained in the former ground for relief, habeas cases involving Sixth Amendment violations requires this District Court to grant a remedy that "neutralizes" the constitutional deprivation suffered by the defendant.

141)  Application of this principle requires this District Court to issue a conditional writ ordering the state trial court to correct the record by journalizing a concurrent twelve month prison sentence on Count 12. *Williams,*

2001 Ohio App. LEXIS 2245, at * 8-9 (vacating and remanding the sentence to the trial court for journalization of appellant's sentence consistent with the oral pronouncements made at the February 8, 2000 hearing.)

142)   Furthermore, Count 12 as journalize in the June 2, 2009 Sentencing Entry did not state the order in which the consecutive sentences on Counts 1, 2, 4, 6, 8 and 12 were to be served, resulting in an ambiguous consecutive sentence. *State v. Cvijetinovic*, 2013-Ohio-5121, ¶ 24-25 and cases cited therein. Because the consecutive sentences are ambiguous he began serving the twelve month sentence on Count 12 on June 2, 2009 and completed Count 12 on June 2, 2010.

143)   In light of the foregoing, upon granting a conditional writ the Petitioner further moves this District Court to issue specific instruction to the trial court to credit Petitioner twelve months against Count 12 when ordering the sentence to be served concurrently.

## GROUND FOR RELIEF FOUR

**Petitioner Was Deprived Effective Assistance Of Appellate Counsel In Violation Of The Sixth Amendment To The United States Constitution When Appellate Counsel Failed To Raise On Petitioner's Direct Appeal: "The Trial Court Erred When It Completely Deprived Walker Of His Right To Counsel At A Critical Stage Of The Proceedings (Sentencing) By Increasing And Modifying Petitioner's Sentence On Count 12 In The June 2, 2009 Sentence Entry Without Counsel Being Present Thereby Violating The Sixth Amendment To The United States Constitution."**

## A. Supporting Facts

144)   In support of this Ground for Relief, the Petitioner respectfully submit he was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal:

> "The Trial Court Erred When It Completely Deprived Walker Of His Right To Counsel At A Critical Stage Of The Proceedings (Sentencing) By Increasing And Modifying Petitioner's Sentence On Count 12 In The June 2, 2009 Sentence Entry Without Counsel Being Present Thereby Violating The Sixth Amendment To The United States Constitution."

145)   The June 2, 2009 Sentencing Transcripts at page 21, illustrate the trial court imposed the following sentences:

> On the theft counts, I'm sentencing you to a year for the theft counts, twelve months, in other words. For each of the forgeries I'm sentencing you to twelve months in prison.

> *I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent.* That means your total sentence is twelve years prison. That will be consecutive to your to other sentence.

146)   After the sentencing hearing concluded, and Petitioner was not longer present in the courtroom, the trial court journalized the following: "If there is more than one count, *** the sentences will be served consecutively on Counts 1, 2, 4, 6, 8 and *12* ***, concurrently on other counts." See June 2, 2009 Sentencing Entry.

147) The state court record demonstrate the trial court completely deprived Petitioner trial counsel by increasing and modifying Petitioner's concurrent twelve month sentence on Count 12, to an consecutive sentence in the June 2, 2009 Sentencing Entry, without counsel being present.

## B. Exhaustion of State Remedies

148) Petitioner exhausted his state remedies regarding the ineffective assistance of appellate counsel claim raised herein by fairly presenting the claim to the state appellate court and Ohio Supreme Court. *See* Petitioner's *Application for Reopening* and December 15, 2017 *Memorandum in Support of Jurisdiction*.

## C. Standard of Review

149) When addressing the claim in the instant ground for relief, the state appellate court did not rule on the "performance prong," under *Strickland* therefore this District Court should review the "performance prong" de novo. *Porter v. McCollum*, 558 U.S. 30, 130 S. Ct. 447, 452, 175 L. Ed. 2d 398 (2009) (*per curiam*) (citing *Rompilla*, 545 U.S. at 390) (reviewing deficiency *de novo* when state court denied claim entirely on prejudice); *Rayner v. Mills*, 685 F.3d 631, 637 (6th Cir. 2012).

150) In contrast, the state appellate court did rule on the "prejudice prong," thus the appropriate review is under 2254(d)(1) because the ruling was contrary to, and an unreasonable application of *Strickland v. Washington*. Additionally, the state appellate court adjudication of the "prejudice prong" should be reviewed under 2254(d)(2) because the ruling was based on an unreasonable

determination of the facts in light of the evidence in the state court record and does not have support in the record.

## D. Ineffective Assistance-Of-Appellate-Counsel-Claim

### i. Standard of Review under *Strickland*

151) The standard of review for ineffective assistance of appellate counsel was outlined in Ground for Relief Two and is incorporated herein by reference.

## E. The Merit Of The Claim No Raised On Appeal:

152) The state trial court completely deprived Petitioner of his right to counsel by increasing and modifying Petitioner's concurrent twelve month sentence on Count 12, to a consecutive twelve month sentence, without counsel being present in the June 2, 2009 Sentence Entry thereby violating the Sixth Amendment to the United States Constitution. As explained in detail below, appellate counsel should have raised this issue on Petitioner's appeal because the claim had a reasonable probability of success if raised, making appellate counsel's failure to raise the claim ineffective under the Sixth Amendment to the United States Constitution.

### i. Federal Constitutional Error

153) The Sixth Amendment to the United States Constitution guarantees the right to counsel at all critical stages of the criminal proceedings, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967); *Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d

393 (1977); *King v. Bobby*, 433 F.3d 483 (6th Cir. 2006) (reiterating that \*\*\* sentencing hearings is a 'critical stage' at which the right to counsel attaches).

154) In this case, its irrefutable the trial court completely deprived Petitioner counsel in violation of the Sixth Amendment to the United States Constitution by increasing and modifying Petitioner's twelve month concurrent sentence on Count 12 to a twelve month consecutive sentence in the June 2, 2009 Sentencing Entry without counsel being present.

### ii. Prejudice is Presumed

155) Prejudice need not be shown when a defendant is completely deprived counsel. *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 2047, fn. 25; *Van v. Jones*, 475 F.3d 292, 311-12. Per *Cronic* and its progeny, prejudice is presumed in this case because the trial court completely deprived Petitioner counsel, at a critical stage of the proceedings, when it increased and modified Petitioner's twelve month concurrent sentence on Count 12 to a twelve month consecutive sentence, in the June 2, 2009 Sentencing Entry, without counsel being present.

### F. Deficient Performance of Appellate Counsel

### i. Performance Prong

156) There can be little double that the omitted issue was much stronger than the issues appellate counsel presented on Petitioner's direct appeal. The omitted issue was subject to automatic reversal under *Cronic* whereas the issues raised

on appeal were not. Additionally, the omitted issue was so obviously valid that any competent lawyer would have raised it.

157)   Because the omitted issue was obviously valid and subject to automatic reversal, no conceivable reasonable reasons can be proffered to make appellate counsel's failure to pursue the omitted claim reasonable, because the omitted claim, if raised, was guaranteed to result in a reversal.

158)   In summary, the omitted claim was obvious from the record, a dead-bang winner, and clearly stronger than the issues raised by appellate counsel. Appellate counsel's performance was objectively unreasonable and deficient under the first prong of *Strickland* by failing to raise the omitted claim.

### G. Factual Error In State Appellate Court

159)   When addressing the "prejudice prong" under *Strickland* the state appellate court ruled, "Had appellate counsel asserted either of appellant's first two assignments of errors, the results of the proceedings would not have been different," and "appellant has not established prejudice." See State v. Walker, Richland App. No. 2009CA0088, November 20, 2017 Judgment Entry at P. 5. The aforementioned ruling is not entitled a presumption of correctness under 2254(e) because:

> i.   **The State Appellate Court Failed To Consider And Ignored Material Evidence, to wit: The Sentencing Transcript And the June 2, 2009 Sentencing Entry demonstrated Petitioner was completely deprived counsel**

160)   The state appellate court's factual findings are not entitled a presumption of correctness under 2254(e) because the state appellate court failed to consider and ignored material evidence, to wit: the June 2, 2009 Sentencing Transcript and June 2, 2009 Sentencing Entry, which were apparent in the record and supported Petitioner's claim.

161)   The June 2, 2009 Sentencing Transcript clearly reveal the trial court imposed a concurrent twelve month sentence on Count 12. However, in the June 2, 2009 Sentencing Entry the trial court increased Count 12 to a consecutive twelve month sentence. The latter imposition of sentence was done outside of Petitioner's presence and without counsel being present.

162)   The state appellate court apparently failed to consider the material evidence material evidence or plainly ignored it. Either way, the state appellate court clearly failed to consider the omitted claim would have had a reasonable probability of success on appeal because in all probability, Petitioner's erroneous consecutive twelve month sentence on Count 12 would have been vacated and remanded to the trial court with instructions to journalize a sentence consistent with the oral pronouncement made at the sentencing hearing, which is, a concurrent twelve month sentence on Count 12. *See Cronic, supra.* and *Williams, supra.,* at * 8-9

163)   Based on the foregoing argument, evidence and case law, appellate counsel's failure to raise the omitted claim prejudiced Petitioner as the state appellate court would have vacated the consecutive sentence on Count 12 and

ordered the sentence to be served concurrently, and that would have certainly changed the outcome of Petitioner's appeal.

164) Also significant is the fact, Petitioner suffered prejudice as a result of appellate counsel's deficient performance because had appellate counsel raised the omitted claim Petitioner would have benefitted by having his aggregate 12 year prison sentence decreased by 12 month resulting in Petitioner only serving an 11 year aggregated sentence. Hence, appellate counsel's failure to raise the omitted claim resulted in Petitioner serving an additional year in prison and constitutes prejudice. *Mayle v. United States*, 2005 U.S. Dist. LEXIS 9473, * 30 (N.D. Dist. Ohio. May 16, 2005) (any increase to Petitioner's sentence that resulted from counsel failure is sufficient to demonstrate prejudice.) (citing *Glover v. United States*, 531 U.S. 198, 203).

### ii. The state appellate court ruling was unreasonable under *Cronic*

165) Additionally, the state appellate court ruling is not entitled a presumption of correctness because the appellate court failed to consider and/or apply *United States v. Cronic* which requires prejudice to be presumed in the circumstances of Petitioner's case.

### H. Petitioner is Entitled Habeas Relief under 2254(d)(1)&(2)

166) Petitioner is entitled to habeas relief under 2254(d)(1) because the state appellate court ruling that appellate counsel was not ineffective was contrary to, and an unreasonable application of *Strickland v. Washington* because the

state court record demonstrates there was a reasonable probability the results of the appeal would have been different if but for counsel's deficient performance.

167)  Petitioner is also entitled to habeas relief under 2254(d)(2) because the state appellate court ruling that appellate counsel was not ineffective is based on an unreasonable determination of the facts in in light of the evidence presented to the state appellate court.

## B. Appropriate Habeas Remedy

168)  As explained in the former ground for relief, habeas cases involving Sixth Amendment violations requires this District Court to grant a remedy that "neutralizes" the constitutional deprivation suffered by the defendant.

169)  Application of this principle requires this District Court to issue a conditional writ ordering the state trial court to correct the record by journalizing a concurrent twelve month prison sentence on Count 12. *Williams*, 2001 Ohio App. LEXIS 2245, at * 8-9 (vacating and remanding the sentence to the trial court for journalization of appellant's sentence consistent with the oral pronouncements made at the February 8, 2000 hearing.)

