UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | ) | Case No. 1:18CV0806 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| DAVID MARQUIS, | ) | |
| Warden, | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |

Gary D. Walker ("Walker" or "petitioner") has filed a 129-page petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2. At the time he filed his petition, the petitioner was in the custody of the Richland Correctional Institution pursuant to journal entry of sentence dated June 2, 2009, in the case of *State v. Walker*, Case No. 2009-CR-0052D. (R. 1, PageID #: 4; R. 8, RX 6, 7, 133.)

Walker filed the petition *pro se,* concerning his 2009 conviction for engaging in a pattern of corrupt activity (forged checks) and grand theft, in the Richland County (Ohio) Court of Common Pleas. (R. 8, RX 6, 7, 133, PageID #: 177-180, 1602-1605; R. 1, PageID #: 3-4.) The respondent has filed a Return of Writ (R. 9), and Walker has filed a Traverse (R. 16).

In addition to his petition, Walker has filed numerous motions, which are pending before the court. (R. 17, 18, 20, 21, 23, 25, 26, 31.) The respondent has

filed an opposition (R. 22) to several of these motions, and briefing is still pending on the remainder. The court will address Walker's motions for which the parties have completed briefing at this time, and the remainder will be resolved in due course.

## I. MOTION TO SUBSTITUTE RESPONDENT

On September 28, 2018, Walker notified the court that he had been transferred to Warren Correctional Institution in Lebanon, Ohio. (R. 19.) He moves to substitute Warden Wanda Jackson of Warren Correctional Institution for the named respondent, Warden Marquis of Richland Correctional Institution. (R. 21.) The motion to substitute Warden Jackson as respondent is GRANTED.

## II. MOTION TO TRANSFER VENUE

Walker also moves the court to transfer this action to the Southern District of Ohio, on the basis that he is now incarcerated at a correctional institution located in the Southern District. (R. 17, PageID #: 2026; *see also* R. 22, PageID #: 2049 (Warren C.I. in Southern District).) Walker indicates that he filed a related habeas action, in the Southern District. (R. 17, PageID #: 2026, citing *Walker v. Lake Erie Corr. Inst.*, No. 1:13CV159 (S.D. Ohio); *see also* R. 6 (respondent's notice of related case).) However, that case was closed in 2016. *Walker v. Warden, Lake Erie Corr. Inst.*, No. 1:13CV159, 2016 WL 1019258, at *8 (S.D. Ohio Mar. 15, 2016).

Under 28 U.S.C. § 2241(d), an inmate in a state that has more than one federal judicial district may file a writ of habeas corpus in either the district in which the inmate was convicted or the district in which the inmate is confined. *Phillips v. Robinson*, No. 5:12CV2323, 2013 WL 3990756, at *14 (N.D. Ohio Aug. 2, 2013). Those district courts have concurrent jurisdiction to entertain the application. *Id.* The Sixth Circuit, however, has stated that a petition for habeas corpus "must be filed in the district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003); *see also Watford v. Ormond*, No. CV 17-322, 2018 WL 1434818, at *1 (E.D. Ky. Mar. 22, 2018) (same, citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 442-443 (2004)); *Mercedes v. Sniezek*, No. 4:06 CV 2529, 2007 WL 4190469, at *2 (N.D. Ohio Nov. 19, 2007) (citing *Martin*). Walker was incarcerated in this district at the time he filed his petition, and venue is proper here. The petitioner's motion (R. 17) to transfer venue to the Southern District of Ohio is DENIED.

### III. MOTION FOR BAIL PENDING HABEAS REVIEW

Walker has filed a motion for his release on bail bond during the pendency of his habeas proceedings. (R. 26, PageID #: 2082, 2096-2101.) Walker is incarcerated because he was found guilty of multiple criminal offenses, and his conviction was upheld on direct appeal. (R. 8, RX 106; *State v. Walker*, No. 09CA88, 2016 WL 8467006 (Ohio Ct. App. Dec. 16, 2016).) At this point in the proceedings, this court must accept that conviction as valid.

3

The release of a state prisoner pending consideration of the merits of his federal habeas petition is reserved for extraordinary circumstances. *Greenup v. Snyder*, No. 01-6572, 2003 WL 173097 (6th Cir. Jan. 23, 2003) (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)). Because a habeas petitioner is attacking a presumptively valid state conviction, "it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits." *Lee*, 989 F.2d at 871.

In *Dotson v. Clark*, the Sixth Circuit stated:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (internal citations omitted). Thus, even if Walker were able to demonstrate that his habeas claim was substantial, he would still have to show some exceptional circumstance "deserving of special treatment." Walker's motion fails to establish any extraordinary circumstance.

The motion for release on bail bond (R. 26) is DENIED.

## IV. MOTION TO STRIKE

Walker filed a Motion to Strike Insufficient Defenses, arguing that respondent's Return of Writ contains two "insufficient and frivolous" defenses to the second ground of the petition. (R. 18, PageID #: 2032.) The second ground of the petition is based on ineffective assistance of appellate counsel. (R. 1, PageID #: 28.)

