UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | ) | CASE NO. 1:18-CV-0806 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | DAVID A. RUIZ |
| WANZA JACKSON-MITCHELL, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz, which was issued on January 28, 2019. (ECF #34). Petitioner filed Objections to the Report and Recommendation on February 14, 2019. (ECF #37). For the following reasons, the Report and Recommendation is ADOPTED. Petitioner's Motion for Summary Judgment (ECF #25) is DENIED.

**Procedural and Factual Background**

This case arises from Petitioner's convictions in Richland County, Ohio Court of Common Pleas for engaging in a pattern of corrupt activity, forgery, and grand theft. Petitioner was sentenced to a total of twelve (12) years after pleading guilty to a 47 count indictment. On April 10, 2018, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF #1). Respondent filed a Return of Writ (ECF #9), and Petitioner filed a Traverse. (ECF #16). Petitioner also filed a Motion for Summary Judgment on Grounds for Relief One, Two, Three, Four, Seven, and Ten (ECF #25), as well as a motion to Proceed to Judgment. (ECF #31).

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate

Judge David A. Ruiz for the preparation of a report and recommendation. Magistrate Judge Ruiz issued his Report and Recommendation on January 18, 2019, recommending that Petitioner's Motion for Summary Judgment and Motion to Proceed to Judgment be denied. (ECF # 34 at 6). Objections to the Report and Recommendation were to be filed within 14 days of service. Petitioner moved the court for an extension of time until February 26, 2019 to file objections, and the court granted the motion. (ECF #36). Petitioner filed his objection to the Magistrate's Report and Recommendation on February 14, 2019. (ECF #37). This matter is now ripe for review.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

As Petitioner has filed an Objection, this Court reviews the Report and Recommendation *de novo*.

## Discussion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court finds that Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported, and correct. Petitioner's objection raises no issue which was not fully considered and rejected by the Magistrate Judge. In Petitioner's objection to the Report and Recommendation, Petitioner reiterates the arguments made in Petitioner's Motion for Summary Judgment. Each one of these arguments was thoroughly reviewed by the Magistrate Judge and properly rejected.

Petitioner raises two objections to Magistrate Judge Ruiz's Report and Recommendation First, Petitioner claims that Magistrate Judge Ruiz erroneously determined that there were material facts in dispute because Respondent denied each and every ground for relief contained in Petitioner's habeas petition. (ECF #37 at 2). Petitioner asserts that such blanket denials are insufficient to create a genuine issue of material fact. (*Id.*). However, as Magistrate Judge Ruiz addressed in his Report and Recommendation, Petitioner had misconstrued the applicable legal standard for granting his writ, and his argument was perfunctory. (ECF # 34 at 5).

Petitioner's second objection claims that Magistrate Ruiz applied an improper standard of review, specifically that Magistrate Judge Ruiz only applied 28 U.S.C. § 2254(d)(1) instead of 28 U.S.C. § 2254(d)(2). (ECF #37 at 3). Under both standards, Petitioner's Motion for Summary Judgment would be denied because Petitioner is not entitled to a judgment as a matter of law on the facts before this Court.

Furthermore, the denial of the Motion for Summary Judgment means that there is a genuine

issue of material fact or that the Petitioner is not entitled to judgment as a matter of law. The denial of Petitioner's Motion for Summary Judgment shall not serve as a denial of his writ of habeas corpus. Magistrate Judge Ruiz's Report and Recommendation, which this Court adopts, states that the merits of Petitioner's arguments will be considered based on the parties' arguments in the Return of Writ and the Traverse. (ECF #34 at 6).

## Conclusion

After a *de novo* review of the record and Petitioner's Objection, the Court ADOPTS the Report and Recommendation of Magistrate Judge Ruiz. (ECF # 34). Petitioner's Motion for Summary Judgment (ECF #25) and Motion to Proceed to Judgment (ECF #31) are DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 14, 2019