170)  Furthermore, Count 12 as journalize in the June 2, 2009 Sentencing Entry did not state the order in which the consecutive sentences on Counts 1, 2, 4, 6, 8 and 12 were to be served, resulting in an ambiguous consecutive sentence. *State v. Cvijetinovic*, 2013-Ohio-5121, ¶ 24-25 and cases cited therein. Because the consecutive sentences are ambiguous he began serving the twelve month

sentence on Count 12 on June 2, 2009 and completed Count 12 on June 2, 2010.

171)   In light of the foregoing, upon granting a conditional writ the Petitioner further moves this District Court to issue specific instruction to the trial court to credit Petitioner twelve months against Count 12 when ordering the sentence to be served concurrently.

## GROUND FOR RELIEF FIVE

**The State Trial Court Violated The Due Process Clause Of The Fourteenth Amendment To The United States Constitution By Increasing Petitioner's Single Consecutive Sentence Outside Of Petitioner Presence In The June 2, 2009 Sentencing Entry.**

### A. Supporting Facts:

172)   During the imposition of sentence the trial court specified:

> I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. *That will be consecutive to your to other sentence.* Tr. P. 21:10-21

173)   The oral pronouncement of sentence incontrovertibly establishes the trial court merely ordered Counts 1, 48, 2, 4, 6, and 8 to be consecutive to Petitioner's other *sentence*, that is, another *single sentence*.

174)   When journalizing the sentence in the June 2, 2009 Sentencing Entry, the court increased Petitioner's sentence by ordering:

> "If there is more than one count, or if there are other cases, the sentences will be served consecutively on Counts 1, 2, 4, 6, and 12 and on *sentences from other*

*courts*; concurrently on other counts. The total sentence in this case is 12 years prison."

175)   Although the sentencing transcript illustrate the trial court ordered Counts 1, 48, 2, 4, 6, and 8 to be consecutive to another *single sentence*, the trial court subsequently increased Petitioner's sentence outside of his presence in the June 2, 2009 Sentencing Entry by imposing a more severe consecutive sentence when it ordered Counts 1, 48, 2, 4, 6, and 8 to be consecutive to Petitioner's *other sentences from other courts*.

176)   Based on the foregoing argument and evidence, the Petitioner respectfully submit the trial court violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by imposing a more severe consecutive sentence outside of Petitioner's presence in the June 2, 2009 Sentencing Entry.

**B. Exhaustion of State Remedies:**

i.   **Petitioner cited the Due Process Clause of the Fourteenth Amendment to the United States Constitution**

177)   With respect to the federal claim raised herein, Petitioner exhausted his state remedies by citing the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in the caption of Petitioner's Merit Brief and in Petitioner's January 24, 2017 Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. *Newton v. Million, supra., Dye v. Hofbauer, supra., Davis v. Strack, supra.*

67

### ii. Petitioner cited Ohio Crim. R. 43(A) which codifies and embodies the Due Process Clause of the Fourteenth Amendment to the United States Constitution

178)   Petitioner also exhausted his state remedies regarding the federal claim raised in this Ground for Relief by citing Ohio Crim. R. 43(A), in the caption of Petitioner's Merit Brief and in Petitioner's January 24, 2017 Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. *Newton v. Million*, *supra.*, *Dye v. Hofbauer*, *supra.*, *Davis v. Strack*, *supra.*

179)   Ohio Crim. R. 43(A) codifies the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Dixon*, Franklin App. No. 15AP-1037, 2016-Ohio-955, ¶ 13; *State v. Sinclair*, Cuyahoga App. No. 85235, 2005-Ohio-6011, ¶ 12. With the foregoing in mind, raising a claim citing Ohio Crim. R. 43(A) is also a Due Process claim under the Fourteenth Amendment to the United States Constitution and falls with the third possible action for asserting a federal claim under the Sixth Circuit's test in *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir.2005).

180)   Accordingly, Petitioner's use of the phrase "Crim. R. 43(A)," was sufficiently particular to allege a denial of a specific constitutional right. Id.

### C. De Novo Standard of Review

181)   When addressing the federal claim raised in this Ground for Relief, the state appellate court ruled:

> "We find the sentence in the instant case to be unambiguous: appellant is to serve 12 years, consecutive to any sentences from any other courts.

The entries from Ashland and Cuyahoga counties are similarly comprehensible. As appellee points out, appellant's argument overlooks his own Exhibit B, the pertinent Ashland County sentencing entry, imposed October 6, 2008, and Exhibit C, the pertinent Cuyahoga County sentencing entry, filed December 12, 2008. The latter entry states the sentence imposed is " * * * consecutive to [another Cuyahoga County case] and any other cases the defendant may presently be serving. * * * *." The Cuyahoga term was thus consecutive to the Ashland term. In the instant case, whether the trial court references "sentence" or "sentences," we find it is clear and consistent the Richland term is consecutive with the other cases.

As provided in Ohio Adm. Code 5120-2-03.1(F), in determining the length of stated prison terms when multiple terms or sentences are imposed, "[w]hen consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed." Appellant's argument that the trial court's references to sentence/sentences somehow results in concurrent terms upon cases in three jurisdictions is thus unavailing."

*State v. Walker*, 2016-Ohio-8615, ¶ 35-36

182) Because the state appellate court did not adjudicate whether, "trial court violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by imposing a more severe consecutive sentence outside of Petitioner's presence in the June 2, 2009 Sentencing Entry, to wit: ordering Counts 1, 48, 2, 4, 6, and 8 to be consecutively to Petitioner's other sentences from other courts," the standard of review is de novo.

**D. Federal Constitutional Right To Be Present At Sentencing**

183)  A criminal defendant's right to be present at all critical stages of his criminal trial is rooted in both the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. *U.S. v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985). Where a defendant is not actually confronting witnesses or evidence against him, as in the instant case, the right is protected by the Due Process Clause, which requires a defendant to be present "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Mass.,* 291 U.S. 97, 105-106, 54 S. Ct. 330, 78 L. Ed. 674 (1934) (overruled on other grounds by *Malloy v. Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)).

184)  The Tenth Circuit explained the importance of the defendant's right to be present at sentencing: "The imposition of punishment in a criminal case affects the most fundamental human rights: life and liberty. Sentencing should be conducted with the judge and defendant facing one another and not in secret..." *United States v. Villano*, 816 F.2d 1448, 1452-53 (10th Cir. 1987) (en banc). A sentence imposed in absentia requires reversal since the defendant's right to be present at the imposition of sentence is central to the rights enumerated under the Fourteenth Amendment and is thus "fundamental to the entire law of criminal procedure." Id.

E.  **The Trial Court Increased Petitioner's Sentence In Violation Of The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution**

185) During the imposition of sentence the trial court specified:

> "I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. *That will be consecutive to your to other sentence.*" Tr. P. 21:10-21

186) When journalizing the sentence in the June 2, 2009 Sentencing Entry, the court increased Petitioner's sentence by ordering:

> "If there is more than one count, or if there are other cases, the sentences will be served consecutively on Counts 1, 2, 4, 6, and 12 and on *sentences from other courts*; concurrently on other counts. The total sentence in this case is 12 years prison."

187) When Petitioner was sentenced in Richland County he was serving sentences from State v. Walker, Ashland County C.P. Case No. 2008-CRI-108 (22 months); State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655 (12 months); State v. Walker, Cuyahoga County C.P. Case No. CR-08-507670 (12 months); and State v. Walker, Cuyahoga County C.P. Case No. CR-07-504594 (12 months),[6] however, at the sentencing hearing the trial court did not specify which single sentence from the aforementioned cases the Richland County sentences would be served consecutively to.

188) The sentencing transcript unambiguously illustrate the trial court ordered the Richland County sentences to be consecutive to another *single sentence*, and subsequently increased Petitioner's sentence outside of his presence via the

---

[6] There was no pre-sentence investigation conducted prior to sentencing, therefore, it is unclear whether the trial court was aware Petitioner was serving multiple sentences from multiple Ohio courts when stating, "That means your total sentence is twelve years prison. That will be consecutive to your to other sentence." Tr. P. 21:10-21.

June 2, 2009 Sentencing Entry by imposing a more severe consecutive sentence, to wit: ordering Counts 1, 48, 2, 4, 6, and 8 to be served consecutively to Petitioner's *other sentences from other courts*.

189) Based on the foregoing argument and evidence, the trial court deprived Petitioner his right to be present at sentence in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### i. The Cuyahoga County court did not order Petitioner's 12 month sentence to be served consecutively to the Richland County sentence as alleged by the state appellate court

190) In December 2008, Petitioner was sentenced in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655, and the judge in that case ordered Petitioner's 12 months sentence to be served consecutively to another Cuyahoga County case and "any other cases the defendant may *presently* be serving."

191) The trial judge in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655 certainly did not intend for Petitioner to serve the 12 month sentence consecutively to Petitioner's Richland County sentence because Petitioner was not indicted, convicted or sentenced in Richland County when the Cuyahoga County court sentenced Petitioner in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655.

192) Based on the foregoing, Petitioner was not *presently* serving the Richland County sentence when the judge in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655 issued its sentencing journal entry, and therefore the

Cuyahoga County sentence could not legally be ordered consecutively to a sentence not yet imposed. *State v. White*, 18 Ohio St.3d 340, 342-43 (1985) ("A trial court has no authority to order a sentence to be served consecutive to a future sentence not yet imposed."); *State v. Marshall*, 5th Dist. Richland App. No. 14CA37, 2015-Ohio-1986, ¶ 24-25 (same); *State v. Feller*, 2012-Ohio-6016, ¶ 40-41(same).

193)   For the reasons described in detail above, the Petitioner respectfully submit the trial court violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by imposing a more severe consecutive sentence outside of Petitioner's presence in the June 2, 2009 Sentencing Entry.

**F. Appropriate Habeas Relief:**

194)   The Petitioner respectfully moves this District Court to grant a conditional writ ordering the state trial court to journalize a sentence that orders the Richland County sentence be served consecutively only with the 12 month sentence imposed in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655. This remedy is appropriate because the trial court did not specify which sentence the Richland County sentence would be served consecutively to, therefore, the Richland County consecutive sentence is ambiguous.

195)   As the Sixth Circuit explained in *Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1963), where there is any ambiguity, the prisoner is entitled to have the language in the sentencing pronouncement construed most favorable to him. See also, *State v. Quinones*, 2004-Ohio-4458, ¶ 26 ("sentencing

ambiguities are to be resolved in defendant's favor."); *State v. Fields*, 5th Dist. Muskingum App. No. CR2015-0031, 2016-Ohio-1217, ¶ 15 (same).

196) Applying the teachings of *Gaddis* and it progeny, *Quinones* and *Fields* requires this Honorable District Court to issue a writ ordering the Richland County trial court to journalize a sentence that orders the Richland County sentence be served consecutively only with the 12 month sentence imposed in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655, as this would be most favorable to Petitioner.

## GROUND FOR RELIEF SIX

**The State Trial Court Violated The Due Process Clause Of The Fourteenth Amendment To The United States Constitution By Imposing An Ambiguous Consecutive Sentence At The Oral Sentencing Hearing.**

### A. Supporting Facts:

197) During the imposition of sentence the trial court specified:

> I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. *That will be consecutive to your to other sentence.* Tr. P. 21:10-21

198) The oral pronouncement of sentence the trial court merely ordered Counts 1, 48, 2, 4, 6, and 8 to be consecutive to Petitioner's other *sentence*, that is, another *single sentence*.