4

In the Return of Writ, respondent argues that the second ground was procedurally defaulted. (R. 9, PageID #: 1968-1970.)

Civil Rule 12(f) permits the court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Cronovich v. Dunn*, 573 F.Supp. 1330, 1338 (E.D. Mich. 1983) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953)); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("extreme and disfavored measure"); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (disfavored) (citing cases). Striking a portion of a pleading is a "drastic remedy," which is used sparingly. *Dunbar & Sullivan Dredging Co. v. John R. Jurgensen Co.*, 44 F.R.D. 467, 472 (S.D. Ohio 1967), *aff'd*, 396 F.2d 152 (6th Cir. 1968); *Cronovich*, 573 F.Supp. at 1338.

A motion to strike may be granted when it aids in eliminating spurious issues, thereby streamlining the litigation. *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1047 (W.D. Tenn. 2011). However, a motion to strike should not be used as a vehicle to determine disputed and substantial questions of law or fact. *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000); *see also Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015), *aff'd*, 867 F.3d 692 (6th Cir. 2017) (motion should not be granted if insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on the merits); *Riemer v. Chase Bank, N.A.*, 275

5

F.R.D. 492, 494 (N.D. Ill. 2011) (citing cases) (motion to strike is not mechanism for deciding disputed issues of law or fact); *Dunbar & Sullivan*, 44 F.R.D. at 472 (citing cases) (motion will not be granted if defense may be better determined on the merits).

Walker's motion to strike contends that the respondent's defenses and arguments in question lack merit. These arguments on the merits are more appropriate for the petitioner's Traverse, rather than a motion to strike. *See generally Hemlock Semiconductor*, 116 F. Supp. 3d at 823; *Riemer*, 275 F.R.D. at 494; *Bristol-Myers*, 77 F. Supp. 2d at 619; *Dunbar & Sullivan Dredging*, 44 F.R.D. at 472.

The motion to strike (doc. 18) is DENIED.

## V. MOTION TO EXPAND THE RECORD

Walker has also filed a Motion to Expand the Record and/or Motion for Evidentiary Hearing. (R. 20.) Walker seeks to have the court expand the record to include transcripts from pre-trial hearings dated March 6, 2009, March 31, 2009, and May 4, 2009, which he contends are relevant to the second ground of the petition. (R. 20, PageID #: 2040-2041.) As mentioned earlier, the second ground of the petition is based on ineffective assistance of appellate counsel. (R. 1, PageID #: 28.) In his petition, Walker argues that trial counsel was ineffective for causing him to reject a favorable plea agreement, and appellate counsel should have raised this claim on direct appeal. *Id.* at 33.

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the resolution of the petition. The decision whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *Ashworth v. Bagley*, No. C-2-00-1322, 2002 WL 485003, at *11 (S.D. Ohio Mar. 28, 2002) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.), *cert. denied*, 488 U.S. 928 (1988)). However, expansion of the record must not undermine the presumption of correctness of any factual finding made by the state courts. *Id.* at *13 (citing 28 U.S.C. § 2254(e)(1)).

The Return of Writ filed by the respondent includes the various appeals, post-conviction motions, and other pertinent materials for the court's consideration. *See generally* doc. 8-9, and exhibits. In his appeal to the Supreme Court of Ohio, Walker argued that he was deprived of effective assistance of counsel because counsel failed to have the transcripts of the aforementioned pre-trial hearings transcribed. (R. 8-1, RX 108, PageID #: 1374-1376.) From the briefings of the parties, it appears that such transcripts do not exist. *See* R. 22, PageID #: 2051 (petitioner does not indicate that hearings were ever transcribed); R. 8-1, RX 108, PageID #: 1375 (hearings were not transcribed).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). The documents and exhibits

already filed by the respondent appear satisfactory to allow the court to make that determination.

The motion to expand the record, or to hold an evidentiary hearing, (doc. 20) is DENIED.

## VI. PRISON LAW LIBRARY

Walker had filed a Motion to Permit Petitioner Access to the Prison Law Library (R. 23), but has since withdrawn said motion. (R. 28, PageID # 2113.) The motion is therefore DENIED as moot.

## VII. CONCLUSION

The petitioner's motion (R. 17) to transfer venue to the Southern District of Ohio is DENIED. The motion to strike (R. 18) is DENIED. The motion to expand the record, or to hold an evidentiary hearing, (doc. 20) is DENIED. The petitioner's motion to substitute Warden Jackson as respondent (R. 21) is GRANTED. The motion for release on bail bond (R. 26) is DENIED. The Motion to Permit Petitioner Access to the Prison Law Library (R. 23) is DENIED as moot.

IT IS SO ORDERED.

Dated:  January 28, 2019                  /s/ David A. Ruiz
                                          David A. Ruiz
                                          United States Magistrate Judge