199) The trial court did not specify which sentence the Richland County sentence would be served consecutively to, that is, whether the Richland

County sentence would be served consecutively to the sentence in State v. Walker, Ashland County C.P. Case No. 2008-CRI-108 (22 months); State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655 (12 months); State v. Walker, Cuyahoga County C.P. Case No. CR-08-507670 (12 months); or State v. Walker, Cuyahoga County C.P. Case No. CR-07-504594 (12 months). Consequently, the consecutive sentence is ambiguous and violated Petitioner's rights to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**B. Exhaustion of State Remedies:**

200)  With respect to the claim raised herein, Petitioner exhausted his state remedies by citing the Due Process Clause of the Fourteenth Amendment to the United States Constitution in the caption of Petitioner's Merit Brief at Assignment of Error Two and the January 24, 2017 Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. *Newton v. Million, supra.*, *Dye v. Hofbauer, supra.*, *Davis v. Strack, supra.*

**C. Standard of Review under 28 U.S.C. § 2254(d)(2)**

201)  The appropriate standard of review is under 2254(d)(2) because the state appellate court's ruling resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**D. Federal Constitutional Right To Know Sentence**

202) A defendant is entitled to know his sentence at the sentencing hearing. *State v. Santiago*, 8th Dist. Cuyahoga App. No. 101640, 2015-Ohio-1824, ¶ 19. The Tenth Circuit explained the importance of the defendant's right to be know sentencing at the sentencing hearing: "Sentencing should be conducted with the judge and defendant facing one another and not in secret. It is incumbent upon a sentencing judge to choose his words carefully so that the defendant is aware of his sentence when he leaves the courtroom." *Villano*, 816 F.2d 1448, 1452-53.

### E. The Trial Court Violated Petitioner's Right To Know His Sentence— By Imposing An Ambiguous Consecutive Sentence

203) During the imposition of sentence the trial court stated:

> "I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. *That will be consecutive to your to other sentence.*" Tr. P. 21:10-21

204) The sentencing transcript confirms trial court did not specify which sentence the Richland County sentence would be served consecutively to, that is, whether the Richland County sentence would be served consecutively to the sentence in from State v. Walker, Ashland County C.P. Case No. 2008-CRI-108 (22 months); State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655 (12 months); State v. Walker, Cuyahoga County C.P. Case No. CR-08-507670 (12 months); or State v. Walker, Cuyahoga County C.P. Case No. CR-07-504594 (12 months).

205)   Because the trial court did not specify which sentence the Richland County sentence would be served consecutively, Petitioner did not know whether the Richland County sentence would be served consecutively to State v. Walker, Ashland County C.P. Case No. 2008-CRI-108; State v. Walker, Cuyahoga County C.P. Case No. CR-08-51265; State v. Walker, Cuyahoga County C.P. Case No. CR-08-507670; or State v. Walker, Cuyahoga County C.P. Case No. CR-07-504594, thereby resulting in an ambiguous sentence.

### F. Factual Error In State Appellate Court's Ruling

206)   When addressing Petitioner claim the state appellate court ruled:

> "In addition to the Richland County sentence, appellant faced imposed prison terms from Ashland and Cuyahoga counties as well. Appellant argues the sentence of the trial court here does not state whether the Richland County sentence is to be served consecutively to the Ashland County sentence or to the Cuyahoga County sentences. Again, we fail to perceive the alleged ambiguity appellant relies upon in making his argument. In the instant case, on the record at the sentencing hearing, appellant points to the following statement by the trial court: [after sentencing appellant to one year for the grand theft and seven years for the engaging in a pattern of corrupt activity] "For each of the forgeries I'm sentencing you to twelve months in prison. I am making Counts I, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. That will be consecutive to your other sentence." (emphasis added). The sentencing entry states: "If there is more than one count, or if there are other cases, the sentences will be served consecutively on counts 1, 2, 4, 6, 8, and 12 and on sentences from other courts; concurrently on other counts. The total sentence in this case is 12 years prison." (emphasis added). Appellant perceives a conflict between "sentence" on the record and

"sentences" in the entry, concluding the trial court did not indicate which sentence(s) it referred to and thus all of the sentences are concurrent.

"We find the sentence in the instant case to be unambiguous: appellant is to serve 12 years, consecutive to any sentences from any other courts. The entries from Ashland and Cuyahoga counties are similarly comprehensible. As appellee points out, appellant's argument overlooks his own Exhibit B, the pertinent Ashland County sentencing entry, imposed October 6, 2008, and Exhibit C, the pertinent Cuyahoga County sentencing entry, filed December 12, 2008. The latter entry states the sentence imposed is " * * * consecutive to [another Cuyahoga County case] and any other cases the defendant may presently be serving. * * * *." The Cuyahoga term was thus consecutive to the Ashland term. In the instant case, whether the trial court references "sentence" or "sentences," we find it is clear and consistent the Richland term is consecutive with the other cases."

*State v. Walker*, 2016-Ohio-8615, ¶ 34-35.

### i. The state appellate court's ruling is not entitled a presumption of correctness

207) The state appellate court's ruling in *State v. Walker*, 2016-Ohio-8615, ¶ 34-35 is not entitled a presumption of correctness because the state appellate court ignored the Sentencing Transcript at page 21 that clearly and convincingly demonstrates the trial court imposed an ambiguous consecutive sentence. See Tr. P. 21:10-21, where the trial court stated:

"I am making Counts 1, 48, 2, 4, 6, and 8 consecutive, the rest are concurrent. That means your total sentence is twelve years prison. *That will be consecutive to your to other sentence*."

208) At the sentencing hearing the trial court clearly did not say "consecutive to your other *sentences*" as such language would have at a minimum alerted Petitioner the trial court intended for the Richland County sentence to be served consecutively to all of the sentences Petitioner was serving from other courts.

209) Based on the language used by the trial court, that is, stating "sentence" in the singular, Petitioner did not know whether the Richland County sentence would be served consecutively to the sentence in State v. Walker, Ashland County C.P. Case No. 2008-CRI-108; State v. Walker, Cuyahoga County C.P. Case No. CR-08-51265; State v. Walker, Cuyahoga County C.P. Case No. CR-08-507670; or State v. Walker, Cuyahoga County C.P. Case No. CR-07-504594. Moreover, the language was ambiguous.

210) In light of the foregoing argument and evidence, the state appellate court's ruling in *State v. Walker*, 2016-Ohio-8615, ¶ 34-35 is not entitled a presumption of correctness because the state appellate court totally ignored the Sentencing Transcript at page 21 that clearly and convincingly demonstrates the trial court imposed an ambiguous consecutive sentence.

**G. Petitioner is entitled habeas relief pursuant to 2254(d)(2)**

211) The Petitioner respectfully submit he is entitled habeas relief under 2254(d)(2) because the state appellate court's ruling in *State v. Walker*, 2016-Ohio-8615, ¶ 34-35 is based on an unreasonable determination of the facts in light of the evidence presented to the state appellate court.

## H. Appropriate Habeas Relief:

212) The Petitioner respectfully moves this District Court to grant a conditional writ ordering the state trial court to journalize a sentence that orders the Richland County sentence be served consecutively only with the 12 month sentence imposed in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655. This remedy is appropriate because the trial court did not specify which sentence the Richland County sentence would be served consecutively to, therefore, the Richland County consecutive sentence is ambiguous.

213) As the Sixth Circuit explained in *Gaddis v. United States*, 280 F.2d 334, 336 (6th Cir. 1963), where there is any ambiguity, the prisoner is entitled to have the language in the sentencing pronouncement construed most favorable to him. See also, *State v. Quinones*, 2004-Ohio-4458, ¶ 26 ("sentencing ambiguities are to be resolved in defendant's favor."); *State v. Fields*, 5th Dist. Muskingum App. No. CR2015-0031, 2016-Ohio-1217, ¶ 15 (same).

214) Applying the teachings of *Gaddis* and it progeny, *Quinones* and *Fields* requires this Honorable District Court to issue a writ ordering the Richland County trial court to journalize a sentence that orders the Richland County sentence be served consecutively only with the 12 month sentence imposed in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655, as this would be most favorable to Petitioner.

## GROUND FOR RELIEF SEVEN

**Petitioner Was Deprived Effective Assistance Of Appellate Counsel In Violation Of The Sixth Amendment To The United States Constitution When Appellate Counsel Failed To Raise On Petitioner's Direct Appeal: "Walker Was Deprived Effective Assistance Of Trial Counsel In Violation Of The Sixth Amendment To The United States Constitution During Plea Negotiations When Counsel Advised Walker To Plead Guilty To Counts 2-46, As Opposed To Advising Walker Count 2-46 Should Be Dismissed Pursuant To R.C. 2901.12(H) And The Double Jeopardy Clause Of The Fifth Amendment To The United States Constitution."**

**A. Supporting Facts:**

215)  In support of this Ground for Relief, the Petitioner respectfully submit he was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal:

> "Walker Was Deprived Effective Assistance Of Trial Counsel In Violation Of The Sixth Amendment To The United States Constitution During Plea Negotiations When Counsel Advised Walker To Plead Guilty To Counts 2-46, As Opposed To Advising Walker Count 2-46 Should Be Dismissed Pursuant To R.C. 2901.12(H) And The Double Jeopardy Clause Of The Fifth Amendment To The United States Constitution."

216)  Petitioner was convicted and sentenced on three count of Complicity to Commit Forgery in State v. Walker, Ashland County C.P. Case No. 2008-CRI-108, which was part of the same criminal course of conduct as the Forgeries

81

charged in Counts 2-46 in State v. Walker, Richland County C.P. Case No. 2009-CR-0052. See Count 1 of the Indictment in State v. Walker, Richland County C.P. Case No. 2009-CR-0052, that reads verbatim:

> ***Gary D. Walker on or about a period from June 12, 2008, through November 30, 2008, in a continuing course of conduct in Richland, Ashland,*** Summit, Stark, Cuyahoga, Holmes, Tuscarawas, and Wayne Counties, Gary D. Walker did, while employed by or associated with an enterprise, to wit: Gary D. Walker and/or Starisia Moore, and/or other identified and unidentified individuals did conduct or participate in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity. Gary D. Walker engaged in, conspired to engage in, attempted to engage in or coerced another to engage in violations of the law including but not limited to forgery and theft as set out in the subsequent counts and incorporated as if fully restated herein. This enterprise functioned to create forged Federal Government stimulus checks using an account number assigned to actual stimulus checks. Individuals with identification and the ability to cash the checks were recruited, made payees of the forged checks, and driven to Wal-Mart stores in the aforementioned counties in order to cash the forged checks. Payees were compensated with a small portion of the proceeds of the check upon cashing it, with the remainder of the proceeds going to Gary D. Walker and/or Starisia Moore. The aggregate value of these thefts is $32,538. **As a result of the actions of the enterprise, Gary D. Walker was convicted of three counts of Complicity to Commit Forgery, in Ashland County, Ohio Common Pleas case number 08-CRI-108 on October 6, 2008.**

217) Because Petitioner was convicted in State v. Walker, Ashland County C.P. Case No. 2008-CRI-108, for offenses that were part of the same criminal course of conduct as the Forgeries charged in Counts 2-46 in State v. Walker,

Richland County C.P. Case No. 2009-CR-0052, the latter Forgeries in Counts 2-46 in State v. Walker, Richland County C.P. Case No. 2009-CR-0052 was barred pursuant to Ohio Revised Code § 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and should have been dismissed on those basis.

218) In light of the foregoing, trial counsel rendered ineffective assistance of counsel by advising Petitioner to plead guilty to Counts 2-46 and appellate counsel likewise rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution by failing to raise the ineffective-trial-counsel claim on Petitioner's appeal.

**B. Exhaustion of State Remedies:**

219) Petitioner exhausted his state remedies regarding the ineffective assistance of appellate counsel claim raised herein by fairly presenting the claim to the state appellate court and Ohio Supreme Court. *See Application for Reopening* and the December 15, 2017 *Memorandum in Support of Jurisdiction*.

**C. Standard of Review:**

220) The appropriate standard of review for this Ground for Relief is under 2254(d)(1) because the state appellate court's ruling was contrary to, and an unreasonable application of *Strickland v. Washington*.

221) Additionally, this District Court should review the state appellate court's ruling under 2254(d)(2) because the ruling was based on an unreasonable

determination of the facts in light of the evidence in the state court record and does not have support in the record.

### D. Ineffective Assistance-Of-Appellate-Counsel-Claim

#### i.    Standard of Review under *Strickland*

222)  The standard of review for ineffective assistance of appellate counsel was outlined in Ground for Relief Two and is incorporated herein by reference.

### E. The Merit Of The Claim No Raised On Appeal:

223)  Petitioner was convicted in State v. Walker, Ashland County C.P. Case No. 2008-CRI-108, for offenses that were part of the same criminal course of conduct as the Forgeries charged in Counts 2-46 in State v. Walker, Richland County C.P. Case No. 2009-CR-0052, therefore, the latter Forgeries in Counts 2-46 in State v. Walker, Richland County C.P. Case No. 2009-CR-0052 was barred pursuant to Ohio Revised Code § 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

224)  Trial counsel failed to advise Petitioner Counts 2-46 should have been dismissed pursuant to Ohio Revised Code § 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution when counseling Petitioner to plead guilty; which rendered Petitioner's plea constitutionally infirm and trial counsel ineffective.

225)  As explained in detail below, appellate counsel should have raised this issue on Petitioner's appeal because the claim had a reasonable probability of

success if raised, making appellate counsel's failure to raise the claim ineffective under the Sixth Amendment to the United States Constitution.

## F. Ineffective Assistance-of-Trial-Counsel

### i. Standard of Review under *Strickland*

226) Where a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970).

227)    In *Hill v. Lockhart*, the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill*, 474 U.S. at 58 (1985). Under *Strickland*, a petitioner must demonstrate the following: 1) "counsel's representation fell below an objective standard of reasonableness" and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 687-88. In the guilty plea context, to satisfy the second prong, a petitioner "must show that there is a reasonable probability that but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59.

## G. Application

### i. Performance Prong

228)  R.C. 2901.12 provides that when several offenses are committed in Ohio in different jurisdictions as "part of a course of criminal conduct," the venue may be lodged for all the offenses in any one jurisdiction where "one such offense or any element thereof occurred." *State v. McFarland*, 2012-Ohio-1991, 2012 Ohio App. LEXIS 1752, ¶ 10.

229)  As noted by the state appellate court in *McFarland*, 2012-Ohio-1991, 2012 Ohio App. LEXIS 1752, ¶ 10, the state may not, "either by design or inadvertence, separate charges originating in one 'course of criminal conduct' and pursue them separately in the courts of more than one county even though the venue could be laid in any of the counties under R.C. 2901.12(H)." citing *State v. Urvan*, 4 Ohio App.3d 151, 157-158, 4 Ohio B. 244, 446 N.E.2d 1161 (8th Dist.1982), limited by *State v. Mutter*, 14 Ohio App.3d 356, 357, 14 Ohio B. 459, 471 N.E.2d 782 (8th Dist.1983).

230)  Applying R.C. 2901.12(H), the *McFarland* court found:

> "We find *Urvan* to be instructive in this case. In *Urvan*, the defendant, who had committed offenses in both Medina and Cuyahoga Counties, agreed to a plea based upon a sentence which included an early diversion program for offenses initially charged in Medina County. *Urvan*, *supra*, at 157. Later, Cuyahoga County sought to charge the defendant with additional offenses. Id. The Urvan court noted that "when Medina County took jurisdiction, that county * * * elected on behalf of the state to pursue only one of the two allied offenses involved, i.e., receipt of stolen property rather than grand theft." Id.

> The *Urvan* court noted that permitting successive prosecutions was contrary to the purpose of the diversion program. *Urvan, supra,* at 157. In other words, splitting venue and permitting a second venue to prosecute for crimes which the state, in the first venue, did not pursue is prejudicial to the defendant's terms of sentence and "violates the spirit and letter of the constitutional Double Jeopardy policy and the spirit of the legislative policy of the state as represented in the venue and allied offense statutes." Id. at 158. See also *State v. Walker*, 6th Dist. WD-86-32, 1987 Ohio App. LEXIS 7312, 1987 WL 12155 (June 5, 1987) (kidnapping and rape of three persons in course of criminal conduct could have been tried in either Wood or Lucas Counties, but pursuant to R.C.2901.12(H), all separate offenses had to be brought in same jurisdiction to avoid double jeopardy issues).

2012-Ohio-1991, 1752, ¶ 10.

231) Furthermore, the United States Supreme Court held, "Political subdivisions of States, [including counties], are traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions." *Waller v. Florida* (1970), 397 U.S. 387, 392, 90 S.Ct. 1184, 25 L. Ed. 2d 435, citing *Reynolds v. Sims* (1964), 377 U.S. 533, 575, 84 S.Ct. 1362, 12 L. Ed. 2d 506.

232) Additionally, in *Waller*, the U.S Supreme Court held that, "for the purposes of double jeopardy, the state will be considered a single entity acting through its subordinate units." Id. Thus, "the prosecutors employed by each city are part of a single sovereignty, and double jeopardy stands as a bar to prosecution

87

by one, after an accused has been in jeopardy for the same offense in a prosecution by the other." Id.

233) Applying the holdings of *Waller* and R.C. 2901.12(H) to the facts of this case, leads to only one conclusion, which is: the State of Ohio, acting through Ashland County Prosecutor's Office, acted first and assumed the role as agency for the State of Ohio, in pursuing Petitioner. Therefore, Ashland County, acting as agent for the State of Ohio, preempted venue and jurisdiction for the Forgeries charged in Count 2-46 of the Richland County indictment, and as such, jeopardy attached to Counts 2-46, as a result of the activity of the State of Ohio acting first in Ashland County, Ohio. Id., and *Urvan, supra*.

234) Petitioner's had a viable defense pursuant to R.C. 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Although the aforementioned viable defenses were clearly available, trial counsel failed to research the law after notice of both possible defenses and likewise failed to advise Petitioner of the viable defenses prior to counseling Petitioner to plead guilty which rendered Petitioner's pleas to Counts 2-46 constitutionally infirm.

235) Based on the foregoing argument, evidence and case law, trial counsel's performance was deficient under the first prong of *Strickland* by counseling Petitioner to plead guilty to Counts 2-46 as opposed advising Petitioner Counts 2-46 should have been dismissed pursuant R.C. 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

### ii. Prejudice Prong

236) To satisfy the second prong, a petitioner "must show that there is a reasonable probability that but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59.

237) Here, had trial counsel advised Petitioner there were viable defenses pursuant to R.C. 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; the Petitioner would not have pleaded guilty and would have insisted on completing his jury trial. Moreover, Petitioner would have demanded trial counsel to file a motion to dismiss Counts 2-46 on the basis the charges were barred pursuant to R.C. 2901.12(H) and the Double Jeopardy Clause.

238) Any reasonable defendant in Petitioner's position would have jumped at the opportunity to have 44 separate serious felony counts dismissed and would refuse to plead guilty to 44 felonies and insist on proceeding to trial.

239) Based on the foregoing argument and evidence, Petitioner suffered prejudice because is a reasonable probability that but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial.

## H. Deficient Performance of Appellate Counsel

### i. Performance Prong

240)   In this case, there can be little double that the omitted issue was much stronger than the issues appellate counsel presented on Petitioner's direct appeal. The omitted issue was much stronger than the issues raised by appellate counsel. Additionally, the omitted issue was so obviously valid that any competent lawyer would have raised it.

241)   In summary, the omitted claim was obvious from the record, a dead-bang winner, and clearly stronger than the issues raised by appellate counsel. Accordingly, appellate counsel's performance was objectively unreasonable and deficient under the first prong of *Strickland* by failing to raise the omitted claim.

## I.   Factual Error in State Appellate Court's Ruling

242)   When addressing Petitioner's claim the state appellate court ruled:

> "Finally, appellant asserts trial counsel was ineffective in failing to raise a double jeopardy argument because his plea and conviction in Ashland County prohibited Richland County's prosecutor for act committed "in the same course of conduct." While appellant's myriad offenses, state wide, may have been part of a criminal scheme, the crimes are not allied offenses of similar import.

> Under Ohio law, a county prosecutor is an agent of the State of Ohio with respect to crimes committed in his or her county. (Internal citations omitted.) Thus, a prosecutor in one county is not bound by a plea agreement agreed to by a prosecutor in another county. Id.

> Moreover, a defendant who commits separate offenses on different dates with different victims in different counties can be prosecuted for each sale and may not

claim double jeopardy on the basis that it was all one "court of criminal conduct. See, *State v. Mutter*, 14 Ohio App.3d 356, 471 N.E.2d 782, 783 (8th Dist. 1983), limiting *State v. Urvan*, 4 Ohio App.3d 151, 446 N.E.2d 1161.

Appellant has failed to establish that any of his three arguments for ineffective assistance of trial counsel would have been effective. His third, fourth, and fifth proposed assignment of error are overruled.

*State v. Walker*, Richland App. No. 2009-CA-0088, November 20, 2017 Judgment Entry, at P. 8-9.

> ### i. The state appellate court's ruling is not entitled a presumption of correctness because appellate counsel deprived Petitioner effective assistance of counsel in violation of the Sixth Amendment

243)  At the outset, its important to note that the state appellate court's reliance on *State v. Dumas*, 5th Dist. Fairfield No. 02CA60, 2003-Ohio-4117, ¶ 26 and *State v. Mutter*, 14 Ohio App.3d 356, 471 N.E.2d 782, 783 is misplaced.

244)  *Dumas* does not apply to Petitioner's case because *Dumas'* claim was not based on or analyzed under the Double Jeopardy Clause or R.C. 2901.12(H), whereas Petitioner's claim is raised under the Double Jeopardy Clause and R.C. 2901.12(H).

245)  Second, *Mutter's* case is distinguishable from Petitioner's in that *Mutter* committed separate offenses on different dates with *different victims* whereas Petitioner's case involved the same victim—Wal-Mart. Accordingly, the state appellate court's reliance on *Mutter* was misplaced.

246) Third, *Dumas* and *Mutter* are in direct conflict with the Supreme Court's

holdings in *Waller*, *supra*., that held:

> "That for the purposes of double jeopardy, the state
> will be considered a single entity acting through its
> subordinate units. Id. Thus, the prosecutors employed
> by each city are part of a single sovereignty, and
> double jeopardy stands as a bar to prosecution by one,
> after an accused has been in jeopardy for the same
> offense in a prosecution by the other. Id.

247) Accordingly, *Dumas* and *Mutter* are of dubious precedential value as both

holdings are in conflict with *Waller v. Florida*.

248) Fourth, the state appellate court's ruling in the November 20, 2017

Judgment Entry, at page. 8-9 is not entitled a presumption of correctness,

because as explained previously, R.C. 2901.12(H) and the Double Jeopardy

Clause of the Fifth Amendment to the United States Constitution were viable

defenses that trial counsel should have investigated, researched and likewise

advised Petitioner of the defenses prior to counseling Petitioner to plead guilty.

249) Trial counsel's failure to investigate and research both viable defenses and

counseling Petitioner to plead guilty constituted ineffective assistance of

counsel. Likewise, appellate counsel was ineffective by failing to raise trial

counsel's ineffectiveness.

250) Finally, the state appellate court's ruling in the November 20, 2017

Judgment Entry, at page. 8-9 is not entitled a presumption of correctness,

because as explained previously, R.C. 2901.12(H) and the Double Jeopardy

Clause of the Fifth Amendment to the United States Constitution were viable

defenses and trial counsel should have moved to dismiss Counts 2-46 on the basis of both defenses. Counsel's failure to do so constitutes ineffective assistance of counsel. Likewise, appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness.

251) For all the foregoing reasons, the state appellate court's ruling in the November 20, 2017 Judgment Entry, at page. 8-9 is not entitled a presumption of correctness pursuant to 2254(e).

### J. Petitioner is Entitled Habeas Relief under 2254(d)(1)&(2)

252) Petitioner is entitled to habeas relief under 2254(d)(1) because the state appellate court ruling that appellate counsel was not ineffective was contrary to, and an unreasonable application of *Strickland v. Washington* because the state court record show there was a reasonable probability the results of the appeal would have been different if but for counsel's deficient performance.

253) Petitioner is also entitled to habeas relief under 2254(d)(2) because the state appellate court ruling that appellate counsel was not ineffective is based on an unreasonable determination of the facts in in light of the evidence presented to the state appellate court.

### C. Appropriate Habeas Remedy

254) Habeas cases involving Sixth Amendment violations require this District Court to grant a remedy that "neutralizes" the constitutional deprivation suffered by the defendant.

255)   Application of this principle requires this District Court to issue an unconditional writ that vacate and dismisses Petitioner's convictions, pleas and sentences on Counts 2-46 pursuant to R.C. 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. An unconditional writ is appropriate because the remaining EPCA conviction and sentence would have expired no later than August 2018.

### GROUND FOR RELIEF EIGHT

**The State Trial Court Violated The Due Process Clause Of The Fourteenth Amendment To The United States Constitution By Accepting Petitioner's Pleas Without Informing Petitioner He Faced A Mandatory Sentence By Operation Of Law Under R.C. 2929.13(F)(6) Thereby Rendering Petitioner Ineligible For Community Control.**

**A. Supporting Facts:**

256)   Before accepting Petitioner's pleas, the trial court failed to advise Petitioner he faced a mandatory sentence by operation of law pursuant R.C. 2929.13(F)(6) for Engaging in a Pattern of Corrupt Activity due to Petitioner's prior second-degree felony conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954.

257)   As a result of failing to advise Petitioner of the mandatory sentence, Petitioner pled guilty unaware of the maximum penalty and with expectation he could received community control when in fact Petitioner was statutorily ineligible for community control.

258) Based on the foregoing, the trial court accepted Petitioner's pleas in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**B. Exhaustion of State Remedies:**

259) With respect to the claim raised herein, Petitioner exhausted his state remedies by citing the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in the caption of Petitioner's Merit Brief at Assignment of Error Three and in Petitioner's January 24, 2017 Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. *Newton v. Million*, *supra.*, *Dye v. Hofbauer*, *supra.*, *Davis v. Strack*, *supra.*

**C. Standard of Review under 28 U.S.C. § 2254(d)(1) & (2):**

260) This ground for relief should also be reviewed under 28 U.S.C. § 2254(d)(1) because the state appellate court's decision unreasonably failed to apply *Boykin* and *Brady* in a factual context and therefore unreasonably applied clearly established Supreme Court precedent in *Boykin* and *Brady*.

261) This ground for relief should also be reviewed under 28 U.S.C. § 2254(d)(2) because the state appellate court's ruling relative to this claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**D. Boykin v. Alabama and Due Process:**

262) This Ground for Relief is governed by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969). There, the Supreme Court held that, "court

may not accept a guilty plea without first determining, on the record, that the guilty plea was the result of a knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." The *Boykin* court explained:

> What is at stake for an accused facing death or imprisonment as a result of a plea of guilty demands the utmost solicitude of which the courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence; when the judge discharges that function, he leaves a record adequate for any review that may be later sought.

395 U.S. 238, 244.

263)  The Supreme Court reaffirmed *Boykin* in *Brady v. United States*, 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), wherein the Supreme Court held: "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

264)  Guided by the teachings of *Boykin* and *Brady*, Ohio appellate court's have consistently held:

> "When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions." *State v. Balidbid*, 2d Dist. Montgomery

No. 24511, 2012-Ohio-1406, ¶ 12; *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 19 (8th Dist.); *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 27.

265)  Furthermore, it is well-settled where, (1) a trial court fails to expressly inform a defendant, prior to accepting his guilty or no contest plea, that the defendant is subject to a mandatory prison sentence under R.C. 2929.13(F)(6) and is not eligible for community control sanction, and (2) the totality of the circumstances do not show that the defendant otherwise subjectively understood, in entering a plea, that he would be subject to a mandatory prison sentence that rendered the defendant ineligible for community control sanctions, the plea is constitutionally invalid. *State v. Jordan*, 2d. Dist. Montgomery No.s 27441 and 27442, 2017-Ohio-7195, ¶ 6-8; *Howard*, 2d Dist. Champaign No. 06-CA-29, 2008 Ohio 419; *State v. Smith*, 5th Dist. Licking App. No. 13-CA-44, 2014-Ohio-2990, ¶ 11-12. As the court in *State v. Farley*, 1st Dist. Hamilton, 2002-Ohio-1142:

> To make a voluntary choice, the defendant must act with a "full understanding of the consequences" of his plea. Because the prospect of probation or community control "would be a factor weighing heavily in favor of a plea," the fact that a community-control sanction is statutorily precluded can affect a defendant's decision to enter a guilty plea." See also, *State v. Douglas*, 2007-Ohio-714, ¶ 10.

### i.  Application

266)  Pursuant to R.C. 2929.13(F)(6), Petitioner faced a mandatory sentence by operation of law pursuant R.C. 2929.13(F)(6) for Engaging in a Pattern of

Case: 1:18-cv-00806-DCN Doc #: 1 Filed: 04/10/18 99 of 129. PageID #: 99

Corrupt Activity due to Petitioner's prior second-degree felony conviction for Possession of Drugs in *State v. Walker*, Cuyahoga County C.P. Case No. CR-446954. *See State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, ¶ 3 ("R.C. 2929.13(F)(6) requires a mandatory term for a first or second-degree felony if the offender has previously been convicted of or pled guilty to a first-or second-degree felony"); *State v. Kinney*, 1st Dist. Hamilton App. No. C-160415, 2018-Ohio-404, ¶ 23 (same); *State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 26 (same); *State v. Woodfork*, 10th Dist. Franklin No. 12AP-1092, 2013-Ohio-2428, ¶ 8 (same).

267)   In this case, the trial court not only failed to inform Petitioner that he was subject to a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6), it expressly told him that he did not face any mandatory sentence. See Plea Tr., at P. 9 that reads verbatim:

> **THE COURT**: And there is no mandatory imprisonment?
>
> **THE PROSECUTOR**: Correct, Your Honor

268)   The record illustrates the prosecutor erroneously reinforced that the Petitioner was not subject to a mandatory sentence. Id. The error was compounded when the trial court reinforced the erroneous information via the June 2, 2009 Admission of Guilt Form, which was not corrected by counsel or the trial court. The June 2, 2009 Guilty Plea Form, states in pertinent part:

> I understand the MAXIMUM sentence is a basic
> prison term of 32 ½ years of which 0 is mandatory.
> \*\*\*
>
> If I am sentenced to community control and I violate
> any of the conditions imposed, I can be given a longer
> period under court control, greater restrictions of a
> prison term. Community control could last five years.

269) As evidenced by the state court record, the trial court not only failed to comply with *Boykin* and *Brady*, but it provided misleading information as to the availability of community control as a viable sanction and to the nature of any prison sentence that might be imposed. *State v. Hollobaugh*, 5th Dist. No. ll-AP-0006, 2012 Ohio 2620, ¶ 16 ("We find the trial court erred and misled appellant prior to accepting his guilty plea. We find further there is no indication appellant subjectively knew he faced a mandatory sentence.")

270) Based on the foregoing argument, evidence and case law, Petitioner was not made aware by the trial court, trial counsel, or the prosecutor that he faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6) prior to entering his plea. Nor did Petitioner possess independent knowledge of the mandatory sentence prior to pleading guilty. Accordingly, Petitioner's pleas are constitutionally infirm under *Boykin* and *Brady*.

## ii.  **Prejudice**

271) The state court record reveal that Petitioner's ability to receive community control was a factor in his decision to plead guilty. Moreover, Petitioner imploring the court to impose community control, during sentencing,

demonstrate Petitioner would not have pleaded guilty had he known he faced a mandatory sentence that statutorily render him ineligible for community control. At the sentencing hearing the following request were made:

> **MR. DAVIS**: Judge, Gary wanted me to ask you would you consider suspending any of the time of the twelve years?
>
> **THE COURT**: I'm not giving him probation, I'm giving him prison, so I can't suspend it. Go ahead.
>
> **THE DEFENDANT**: Now there is no possible way I can do less time than that, where I can get out early or anything.
>
> **THE COURT**: That's your sentence here today. I don't know what the law is going to be in the future. I'm never going to tell somebody that there's no hope for you ever getting out before that times up, but that's the sentence today. Under the current law you're not going to be getting out, but the law may change. Prisons are getting over crowded.

Tr. P. 22-23.

272)  Petitioner's request for community control through counsel and Petitioner imploring the trial court to place him on community control clearly illustrate Petitioner would not have pled guilty had he known he faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6) thereby rendered him statutorily ineligible for community control. Accordingly, Petitioner was prejudiced and has demonstrated prejudice.

**E. Factual Error In State Appellate Court's Ruling:**

273)    When addressing Petitioner's federal claim the state appellate court ruled in

pertinent part:

> "*** In the instant case, the record demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. See, *State v. Tillman*, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, ¶ 20. Nothing in the record indicates that appellant was under the influence of any drug or other substance that would prohibit his understanding of the court's questions. Moreover, there is no evidence in the record showing that if the court had advised appellant any differently, appellant would not have pled guilty and instead would have insisted on continuing the jury trial already in progress.

> A review of the plea hearing reveals the trial court advised appellant of his constitutional rights, the potential penalties for each offense, and the possibility of post-release control. ***

> First, appellant makes two arguments premised upon R.C. 2929.13(F)(6); he argues that because he had a prior second-degree felony conviction in Cuyahoga County in 2004, he was subject to a mandatory prison term in the instant case. He further argues that the trial court's advisements that he was eligible for community control and judicial release were in error and thus rendered his pleas involuntary. We disagree on both counts.

> ***Contrary to appellant's assertions, we cannot ascertain that the trial court was aware appellant had a prior conviction upon a second-degree felony. We do not conclude, therefore, that appellant was subject to R.C. 2929.13(F)(6) and we do not find appellant's guilty pleas to be involuntary on this basis. Appellant argues he suffered prejudice because he "might" have been coerced into entering guilty pleas "because of the possibility of probation." As appellee points out, "probation," community control, and judicial release were not raised as options in this case, and the record

is devoid of any evidence appellant was misled by any belief in the possibility of any alternatives to imprisonment.

*State v. Walker*, 2016-Ohio-8615, ¶ 42, 43, 45, 46.

> **i.** **The State Appellate Court's Ruling at ¶ 46  Is Not Entitled A Presumption Of Correctness Because Petitioner's Sentence Is Mandatory By Operation Of Law Pursuant To R.C. 2929.13(F)(6)**

274)  The state appellate court ruled in pertinent part, "we cannot ascertain that the trial court was aware appellant had a prior conviction upon a second-degree felony we do not conclude, therefore, that appellant was subject to R.C. 2929.13(F)(6)." *Walker*, 2016-Ohio-8615, at ¶ 46.

275)  The state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness because, contrary to the state appellate court ruling, Petitioner faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6), for his conviction for EPCA. *Hand*, 2016-Ohio-5504, ¶ 3 ("R.C. 2929.13(F)(6) requires a mandatory term for a first or second-degree felony if the offender has previously been convicted of or pled guilty to a first- or second-degree felony"); *Kinney, supra., Mavrakis, supra., Woodfork, supra.*

276)  Additionally, the trial court's awareness or unawareness of the mandatory sentence under R.C. 2929.13(F)(6) does not result in Petitioner serving a non-mandatory sentence, as the 'mandatory' label attaches by operation of law. *State v. Colvin*, 7th Dist. Mahoning No. 15-MA-162, 2016-Ohio-5644, ¶ 45

("where the term is considered mandatory under R.C. 2929.13(F), this label attaches by operation of law.") (citing *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 14).

277)   Based on the foregoing argument, evidence and case law, the state appellate court's ruling in *State v. Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness under 2254(e).

> ii.   **The State Appellate Court's Ruling at ¶ 43  Is Not Entitled A Presumption Of Correctness Because The Trial Did Not Advise Petitioner Of The Potential Penalties For Each Offense**

278)   Petitioner faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6), for his conviction for EPCA. The trial court did not inform Petitioner of the mandatory sentence prior to accepting Petitioner's pleas. See Plea Transcripts and June 2, 2009 Admission of Guilty Form.

279)   In light of the clear evidence, to wit: Plea Transcripts and June 2, 2009 Admission of Guilty Form the state appellate court's ruling in *Walker*, 2016-Ohio-8615, at ¶ 43 that, "a review of the plea hearing reveals the trial court advised ***, the potential penalties for each offense," is not entitled a presumption of correctness because the trial court did not advise Petitioner he faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6) prior to accepting Petitioner's pleas.

> iii.   **The State Appellate Court's Ruling at ¶ 46  Is Not Entitled A Presumption Of Correctness Because Petitioner's Plea Was Involuntarily Made And Petitioner Demonstrated He Would**

**<u>Not Have Pleaded Guilty And Would Have Insisted On
Completing His Trial</u>**

280)   The state appellate court's ruled, "we do not find appellant's guilty pleas to

be involuntary on this basis. Appellant argues he suffered prejudice because he

"might" have been coerced into entering guilty pleas "because of the possibility

of probation. As appellee points out, "probation," community control, and

judicial release were not raised as options in this case, and the record is devoid

of any evidence appellant was misled by any belief in the possibility of any

alternatives to imprisonment." *Walker*, 2016-Ohio-8615, at ¶ 46.

281)   First, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not

entitled a presumption of correctness because community control was raised as

an option in this case. See the June 2, 2009 Guilty Plea Form, provided by and

signed by trial court judge that stated:

> I understand the MAXIMUM sentence is a basic
> prison term of 32 ½ years of which 0 is mandatory.
> ***
>
> If I am sentenced to community control and I violate
> any of the conditions imposed, I can be given a longer
> period under court control, greater restrictions of a
> prison term. Community control could last five years.

282)   Second, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not

entitled a presumption of correctness because Petitioner was misled into

pleading guilty which is evidenced by Petitioner requesting community control

at sentencing. See Tr. P. 22-23.

283)  Finally, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness because Petitioner's ability to receive community control was the deciding factor as to whether Petitioner would plead guilty or finish his jury trial. Petitioner's request for community control during sentencing—see Tr. P. 22-23—proves Petitioner would not have pleaded guilty had he known he faced a mandatory sentence prior to pleading guilty.

284)  In light of the clear evidence, to wit: Petitioner requesting community control during sentence, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness and Petitioner's pleas were not voluntarily or intelligently entered. *Hart v. Marion Corr. Inst.*, 927 F.2d 256 (6th Cir. 1991).

**F.  Petitioner Is Entitled Habeas Relief Pursuant To 2254(d)(1) & (2):**

285)  Based on the foregoing argument, evidence and case law, Petitioner is entitled habeas relief pursuant to 2254(d)(1) because the state appellate court's decision unreasonably failed to apply *Boykin* and *Brady* in a factual context and therefore unreasonably applied clearly established Supreme Court precedent.

286)  Petitioner is also entitled habeas relief pursuant to 2254(d)(2) because the state appellate court ruling Petitioner's pleas were voluntarily entered was based on an unreasonable determination of the facts in light of the evidence presented to the state appellate court.

### G. Appropriate Habeas Relief:

287)  Petitioner respectfully moves this Honorable District Court to grant an conditional writ that vacates Petitioner's convictions, pleas and sentences and order the State of Ohio to re-try within 30 days of issuing the writ.

### GROUND FOR RELIEF NINE

**The State Trial Court Violated The Due Process Clause Of The Fourteenth Amendment To The United States Constitution By Accepting Petitioner's Pleas Without Informing Petitioner He Faced A Mandatory Sentence By Operation Of Law Under R.C. 2929.13(F)(6) Thereby Rendering Petitioner Ineligible For Judicial Release.**

### A. Supporting Facts

288)  Before accepting Petitioner's pleas, the trial court failed to advise Petitioner he faced a mandatory term of imprisonment for Engaging in a Pattern of Corrupt Activity ("EPCA") by operation of law pursuant R.C. 2929.13(F)(6) due to Petitioner's prior second-degree felony conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954.

289)  Compounding the aforementioned error, the trial court then misled Petitioner as to whether he was eligible for judicial release via the June 2, 2009 Admission Guilt Form.

290)  Based on the foregoing, the trial court accepted Petitioner's pleas in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### B. Exhaustion of State Remedies

291)   With respect to the federal claim raised herein, Petitioner exhausted his state remedies by citing the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in the caption of Petitioner's Merit Brief at Assignment of Error Four and in Petitioner's January 24, 2017 Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. *Newton v. Million, supra., Dye v. Hofbauer, supra., Davis v. Strack, supra.*

### C. Standard of Review under 28 U.S.C. § 2254(d)(1) & (2)

292)   This ground for relief should also be reviewed under 28 U.S.C. § 2254(d)(1) because the state appellate court's decision unreasonably failed to apply *Boykin* and *Brady* in a factual context and therefore unreasonably applied clearly established Supreme Court precedent in *Boykin* and *Brady*.

293)   This ground for relief should also be reviewed under 28 U.S.C. § 2254(d)(2) because the state appellate court's ruling relative to this claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### D. Boykin v. Alabama and Due Process

294)   This Ground for Relief is governed by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969). There, the Supreme Court held that, "court may not accept a guilty plea without first determining, on the record, that the guilty plea was the result of a knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." The *Boykin* court explained:

> What is at stake for an accused facing death or imprisonment as a result of a plea of guilty demands the utmost solicitude of which the courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence; when the judge discharges that function, he leaves a record adequate for any review that may be later sought.

395 U.S. 238, 244. See also, *Boykin* in *Brady v. United States*, 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)

295) Guided by the teachings of *Boykin* and *Brady*, Ohio courts have consistently held:

> "When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence…" *Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406, ¶ 12; *State v. Morgan*, 2d. Dist. Clark App. No. 2017-CA-29, 2018-Ohio-319, ¶ 15 *State v. Byrd*, 178 Ohio App.3d 646, 2008 Ohio 5515, 899 N.E.2d 1033 (2d Dist.); *State v. Miller*, 2d Dist. Clark No. 08 CA 90, 2010 Ohio 4760, ¶ 12; *State v. Howard*, 2d Dist. Champaign No. 06-CA-29, 2008 Ohio 419.

296) When an offender faces a mandatory prison sentence, it carries additional ramifications, as the offender will no be eligible for judicial release or certain other reductions in sentence. *State v. Cruz*, 8th Dist. Cuyahoga No. 96999, 2012-Ohio-1943, ¶ 10.

297) Ohio trial courts are under no obligation to inform a defendant regarding his eligibility for judicial release. However, if a defendant who pleads guilty is

misled as to whether he would be eligible for judicial release or when he becomes eligible to apply for judicial release, Ohio courts have held that a defendant's guilty plea was invalid. *See State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶ 3, 11, and 16; *State v.Kinney*, 1st Dist. Hamilton No. C-160415- 2018-Ohio-404, ¶ 22; *State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, ¶ 21-22; *State v. Ealom*, 8th Dist. Cuyahoga No. 91455, 2009-Ohio-1365, ¶ 5; *State v. Cox*, 3d Dist. Union No. 14-06-47, 2007-Ohio-6023, ¶ 18; *State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687, 907 N.E.2d 805, ¶ 15 (2d Dist); *State v. Lloyd*, 6th Dist. Erie Nos. E-10-055 and E-10-056, 2011-Ohio-2964, ¶ 18. As demonstrate below, the trial court did not advise Petitioner of the mandatory sentence and misled Petitioner regarding his eligibility for judicial release.

i. **Application**

298)   Pursuant to R.C. 2929.13(F)(6), Petitioner faced a mandatory sentence by operation of law pursuant R.C. 2929.13(F)(6) for Engaging in a Pattern of Corrupt Activity due to Petitioner's prior second-degree felony conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954. *Kinney*, 2018-Ohio-404, ¶ 23.

299)   As demonstrated by the Plea Transcript and June 2, 2009 Admission of Guilt Form, the trial court not only failed to inform Petitioner that he was subject to a mandatory prison term by operation of law pursuant to R.C.

2929.13(F)(6), it expressly told him that he did not face any mandatory sentence. See Plea Tr., at P. 9 wherein the following conversation was had:

> **THE COURT**: And there is no mandatory imprisonment?
>
> **THE PROSECUTOR**: Correct, Your Honor.

300) The record illustrates the prosecutor erroneously reinforced that the Petitioner was not subject to a mandatory sentence. Id. The error was compounded when the trial court reinforced the erroneous information via the June 2, 2009 Admission of Guilt Form, which was not corrected by counsel or the trial court. The June 2, 2009 Guilty Plea Form, states in pertinent part:

> I understand the MAXIMUM sentence is a basic prison term of 32 ½ years of which 0 is mandatory.
> \*\*\*
>
> If I am sentenced to community control and I violate any of the conditions imposed, I can be given a longer period under court control, greater restrictions of a prison term. Community control could last five years.

301) In light of the foregoing evidence, Petitioner's was not made aware by the trial court, trial counsel, or the prosecutor that he faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6) prior to entering his plea. Nor did Petitioner possess independent knowledge of the mandatory sentence prior to pleading guilty. Accordingly, Petitioner's pleas were not knowingly and intelligently entered under *Boykin* and *Brady*.

### ii. **Prejudice**

302) At the sentencing hearing the following request were made:

> **MR. DAVIS**: Judge, Gary wanted me to ask you would you consider suspending any of the time of the twelve years?
>
> **THE COURT**: I'm not giving him probation, I'm giving him prison, so I can't suspend it. Go ahead.
>
> **THE DEFENDANT**: Now there is no possible way I can do less time than that, where I can get out early or anything.
>
> **THE COURT**: That's your sentence here today. I don't know what the law is going to be in the future. I'm never going to tell somebody that there's no hope for you ever getting out before that times up, but that's the sentence today. Under the current law you're not going to be getting out, but the law may change. Prisons are getting over crowded.

Tr. P. 22-23.

303) The record reflects that Petitioner's ability to file for judicial release was a factor in his decision to plead guilty. Moreover, Petitioner asking to "get out early or anything," demonstrate Petitioner would not have pleaded guilty had he known he faced a mandatory sentence that statutorily render him ineligible for judicial release.

304) In light of the foregoing argument and evidence, the Petitioner submit he would not have pled guilty if properly advised of the mandatory sentence; and if the trial court, prosecutor and trial counsel not misled him into pleading guilty based on erroneous information regarding his eligibility to receive judicial release.

**E. Factual Error In State Appellate Court's Ruling**

111

305)    When addressing Petitioner's federal claim the state appellate court ruled in

pertinent part:

> "*** In the instant case, the record demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. See, *State v. Tillman*, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, ¶ 20. Nothing in the record indicates that appellant was under the influence of any drug or other substance that would prohibit his understanding of the court's questions. Moreover, there is no evidence in the record showing that if the court had advised appellant any differently, appellant would not have pled guilty and instead would have insisted on continuing the jury trial already in progress.
>
> A review of the plea hearing reveals the trial court advised appellant of his constitutional rights, the potential penalties for each offense, and the possibility of post-release control. ***
>
> First, appellant makes two arguments premised upon R.C. 2929.13(F)(6); he argues that because he had a prior second-degree felony conviction in Cuyahoga County in 2004, he was subject to a mandatory prison term in the instant case. He further argues that the trial court's advisements that he was eligible for community control and judicial release were in error and thus rendered his pleas involuntary. We disagree on both counts.
>
> ***Contrary to appellant's assertions, we cannot ascertain that the trial court was aware appellant had a prior conviction upon a second-degree felony. We do not conclude, therefore, that appellant was subject to R.C. 2929.13(F)(6) and we do not find appellant's guilty pleas to be involuntary on this basis. Appellant argues he suffered prejudice because he "might" have been coerced into entering guilty pleas "because of the possibility of probation." As appellee points out, "probation," community control, and judicial release were not raised as options in this case, and the record

is devoid of any evidence appellant was misled by any belief in the possibility of any alternatives to imprisonment.

*State v. Walker*, 2016-Ohio-8615, ¶ 42, 43, 45, 46.

### i. The State Appellate Court's Ruling at ¶ 46 Is Not Entitled A Presumption Of Correctness Because Petitioner's Sentence Is Mandatory By Operation Of Law Pursuant To R.C. 2929.13(F)(6)

306)   The state appellate court ruled in pertinent part, "we cannot ascertain that the trial court was aware appellant had a prior conviction upon a second-degree felony we do not conclude, therefore, that appellant was subject to R.C. 2929.13(F)(6)." *Walker*, 2016-Ohio-8615, at ¶ 46.

307)   The state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness because, contrary to the state appellate court ruling, Petitioner faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6), for his conviction for EPCA. *Hand*, 2016-Ohio-5504, ¶ 3 ("R.C. 2929.13(F)(6) requires a mandatory term for a first or second-degree felony if the offender has previously been convicted of or pled guilty to a first- or second-degree felony"); *Kinney, supra*.

308)   Additionally, the trial court's awareness or unawareness of the mandatory sentence under R.C. 2929.13(F)(6) did not convert Petitioner's sentence mandatory sentence into a non-mandatory, as the 'mandatory' label attaches by operation of law. *Colvin*, 2016-Ohio-5644, ¶ 45; *Ware*, 2014-Ohio-5201, ¶ 14.

309)  Based on the foregoing argument, evidence and case law, the state appellate court's ruling in *State v. Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness under 2254(e).

### ii. The State Appellate Court's Ruling at ¶ 43  Is Not Entitled A Presumption Of Correctness Because The Trial Did Not Advise Petitioner Of The Potential Penalties For Each Offense

310)  Petitioner faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6), for his conviction for EPCA. The trial court did not inform Petitioner of the mandatory sentence prior to accepting Petitioner's pleas.

311)  Based on the foregoing argument and authority, the state appellate court's ruling "a review of the plea hearing reveals the trial court advised ***, the potential penalties for each offense," is not entitled a presumption of correctness because the trial court did not advise Petitioner he faced a mandatory sentence by operation of law pursuant to R.C. 2929.13(F)(6) prior to accepting Petitioner's pleas.

### iii. The State Appellate Court's Ruling at ¶ 46  Is Not Entitled A Presumption Of Correctness Because Petitioner's Plea Was Involuntarily Made And Petitioner Demonstrated He Would Not Have Pleaded Guilty And Would Have Insisted On Completing His Trial

312)  The state appellate court's ruling that, "we do not find appellant's guilty pleas to be involuntary on this basis. Appellant argues he suffered prejudice because he "might" have been coerced into entering guilty pleas "because of the possibility of probation. As appellee points out, "probation,"

community control, and judicial release were not raised as options in this case, and the record is devoid of any evidence appellant was misled by any belief in the possibility of any alternatives to imprisonment." *Walker*, 2016-Ohio-8615, at ¶ 46.

313) First, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness because judicial release was raised as an option in this case. See the June 2, 2009 Guilty Plea Form, provided by and signed by trial court judge that stated:

> I understand the MAXIMUM sentence is a basic prison term of 32 ½ years of which 0 is mandatory. *I am not eligible for judicial release during the mandatory imprisonment.* ***

314) Second, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness because Petitioner was misled into pleading guilty which is evidenced by Petitioner requesting early release from prison during the sentencing hearing. See Tr. P. 22-23.

315) Finally, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness because the record reflects that Petitioner's ability to file for judicial release was a factor in his decision to plead guilty. Petitioner's request for judicial release during sentencing—see Tr. P. 22-23—is evidence the Petitioner would not have pleaded guilty and would have finished his jury trial had he known he faced a mandatory sentence and would statutorily ineligible for judicial release prior to pleading guilty.

316) Based on the foregoing argument and evidence, the state appellate ruling in *Walker*, 2016-Ohio-8615, at ¶ 46 is not entitled a presumption of correctness and Petitioner's pleas were not voluntarily or intelligently entered. *Hart*, 927 F.2d 256.

### F. Petitioner Is Entitled Habeas Relief Pursuant To 2254(d)(1) & (2)

317) Based on the foregoing argument, evidence and case law, Petitioner is entitled habeas relief pursuant to 2254(d)(1) because the state appellate court unreasonably failed to apply *Boykin* and *Brady* in a factual context and therefore unreasonably applied clearly established Supreme Court precedent in *Boykin* and *Brady*.

318) Petitioner is also entitled habeas relief pursuant to 2254(d)(2) because the state appellate court ruling Petitioner's pleas were voluntarily entered was based on an unreasonable determination of the facts in light of the evidence presented to the state appellate court.

### G. Appropriate Habeas Relief

319) There is only one available remedy for the constitutional violation suffered in this case, which is, granting an conditional writ that vacates Petitioner's convictions, pleas and sentences and ordering the State of Ohio to grant Petitioner a new trial within 30 days of issuing the writ.

## GROUND FOR RELIEF TEN

**Petitioner Was Deprived Effective Assistance Of Appellate Counsel In Violation Of The Sixth Amendment To The United States Constitution When Appellate Counsel Failed To Raise On Petitioner's Direct Appeal: "Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment To The United States Constitution By Failing To File A Pre-Sentence Motion To Withdraw Guilty Plea On The Basis That The Parties Made A Mutual Mistake Regarding The Terms Of The Plea Agreement."**

### A. Supporting Facts:

320)  In support of this Ground for Relief, the Petitioner respectfully submit he was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal:

> "Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment To The United States Constitution By Failing To File A Pre-Sentence Motion To Withdraw Guilty Plea On The Basis That The Parties Made A Mutual Mistake Regarding The Terms Of The Plea Agreement."

321)  The facts here shows: The parties and the trial court made a mutual mistake regarding the terms of the plea agreement, that is, Petitioner would serve a non-mandatory sentence. See Tr. P. 9 and Admission of Guilt Form.

322)  Pursuant R.C. 2929.13(F)(6) Petitioner's sentence for EPCA would be mandatory by operation of law due to Petitioner's prior second-degree felony

conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954. *Colver, supra., Hand, supra.*, and *Kinney, supra.*

323) It is well-settled that Ohio's law presumes trial counsel was effective, which in this case means, trial counsel conducted an adequate investigation which included verifying the status of Petitioner's prior second-degree felony conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954, *United States v. Russell*, 221 F.3d 615, 621 (4th Cir. 2000) ("When representing a criminal client, the obligation to conduct an adequate investigation will often include verifying the status of the client's criminal record, and the failure to do so may support a finding of ineffective assistance of counsel.").[7]

324) With the foregoing principle in mind, trial counsel knew Petitioner's prior second-degree felony conviction for Possession of Drugs rendered any sentence imposed on EPCA mandatory by operation of law pursuant to R.C. 2929.13(F)(6). *Colver, supra., Hand, supra.*, and *Kinney, supra.*

325) Trial counsel also knew Petitioner entered a guilty plea on the basis that he would receive a non-mandatory sentence; which was a clear mistake. Based on the foregoing facts, trial counsel should have filed a Pre-Sentence Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1 on the basis that the parties

---

[7] To argue otherwise, would essentially admit trial counsel did not conduct an adequate investigation and therefore provided Petitioner ineffective assistance of counsel.

and the trial court made a mutual mistake regarding the terms of the plea agreement. *In re D.S.*, 148 Ohio St. 3d 390, 2016-Ohio-7369, ¶ 32.

326)   Had counsel filed the Pre-Sentence Motion to Withdraw Guilty Plea there was a reasonable probability the trial court would have granted the motion and permitted Petitioner to complete his jury trial. Id. ("Generally, if the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement, the proper remedy is to rescind it.")

327)   Accordingly, trial counsel's failure to file the motion rendered him effective in violation of the Sixth Amendment to the United States Constitution. Likewise, because this error was obvious from the state court record appellate counsel was ineffective in violation of the Sixth Amendment to the United States Constitution by failing to raise trial counsel was ineffective.

**B. Exhaustion of State Remedies:**

328)   Petitioner exhausted his state remedies regarding the ineffective assistance of appellate counsel claim raised herein by fairly presenting the claim to the state appellate court and Ohio Supreme Court. *See Application for Reopening* and December 15, 2017 *Memorandum in Support of Jurisdiction.*

**C. De Novo Review:**

329)   When addressing Petitioner's federal claim the state appellate court ruled:

> As appellate points out, we have already addressed this argument in the decision issuing from appellant's first application to reopen:

Contrary to appellant's assertions, we cannot ascertain that the trial court was aware appellant had a prior conviction upon a second-degree felony. We do not conclude, therefore, that appellant was subject to R.C. 2929.13(F)(6) and we do not find appellant's guilty pleas to be involuntary on this basis. Appellant argues he suffered prejudice because he "might" have been coerced into entering guilty pleas "because of the possibility of probation." As appellee points out, "probation," community control, and judicial release were not raised as options in this case, and the record is devoid of any evidence appellant was misled by any belief in the possibility of any alternatives to imprisonment.

*State v. Walker*, Richland App. No. 2009-CA-0088, November 20, 2017 Judgment Entry, at P. 8.

330) To the contrary, the state appellate court never addressed whether:

"Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment To The United States Constitution By Failing To File A Pre-Sentence Motion To Withdraw Guilty Plea On The Basis That The Parties Made A Mutual Mistake Regarding The Terms Of The Plea Agreement."

331) The state appellate court addressed whether Petitioner's pleas were voluntarily, intelligently and knowingly entered based on the trial court failing to advise Petitioner he faced a mandatory sentence pursuant to R.C. 2929.13(F)(6). Although the claim addressed by the appellate court is similar to the claim raised in Petitioner's 26(b) they are not the same.

332) Accordingly, because the state appellate court and the Ohio Supreme Court did not address Petitioner's ineffective assistance of counsel claim, the provisions of 28 U.S.C. § 2254(d) do not apply the instant ground for relief,

and this Court should review the instant ground for relief de novo. *Thompson* 598 F.3d 281, 285.

### D. Ineffective Assistance-Of-Appellate-Counsel-Claim

#### i. Standard of Review under *Strickland*

333) The standard of review for ineffective assistance of appellate counsel was outlined in Ground for Relief Two and is incorporated by reference herein.

### E. The Merit Of The Claim No Raised On Appeal

334) The parties and the trial court made a mutual mistake regarding the terms of the plea agreement, that is, Petitioner would serve a non-mandatory sentence. See Tr. P. 9 and June 2, 2009 Admission of Guilt Form.

335) Because Petitioner's pleas were entered based on a mutual mistake regarding the terms of the plea agreement and that apparent from the record, trial counsel should have filed a Pre-Sentence Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1 on the basis that the parties and the trial court made a mutual mistake regarding the terms of the plea agreement. *In re D.S.*, 148 Ohio St. 3d 390, 2016-Ohio-7369, ¶ 32 ("Generally, if the parties and the trial court have made a mutual mistake regarding the terms of a plea agreement, the proper remedy is to rescind it.").

336) Had counsel filed the Pre-Sentence Motion to Withdraw Guilty Plea there was a reasonable probability the trial court would have granted the motion and permitted Petitioner to complete his jury trial. Id. quoting ("Generally, if the

parties and the trial court have made a mutual mistake regarding the terms of a plea agreement, the proper remedy is to rescind it.")

337) Accordingly, trial counsel's failure to file the Pre-Sentence Motion to Withdraw Guilty Plea deprived Petitioner effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Likewise, because this error was obvious from the state court record and would resulted in a reversal if raised on appeal, appellate counsel deprived Petitioner effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution by failing to raise the ineffective-assistance-of-trial-counsel claim.

**F. Ineffective Assistance-of-Trial-Counsel**

**i. Standard of Review under *Strickland***

338) Under *Strickland*, the Petitioner must demonstrate the following: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 687-88.

**G. Application**

**i. Performance Prong**

339) Pursuant R.C. 2929.13(F)(6) Petitioner's sentence for EPCA would be mandatory by operation of law due to Petitioner's prior second-degree felony conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954. *Colver, supra., Hand, supra.,* and *Kinney, supra.*

340) The evidence is irritable that the parties and the trial court made a mutual mistake regarding the terms of the plea agreement, that is, Petitioner would serve a non-mandatory. See Tr. P. 9 and June 2, 2009 Admission of Guilt Form.

341) Trial counsel knew Petitioner's guilty pleas were tendered on the basis that he would receive a non-mandatory sentence; which was a mutual mistake because Petitioner's sentence was mandatory by operation of law due to Petitioner's prior second-degree felony conviction for Possession of Drugs in State v. Walker, Cuyahoga County C.P. Case No. CR-446954.

342) Based on the foregoing facts, trial counsel's failure to file a Pre-Sentence Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1 on the basis that the parties and the trial court made a mutual mistake regarding the terms of the plea agreement rendered trial counsel's deficient under the first prong of *Strickland*.

### ii. Prejudice Prong

343) To satisfy the second prong, the Petitioner must show but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 687-88.

344) Based on the facts of this case, Ohio's law is clear Petitioner's pleas would have been rescinded had trial counsel filed a Pre-Sentence Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1 on the basis that the parties and the trial court made a mutual mistake regarding the terms of the plea agreement. *See*

*State v. Johnson*, 182 Ohio App. 3d 628, 2009-Ohio-1871, 914 N.E.2d 429, ¶ 14 (4th Dist.); *State v. Hart*, 8th Dist. Cuyahoga No. 84531, 2005-Ohio-107, ¶ 12, *State v. Wintrow*, 12th Dist. Preble No. CA2003-10-021, 2005-Ohio-3447, ¶ 21; *State v. Ulrey*, 8th Dist. Cuyahoga No. 71705, 1998 Ohio App. LEXIS 1880, 1998 WL 213085 (Apr. 30, 1998); and *State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545, ¶ 17.

345)   In light of the foregoing argument, evidence and case law, had trial counsel filed the Pre-Sentence Motion to Withdraw Guilty Plea on the basis that the parties and the trial court made a mutual mistake regarding the terms of the plea agreement; there was a reasonable probability the trial court would have granted the motion and permitted Petitioner to complete his jury trial.

346)   Accordingly, trial counsel's failure to file the motion deprived Petitioner effective of assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

### H. Deficient Performance of Appellate Counsel

#### i.  Performance Prong

347)   In this case, there can be little double that the omitted issue was much stronger than the issues appellate counsel presented on Petitioner's direct appeal. Trial counsel's failure to file the Pre-Sentence Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1 on the basis that the parties and the trial court made a mutual mistake regarding the terms of the plea agreement was apparent from the record

348) The omitted issue was much stronger than the issues raised by appellate counsel and was so obviously valid that any competent lawyer would have raised it. In summary, the omitted claim was obvious from the record, a dead-bang winner, and clearly stronger than the issues raised by appellate counsel. Accordingly, appellate counsel's performance was objectively unreasonable and deficient under the first prong of *Strickland* by failing to raise the omitted claim.

**D. Appropriate Habeas Remedy**

349) This District Court is well aware that habeas cases involving Sixth Amendment violations require this District Court to grant a remedy that "neutralizes" the constitutional deprivation suffered by the defendant.

350) Application of this principle requires this District Court to issue an conditional writ that vacate Petitioner's convictions, pleas and sentences on all counts and order the State of Ohio to grant Petitioner a new trial within 30 days of issuing this writ.

## IV. <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Petitioner respectfully moves this Honorable District Court to:

1. <u>**Ground for Relief One**</u>: Issue an unconditional writ ordering Petitioner's immediate release after vacating one of the Forgeries from each "pair" of forgeries in Counts 10-46, and credit Petitioner twelve months time served on the remaining count. Such remedy will fully vindicate Petitioner's double jeopardy rights. *Jones v. Thomas, supra; Williams v. Singletrary, supra; State v. Taparra, supra; People v. Whitfield, supra.*

2. **Ground for Relief One**: Issue an unconditional writ ordering Petitioner's immediate release after vacating the twelve month prison sentence on Counts 2, 4, 6, 8, and 12 and granting Petitioner time served on Counts 3, 5, 7, 9, and 13. *Jones v. Thomas, supra*; *Williams v. Singletrary, supra*; *State v. Taparra, supra*; *People v. Whitfield, supra*.

3. **Ground for Relief One**: In the alternative, Petitioner moves this District Court to issue a conditional writ order the State of Ohio resentence Petitioner on Counts 2, 4, 6, 8, and 12, with specific instruction to grant Petitioner twelve month credit against Counts 2, 4, 6, 8, and 12 for the time Petitioner already completed on Counts 3, 5, 7, 9, and 13 and immediately release the Petitioner from custody. *Jones v. Thomas, supra*; *Williams v. Singletrary, supra*; *State v. Taparra, supra*; *People v. Whitfield, supra*.

4. **Ground for Relief Two**: Issue an unconditional writ ordering Petitioner's immediate release after reinstating the 4 years and 2 month plea agreement.

5. **Ground for Relief Three**: Issue a conditional writ ordering the state trial court to correct the record by journalizing a concurrent twelve month prison sentence on Count 12. Additionally, the order should also include issue specific instruction to the state trial court to credit Petitioner twelve months against Count 12 when order the sentence to be served concurrently.

6. **Ground for Relief Four**: Issue a conditional writ ordering the state trial court to correct the record by journalizing a concurrent twelve month prison sentence on Count 12. Additionally, the order should also include issue specific instruction to the state trial court to credit Petitioner twelve months against Count 12 when order the sentence to be served concurrently.

7. **Ground for Relief Five**: Issue a conditional writ ordering the state trial court to journalize a sentence that order the Richland County sentence be served consecutively only with the 12 month sentence imposed in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655.

8. **Ground for Relief Six:** Issue a conditional writ ordering the state trial court to journalize a sentence that order the Richland County sentence be served consecutively only with the 12 month sentence imposed in State v. Walker, Cuyahoga County C.P. Case No. CR-08-512655, within 30 days of issuing the instant writ.

9. **Ground for Relief Seven**: Issue an unconditional writ that vacate and dismisses Petitioner's convictions, pleas and sentences on Counts 2-46 pursuant to R.C. 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution

10. **Ground for Relief Eight**: Issue a conditional writ vacating Petitioner's convictions, pleas and sentences and ordering the State of Ohio to grant Petitioner a new trial within 30 days of issuing the writ.

11. **Ground for Relief Nine**: Issue a conditional writ vacating Petitioner's convictions, pleas and sentences and ordering the State of Ohio to grant Petitioner a new trial within 30 days of issuing the writ.

12. **Ground for Relief Ten**: Issue a conditional writ vacating Petitioner's convictions, pleas and sentences and ordering the State of Ohio to grant Petitioner a new trial within 30 days of issuing the writ.

Respectfully submitted,
**GARY D. WALKER**
Petitioner.

GARY D. WALKER
Inmate No. A554-324
Richland Correctional Inst.
1001 Olivesburg Street
Mansfield, Ohio 44901

## CERTIFICATE OF SERVICE

I, Gary D. Walker, hereby certify that a true and accurate copy of the foregoing Petition for Writ of Habeas Corpus, was hand delivered to the Clerk for the United States District Court for the Northern District of Ohio, at Carl B. Stokes, U.S. Courthouse, 801 West Superior Avenue, Room 2-161, Cleveland, Ohio 44113-1830, this 7th day of April, 2018.

Respectfully submitted,
**GARY D. WALKER**
Petitioner.

GARY D. WALKER
Inmate No. A554-324
Richland Correctional Inst.
1001 Olivesburg Street
Mansfield, Ohio 44901

## INSTRUCTIONS TO CLERK:

**Please perfect service of the instant Petition for Writ of Habeas Corpus and Summons, which is filed herewith, on Respondent at the address in the caption of this Petition, in compliance with Fed. Civ. R. 4(c)(3).**