UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | ) | Case No. 1:18CV0806 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| DAVID MARQUIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

Gary D. Walker ("Walker" or "petitioner") has filed a 129-page petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is before the magistrate judge pursuant to Local Rule 72.2.  At the time he filed his petition, the petitioner was in the custody of the Richland Correctional Institution pursuant to journal entry of sentence dated June 2, 2009, in the case of *State v. Walker*, Case No. 2009-CR-0052D.  (R. 1, PageID #: 4; R. 8, RX 6, 7, 133.) Walker filed the petition *pro se,* concerning his 2009 convictions for engaging in a pattern of corrupt activity (forged checks) and grand theft, in the Richland County, Ohio Court of Common Pleas.  (R. 8, RX 6, 7, 133, PageID #: 177-180, 1602-1605; R. 1, PageID #: 3-4.)  The respondent has filed a Return of Writ (R. 9), and Walker has filed a Traverse (R. 16).

For the following reasons, the magistrate judge recommends that the petition be denied.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct.  28 U.S.C. § 2254(e)(1); *Johnson v. Genovese*, 924 F.3d 929, 938 (6th Cir. 2019); *Thomas v. Stephenson*, 898 F.3d 693, 696 (6th Cir. 2018).  The same deference is applied to state-court factual findings

made by a state appellate court based on the trial record.  *Johnson*, 924 F.3d at 938; *Carruthers v. Mays*, 889 F.3d 273, 277 n.1 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1173 (2019).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018) (per curiam); *Mitchell v. MacLaren*, 933 F.3d 526, 531-532 (6th Cir. 2019) (citing *Henley v. Bell*, 487 F.3d 379, 384 (6th Cir. 2007)); *Johnson*, 924 F.3d at 938; *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Walker does not challenge the state court's recitation of the underlying facts.  The Ohio Court of Appeals, Fifth District ("Ohio appellate court") provided the following factual and procedural background:

> This case arose from a scheme in which appellant directed others to cash forged federal stimulus checks at Wal-Marts throughout Ohio. The case has a lengthy factual and procedural history; the following is relevant to appellant's assignments of error.
>
> On January 9, 2009, appellant was charged by indictment with one count of engaging in a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1), a felony of the second degree [Count 1]; 46 counts of forgery pursuant to R.C. 2913.31(A)(2) and 2913.31(A)(3), all felonies of the fifth degree [Counts 2 through 47]; and one count of grand theft pursuant to R.C. 2913.02(A)(3), a felony of the fourth degree [Count 48].
>
> Each incident of forgery was charged as two counts: the even-numbered counts, beginning with Count 2, are charged pursuant to R.C. 2913.31(A)(2) [forging]. The odd-numbered counts, beginning with Count 3, are charged pursuant to R.C. 2913.31(A)(3) [uttering]. Count 47 stands alone because appellant did not utter, i.e. cash that check.
>
> The indictment as amended states the following:
>
>> [Appellant], on or about a period from June 12, 2008, through November 30, 2008, in a continuing course of conduct in Richland, Ashland, Summit, Stark, Cuyahoga, Holmes, Tuscarawas, and Wayne Counties, [appellant] did, while employed by or associated with an enterprise, to wit: [appellant] and/or Starisia Moore, and/or other identified and unidentified individuals did conduct or participate in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.  [Appellant]

engaged in, conspired to engage in, attempted to engage in or coerced another to engage in violations of the law including but not limited to forgery and theft as set out in the subsequent counts and incorporated as if fully restated herein.  This enterprise functioned to create forged Federal Government stimulus checks using an account number assigned to actual stimulus checks.  Individuals with identification and the ability to cash the checks were recruited, made payees of the forged checks, and driven to Wal–Mart stores in the aforementioned counties in order to cash the forged checks.  Payees were compensated with a small portion of the proceeds of the check upon cashing it, with the remainder of the proceeds going to [appellant] and/or Starisia Moore.  The aggregate value of these thefts is $32,538.  As a result of the actions of the enterprise, [appellant] was convicted of three counts of Complicity to Commit Forgery, in Ashland County, Ohio Common Pleas case number 08-CRI-108 on October 6, 2008.
* * * *.

In pretrial discovery, appellee disclosed appellant's prior adult criminal record including: 1) three counts of complicity to forgery in Ashland County Court of Common Pleas case no. 08-CRI-108, to which appellant was sentenced to a term of 10 months on each count to be served concurrently, and an additional one-year term for violations of post-release control, to be served consecutively; and 2) Cuyahoga County Court of Common Pleas case nos. 08-CR-512655 and 08-CR-507670-A.  Appellee also disclosed appellant's record of prior convictions including "* * *3/30/04 Cuyahoga CPC, convicted of Trafficking in Drugs, Possession of Drugs, and Unauthorized Use of Motor Vehicle, 2 years; 4/24/06 CC CPC, convicted of Failure to Comply with Signal of Police Officer and Trafficking in Drugs, 1 year; 10/23/06 CC CPC, convicted of Resisting Arrest, 1 year; 5/08 or thereafter, Felony Theft, Cuyahoga County CPC # 08-CR-512655 & # 08-CR-507670-A, 12 months additional to Ashland County sentences." (Appellee's "Continance to Answer to Discovery," *sic*, May 22, 2009.)

On June 2, 2009, in the midst of a jury trial, appellant withdrew his pleas of not guilty and entered counseled guilty pleas to the remaining 47 counts in the indictment.  The trial court proceeded to immediate sentencing. The parties agreed the 45 counts of forgery were allied offenses of similar import and the trial court could only impose sentence upon one count of each pair of forgery charges. At the plea hearing, appellant was given an "Admission of Guilt/Judgment Entry" describing his pleas, the associated penalties, and the rights he waived upon entering the pleas.

Appellant was sentenced to a prison term of 7 years upon Count 1, engaging in a pattern of corrupt activity, and a term of 12 months upon Count 48, grand theft. During the sentencing hearing, the trial court also stated:

3

THE COURT: * * * *.
You have an engaging in a pattern of corrupt activity.  For that
particular charge, I sentence you to seven years in prison.  That
really is sort of the framework in which all this stuff takes place,
this enterprise you had of cashing forged checks.

On the theft counts, I'm sentencing you to a year for the theft
counts, twelve months, in other words.  For each of the forgeries
I'm sentencing you to twelve months in prison.

I am making Counts 1, 48, 2, 4, 6 and 8 consecutive, the rest are
concurrent.  That means your total sentence is twelve years prison.
That will be consecutive to your other sentence.

* * * *.

Appellant was also ordered to make restitution to Wal-Mart in the amount of
$32,538.  The trial court ordered forfeiture of three vehicles pursuant to
specifications in the indictment.

The sentencing entry states as follows: * * *.  "Count 2, 4, 6, 8, 10, 12, 14, 16, 18,
20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 45 & 47: 12 mos. each count." * * *,
and further: "If there is more than one count, or if there are other cases, the
sentences will be served consecutively on counts 1, 2, 4, 6, 8, and 12 and on
sentences from other courts; concurrently on other counts.  The total sentence in
this case is 12 years prison."

On July 1, 2009, appellant filed a notice of direct appeal.  On September 4, 2009,
appellant filed a motion to dismiss the appeal, which we granted on September
24, 2009.

On September 28, 2009, appellant filed a "Motion for Sentencing" arguing the
trial court did not properly notify him of the consequences of a violation of post-
release control; appellee agreed that the matter should be remanded for the limited
purpose of resentencing pursuant to R.C. 2929.19(B)(3)(e).  The record contains a
transcript of the resentencing hearing held on December 30, 2009.  On July 28,
2010, the trial court filed a "Judgment Entry on Defendant's Motions" and
"Findings and Journal Entry" stating that although appellant was not personally
advised in open court of the consequences of a post-release control violation at
the original sentencing, he received written notification in the sentencing entry
and the court corrected any error when it properly advised appellant during a
video conference pursuant to R.C. 2929.191(C).

Appellant filed a number of motions to reactivate or reopen his appeal, all of
which were denied.

On March 15, 2016, the U.S. District Court for the Southern District of Ohio, Western Division granted appellant a conditional writ of habeas corpus, ordering that appellant was to be released unless he was granted a new direct appeal of the Richland County conviction with appointed counsel within 180 days. *Walker v. Warden, Lake Erie Correctional Institution*, S.D.Ohio No. 1:13cv159 (Mar. 15, 2016) [].

We reopened appellant's direct appeal on April 12, 2016.

(R. 8-1, RX 106, PageID #: 1332-1336; *State v. Walker*, No. 09CA88, 2016 WL 8467006, at *1-*3 (Ohio Ct. App. Dec. 16, 2016) (footnotes omitted).) In a subsequent decision, the Ohio court of appeals updated the procedural posture of the case, as follows:

Appellant assigned eight errors on the reopened appeal. We vacated the trial court orders to pay court costs and restitution, and remanded the case to the trial court for the limited purposes of 1) allowing Appellant to move the court to waive payment of court costs, and 2) permitting the trial court to consider Appellant's present and future ability to pay $32,538 in restitution. *State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 62. In all other respects we affirmed Appellant's convictions and sentences.

The trial court held a hearing on March 13, 2017, on the issue of restitution and court costs. Following the hearing, the trial court amended restitution from $32,538 to $20,000, and left the order to pay court costs in place. Appellant filed a writ of mandamus with this Court seeking a final appealable order in compliance with *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330. Appellant also filed a direct appeal from the judgment entry in Appellate Case Number 17CA32.

The trial court issued a nunc pro tunc sentencing entry on May 31, 2017, incorporating its restitution order of March 29, 2017, with its 2009 sentencing entry. The writ of mandamus was thereafter dismissed, and Appellant filed a notice of appeal from the May 31, 2017 entry in Appellate Case Number 17CA53.

(R. 8-1, RX 140, PageID #: 1705-1706; *State v. Walker*, No. 17CA53, 2017 WL 5483341, at *1 (Ohio Ct. App. Nov. 13, 2017).) Walker filed a number of additional post-conviction motions, which are set forth in the respondent's Return of Writ. *See* R. 9, PageID #: 1933-1955; *see generally* R. 8 (state court record). Relevant motions will be discussed in the appropriate sections of this memorandum.

On April 10, 2018, Walker filed a petition for a writ of habeas corpus in this court, alleging ten grounds for relief.  Walker, however, has voluntarily dismissed grounds 8, 9, and 10, which will not be addressed herein; and the following grounds remain.  (R. 42, 43.)

1.  The state trial court violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution by imposing multiple sentences on the same offense, to wit: the forgeries in Counts 2-46 of the indictment.

2.  Petitioner was deprived [of] effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal: "Appellant was deprived [of] effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution during plea negotiations causing Appellant to reject a favorable plea agreement of 4 years and 2 months."

3.  Petitioner was deprived [of] effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal: "The trial court erred when it deprived Walker of his right to be present at sentence when the trial court increased and modified Walker's sentence on count 12 outside of Walker's presence in the June 2, 2009, sentencing entry in violation of Ohio Crim. R. 43(A)."

4.  Petitioner was deprived [of] effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal: "The trial court erred when it completely deprived Walker of his right to counsel at a critical stage of the proceedings (sentencing) by increasing and modifying Petitioners sentence on Count 12 in the June 2, 2009, sentence entry without counsel being present thereby violating the Sixth Amendment to the United States Constitution."

5.  The state trial court violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by increasing Petitioner's single consecutive sentence outside of Petitioner['s] presence in the June 2, 2009, Sentencing Entry.

6.  The state trial court violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by imposing an ambiguous consecutive sentence at the oral sentencing hearing.

7.  Petitioner was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise on Petitioner's direct appeal: "Walker was deprived effective assistance of trial counsel in violation of the Sixth Amendment to the United

States Constitution during plea negotiations when counsel advised Walker to plead guilty to Counts 2-46, as opposed to advising Walker Count 2-46 should be dismissed pursuant to R.C. 2901.12(H) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

(R. 1, PageID #: 13, 28, 44, 58, 67, 75, 82.)

## II.    HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state court decision is not unreasonable simply because the federal court considers the state decision to

7

be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Walker has filed his petition *pro se*.  The pleadings drafted by a *pro se* litigant are held to less stringent standards than pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  No other special treatment is afforded litigants who decide to proceed *pro se*.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III.    ANALYSIS

### A.    STATE LAW CLAIMS

The respondent argues that the first, fifth, and sixth grounds of the petition are state law claims not cognizable in federal habeas review.  (R. 9, PageID #: 1958-1963.)

#### 1.  First Ground:  Allied Offenses

Petitioner's first ground for relief asserts a double jeopardy violation for "multiple sentences on the same offense."  (R. 1, PageID #: 13.)  Walker contends that the trial court imposed multiple 12-month sentences on each of the forgery counts in violation of the Double Jeopardy Clause.  *Id.* at 14.  Petitioner states the claim was raised in state court as an allied-offenses claim.  *Id.* at 15.  He argues that a defendant may not be subject to multiple punishments for the same offense unless the state legislature intended that punishment.  *Id.* at 17-18.

In state court, Walker raised this issue on appeal in the first assignment of error, asserting:

8

> The trial court erred when it failed to merge the forgeries in violation of [Ohio Rev. Code] 2913.31(A)(2) and the forgeries in violation of [Ohio Rev. Code] 2913.31(A)(3), and ordered the sentences to be served concurrently when these offenses were allied offenses of similar import, thereby violating Walker's rights to the double [jeopardy] clause to the United States Constitution and [Ohio Rev. Code] 2941.25(A).

(R. 8-1, RX 101, PageID #: 1243, 1247-1248.)  However, in the brief's "issue presented for review" section, Walker asserted: "Did the trial court err when it sentenced Walker to concurrent terms on the Forgeries in violation of [Ohio Rev. Code] 2913.31(A)(2) and the Forgeries in violation of [Ohio Rev. Code] 2913.31(A)(3), when these offenses were allied offenses of similar import?" *Id.* at 1244, 1248.  Walker's argument in that appeal was based entirely on state law, and only referenced the Double Jeopardy Clause in the caption.[1]  *Id.* at 1247-1249.  The state appellate court ruled on his claim as an issue of state law, and found that the trial court's sentencing had been proper.  (R. 8-1, RX 106, PageID #: 1340-1341; *Walker*, 2016 WL 8467006, at *4-*5.)  Further, the appellate court determined that the trial court did merge each pair of forgery counts.  *Id.*  In his habeas petition, Walker argues that he would have received a different sentence had the state courts properly recognized the crimes as "allied offenses" under Ohio law.  (R. 1, PageID #: 17-18.)

Petitioner's first ground for relief, alleging that the trial court erred by not merging his convictions as allied offenses, is based on the application of state law, *see* Ohio Revised Code § 2941.25(A), and not on the Double Jeopardy Clause.  *See, e.g., Minor v. Wainwright*, No. 19-3206, 2019 WL 2489656, at *2 (6th Cir. June 6, 2019).  A challenge to the state court's application of Ohio's allied offenses statute is not cognizable on federal habeas review.  *Minor,*

---

[1]  For habeas review, a claim must have been presented to the state courts under the same theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also Brandon v. Stone*, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004)).

2019 WL 2489656, at *2 (citing *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 118 (2014)); *Hawkins v. Warden, Ross Corr. Inst.*, No. 2:19CV3870, 2019 WL 5586884, at *1 (S.D. Ohio Oct. 30, 2019); *Askew v. Bradshaw*, No. 5:12CV131, 2017 WL 3336599, at *2-*3 (N.D. Ohio Aug. 4, 2017); *but see Spence v. Sheets*, 675 F. Supp. 2d 792, 824 (S.D. Ohio 2009) (contra; Ohio's allied offenses statute based on double jeopardy concerns). Federal habeas relief is not available for a claimed violation of state law; thus, any alleged violation of Ohio law is not properly before this court.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### 2.  Fifth and Sixth Grounds:  Sentencing

The fifth ground for relief asserts a due process violation when the trial court allegedly increased Walker's consecutive sentence outside his presence in the June 2, 2009, sentencing entry.  (R. 1, PageID #: 67.)  The sixth ground alleges a due process violation when the trial court imposed "an ambiguous consecutive sentence" at the sentencing hearing.  *Id.* at 75.  These two arguments were combined as sub-claims within Walker's second assignment of error in his state court direct appeal.  (R. 8-1, RX 101, PageID #: 1251.)  Walker's appellate brief framed these claims as follows:

> [Assignment of Error Two] The trial court denied Walker due process of law under the Fourteenth Amendment to the United States Constitution when the court imposed an ambiguous consecutive sentence, and then subsequently modified Walker's sentence by imposing consecutive sentence(s) in the judgment entry in violation of Rule 43 of the Ohio Rules of Criminal Procedure.
>
> A)  Did the trial court impose an ambiguous consecutive sentence when the court failed to state which single sentence the twelve year Richland County [sentence] be served consecutive to?
>
> B)  Did the trial court err when it imposed consecutive sentence(s) in the judgment entry and failed to do so in open court?

*Id.* at 1243, 1245, 1251-1255. Here too, Walker's argument on appeal was based entirely on state law (Ohio Criminal Rule 43), and did not raise any federal constitutional arguments, even though the caption for this claim referenced the Fourteenth Amendment. *Id.* at 1253-1255. The state appellate court ruled on this claim as an issue of state law, and again found that the trial court's sentencing had been proper. (R. 8-1, RX 106, PageID #: 1342-1343; *Walker*, 2016 WL 8467006, at *5.)

Generally, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. *Howard v. White*, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); *Kipen v. Renico*, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003). It stands here that federal habeas relief is not available for a claimed error of state law. *Lewis*, 497 U.S. at 780.[2]

The petition should not be granted on the basis of the fifth or the sixth grounds.

**B.      INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

The second, third, fourth, and seventh grounds in the Walker's petition allege ineffective assistance of appellate counsel. (R. 1, PageID #: 28, 44, 58, 82.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 138 (2012); *Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). A criminal appellant is constitutionally entitled to the effective assistance of counsel in

---

[2] Furthermore, the U.S. Supreme Court has ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. *Oregon v. Ice*, 555 U.S. 160 (2009); *Adams v. Kelly*, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); *Shie v. Smith*, No. 1:08CV194, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009).

his direct appeal, as well as at trial.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  The Sixth Circuit

discussed the general standard for ineffective assistance of counsel in *Monzo v. Edwards*:

> To establish ineffective assistance of counsel under *Strickland*, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).  *See generally*

*Strickland v. Washington*, 466 U.S. 668, 689 (1984) (two-part test).

This habeas court must approach the state court's rulings in a highly deferential manner.

The Supreme Court stated that the "pivotal question" of whether the state court's application of

*Strickland* standard was unreasonable is different from simply deciding whether counsel's

performance fell below *Strickland*'s standard.  *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The focus on habeas review is "not whether counsel's actions were reasonable," rather, the

question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s

deferential standard."  *Id.* at 105.

The Court in *Richter* instructed that the petitioner must show that the ruling of the state

court "was so lacking in justification that there was an error well understood and comprehended

in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103;

*see also Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), *cert. denied*, 566

U.S. 991 (2012) (quoting *Richter*).  The Court acknowledged that, under the AEDPA, this

standard was "difficult to meet," however, it was "meant to be" so.  *Id.* at 102; *see also*

*Montgomery*, 654 F.3d at 676.

### 1. Second Ground for Relief

The second ground of the petition contends that appellate counsel was ineffective for failing to raise a claim that Walker's trial counsel provided ineffective assistance during plea negotiations.  (R. 1, PageID #: 28, 33-43.)  The respondent argues that this second ground is barred as procedurally defaulted.  (R. 9, PageID #: 1968-1970.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).  Second, by failing to raise a claim in state court, and not pursuing the claim through the state's ordinary review process.  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).  Respondent argues that Walker did not fairly present, before the the state courts, this second ground of the petition. (R. 9, PageID #: 1969.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to

13

present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *Monzo*, 281 F.3d at 578 (quoting *State v. Williams*, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Under Ohio law, claims of ineffective assistance of appellate counsel are raised before the Ohio court of appeals in a motion to re-open the appeal. *Monzo*, 281 F.3d at 577 (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. *State v. Lamar*, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), *cert. denied*, 543 U.S. 1168 (2005); *State v. Reddick*, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).

Indeed, Walker filed an application to re-open his appeal pursuant to Ohio Appellate Rule 26(B), arguing that appellate counsel was ineffective for failing to raise five assignments of error.[3] (R. 8-1, RX 113, PageID #: 1432-1470.) Importantly, however, Walker did not assert that appellate counsel failed to raise the claim that trial counsel was ineffective during plea negotiations, causing Walker to reject a favorable plea offer, as he now contends in his second habeas petition claim.[4] *See generally* R. 1, PageID #: 28, 33-43; R. 8-1, RX 113. Thus, it appears that Walker did not fairly presented this claim to the state courts.

---

[3] Walker withdrew a sixth proposed assignment of error. (R. 8-1, RX 116-117.)

[4] The court notes that Walker's fifth assignment of error in his Rule 26(B) application asserted that his appellate counsel should have argued his trial counsel was ineffective during plea negotiations for not advising him that certain charges should be dismissed as allied offenses. *Id.* at 1441. But Walker's argument in state court continued, that had his trial counsel not been ineffective Walker would not have plead guilty and "would have insisted in completing his

Walker's habeas petition seems to anticipate this procedural deficiency, however, and states that he exhausted the claim by raising it in an appeal to the state supreme court. (R. 1, PageID #: 28, 30.)[5] But Walker does not identify the specific filing that purportedly contains the claim. *Id.* Because Walker is proceeding *pro se*, the court has reviewed the state court record to identify whether such filing in fact occurred. *But see generally Santiago v. United States*, No. 2:01CR61, 2011 WL 3892229, at *4 (E.D. Tenn. Sept. 2, 2011) (specific supporting facts required); *Payne v. Smith*, 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002) (conclusory allegations insufficient).

Walker filed numerous appeals to the Supreme Court of Ohio. The memoranda in support of jurisdiction in his 2011 and 2012 appeals each contain a claim for ineffective assistance of appellate counsel, but no claim concerning trial counsel and the plea negotiations. *See* R. 8, RX 39, PageID #: 414, 424 (2011 appeal); R. 8, RX 54, PageID #: 574 (2012 appeal).

In Walker's 2015 appeal of the denial of a petition for post-conviction relief, his memorandum in support of jurisdiction contains one claim of ineffective assistance of trial counsel. But that filing does not assert ineffective assistance of appellate counsel for failing to raise a claim on appeal concerning trial counsel and the plea negotiations. *See* R. 8, RX 85,

---

trial…." (R. 8-1, RX 113, PageID #: 1441.). That argument is not the same as his second habeas claim before this court.

[5] Respondent disputes petitioner's claim that an issue can be exhausted if raised for the first time on appeal before the Ohio Supreme Court. (R. 9, PageID# 1969.) Because the court does not find that Walker raised the claim asserted as the second ground before the Supreme Court of Ohio, as explained herein, the court need not address the parties' arguments over whether such action would suffice to exhaust the claim. *See, e.g.*, *Williams v. Turner*, No. 3:12CV2768, 2014 WL 4441409, at *14 (N.D. Ohio Sept. 9, 2014) (citing *Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012)) (exhaustion requirement for ineffective assistance of appellate counsel claim is not satisfied for habeas purposes when petitioner files a discretionary appeal of claim to the Ohio Supreme Court rather than a Rule 26(B) application).

PageID #: 915, 923-929.  Although Walker did allege that his trial counsel was ineffective for failing to explain the advantages and disadvantages of accepting or declining the plea offer at issue, resulting in his rejecting what he now views as a favorable plea, that issue was raised as a claim of ineffective assistance of *trial counsel*, not as a claim of ineffective assistance of *appellate counsel* for, *inter alia* — failing to raise a claim on appeal concerning trial counsel and the plea negotiations, which comprises the second ground of his habeas petition.  *See* R. 1, PageID #: 28; R. 8, RX 85, PageID #: 915, 923-929.  To exhaust a claim for habeas review, the claim must have been presented to the state courts under the same theory in which it is later presented in federal court.  *Wong*, 142 F.3d at 322; *see also Brandon*, 2007 WL 786330, at *1 (citing *Williams*, 380 F.3d at 969).

Further, Walker's January 2017 appeal to the state high court presented a memorandum in support of jurisdiction that contained two claims alleging ineffective assistance of appellate counsel.  But neither claim contends such ineffective assistance pertained to appellate counsel not raising on appeal a claim concerning trial counsel and the plea negotiations.  *See* R. 8-1, RX 108, PageID #: 1359-1360.  Finally, the memorandum in support of jurisdiction, in Walker's December 2017 appeal of the state appellate court's decision denying his Rule 26(B) application to re-open his state court appeal, does not contain the claim at issue — that trial counsel was ineffective during plea negotiations causing Walker to reject a favorable plea offer.  *See* R. 8-1, RX 123, PageID #: 1542-1543, 1552-1558.

Walker failed to raise the second ground of the petition in his Rule 26(B) application; thus, the claim has been procedurally defaulted.  Although Walker contends that he exhausted the claim by raising it on appeal to the state supreme court (R. 1, PageID #: 30), he does not identify the filing that purportedly contains the claim, and the court's review of the record does

16

not find support for his assertion. Walker cannot pursue his Rule 26(B) application any further in state court, because the Supreme Court of Ohio will not entertain a delayed appeal of his Rule 26(B) application. *Amell v. Smith*, No. 5:10CV191, 2010 WL 5283295, at *5 (N.D. Ohio Nov. 23, 2010); *Hairston v. Kelly*, No. 1:10CV19, 2010 WL 2758122, at *3 (N.D. Ohio June 23, 2010); Ohio S.Ct.Prac.R. 7.01(A)(4)(c). The court finds the second ground of the petition was not fairly presented to the state courts, and has been procedurally defaulted because the Ohio state courts would no longer entertain the claim.[6] *Adams*, 484 F.Supp.2d at 769 (citing *Buell*, 274 F.3d at 349).

When a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell*, 274 F.3d at 348 (quoting *Coleman*, 501 U.S. at 750). Walker's Traverse does not attempt overcome respondent's procedural default argument by demonstrating either "cause and prejudice," or that failure to consider this claim will result in a fundamental miscarriage of justice. *See generally* R. 16, PageID #: 2004-2007.

Therefore, the petition should not be granted on the basis of the second ground.

### 2. Merits of Ineffective Assistance Claims

---

[6] Because the court does not find that Walker raised the claim asserted as the second ground before the Supreme Court of Ohio, the court need not address the parties' argument over whether such action would have sufficed to exhaust the claim. *See, e.g.*, *Williams v. Turner*, No. 3:12CV2768, 2014 WL 4441409, at *14 (N.D. Ohio Sept. 9, 2014) (citing *Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012)) (exhaustion requirement for ineffective assistance of appellate counsel claim is not satisfied for habeas purposes when petitioner files a discretionary appeal of claim to the Ohio Supreme Court rather than a Rule 26(B) application).

The third, fourth, and seventh grounds of Walker's petition assert ineffective assistance of appellate counsel claims, addressed in the state court.  (R. 1, PageID #: 44, 58, 82.) Respondent argues that Walker has failed to show that the state court rulings on these claims were contrary to, or an unreasonable application of, clearly established federal law.  (R. 9, PageID #: 1975, 1982.)

Before the state appellate court, Walker's Rule 26(B) application to re-open his appeal asserted that he was deprived the effective assistance of appellate counsel when such counsel failed to raise the following assignments of error on direct appeal:

> [1.]  The trial court erred when it deprived Walker of his right to be present at sentencing where the trial court increased and modified Walker's sentence on Count 12, outside of Walker's presence in the June 2, 2009, Sentencing Entry, in violation of [Ohio] Crim.R. 43(A).
>
> [2.]  The trial court erred when it completely deprived Walker of his right to counsel at a critical stage of the proceedings (sentencing) when the trial court sentenced Walker outside of his presence by increasing Walker's sentence on Count 12 in the June 2, 2009, Sentence Entry, violating the Sixth Amendment to the United States Constitution.
>
> [5.]  Walker was deprived [of] effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution during plea negotiations when counsel advised Walker to plead guilty to Counts 2-46, as opposed [to] advising Walker that Counts 2-46 should be dismissed pursuant to [Ohio Rev. Code §§] 2901.12(H), 2913.61(C)(1), and [the] Double Jeopardy Clause [of] the Fifth Amendment to the United States Constitution.

(R. 8-1, RX 113, PageID #: 1433, 1434, 1438; *see also* R. 1, PageID #: 44, 58, 82.)  These issues are presented in Walker's habeas petition as the third, fourth and seventh habeas claims, respectively.

### a.  First Two Claims in Rule 26(B) Application/ Third and Fourth Grounds for Habeas Relief

The state appellate court addressed the first two assignments of error as follows:

[Ohio] App.R. 26(B) permits a defendant to apply for reopening of an appeal from judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel.  *See also, State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204(1992). The Ohio Supreme Court has determined the two-prong analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is the appropriate standard for evaluation of a claim of ineffective assistance of appellate counsel.  *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996).

To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently.  *See, Strickland, supra.*  In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy." *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

"There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."  *Strickland, supra*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690. Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test.  Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

We hereby overrule appellant's application to reopen for the following reasons.

Appellant Has Not Established Ineffective Assistance<br>of Appellate Counsel

Having reviewed the arguments set forth in the application for reopening, we find appellant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

I., II.

Appellant's first and second proposed assignments of error are related and will be considered together.  Appellant argues appellate counsel was ineffective in failing to raise claims related to a discrepancy between statement of the trial court at the sentencing hearing and the sentence as it appeared in the entry.  We disagree.

On the record at the sentencing hearing, the trial court stated, "I am making Counts 1, 48, 2, 4, 6, and 8 consecutive * * *. Your total sentence is 12 years" (emphasis added).

We note that appellant entered guilty pleas to, and was convicted of, both counts: Counts 12, forgery [R.C. 2913.31(A)(2)] and Count 48, theft [R.C. 2913.02(A)(3)]. The trial court imposed a sentence of 12 months upon each count. The resulting aggregate sentence of 12 years is identical.

Even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

Had appellate counsel asserted either of appellant's first two assignments of error, the results of the proceeding would not have been different.  Appellant has not established prejudice and we therefore overrule the first two assignments of error.

(R. 8-1, RX 119, PageID #: 1498-1500.)

This court must approach the state court's rulings in a highly deferential manner.  In doing so, it is apparent the state court recognized *Strickland* as the appropriate standard of review.  *Id.* at 1498.  The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Richter*, 562 U.S. at 105.  Petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103; *see also Montgomery*, 654 F.3d at 676 (quoting *Richter*).

The state appellate court's ruling did not address Walker's first and second claims precisely as he argued them in his Rule 26(B) application.  His first assignment of error, for

example, asserted that appellate counsel was ineffective for failing to argue that the trial court

erroneously modified defendant's sentence outside of his presence:

> [Ohio] Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution mandate
> a defendant's presence at every stage of the criminal proceedings, including
> imposition of sentence.  When a sentence pronounced in open court is
> subsequently modified and the judgment entry reflects the modification, the
> modification must have been made in the defendant's presence.

(R. 8-1, RX 113, PageID #: 1433; *see generally* R. 8-1, RX 119 (assignments of error).)  Walker

contends that the trial court improperly modified the sentence imposed in open court in its

subsequent sentencing entry.  *Id.*  The second claim asserted that appellate counsel was

ineffective for failing to argue that the trial court erroneously deprived Walker of his right to

have counsel present when his sentence was modified in the subsequent sentencing entry.  (R. 8-

1, RX 113, PageID #: 1434.)

In its ruling, the state appellate court did not explicitly address Walker's arguments

regarding his presence or the presence of counsel when his sentence was allegedly "modified" in

the sentencing entry.  *See generally* R. 16, PageID #: 2007, 2009.  Rather, the appellate court

determined that the trial court had properly determined the sentence, thereby implicitly finding

the sentence was not "modified" (as alleged by Walker) in the sentencing entry.  (R. 8-1, RX

119, PageID #: 1498-1500.)  The court reasonably determined that, even if counsel had asserted

either of the first two assignments of error, the results of the proceeding would not have been

different; and, therefore, Walker had not established prejudice.  *Id.* at 1500.

Because the sentence was not modified in the sentencing entry, the application of cases

requiring the presence of counsel at a critical stage is inapposite.  *See, e.g.*, R. 16, PageID #:

2010, citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)).  Walker has failed to

demonstrate that the ruling of the state court on these two claims "was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The petition should not be granted on the basis of the third or fourth grounds of the petition.

b. Fifth claim in Rule 26(B) Application/
Seventh Ground for Habeas Relief

The fifth assignment of error in Walker's application to re-open the state court appeal argued that appellate counsel was ineffective for failing to press a claim that trial counsel was ineffective for not investigating a defense to Counts 2-46 — based on Ohio Rev. Code §§ 2901.12(H), 2913.61(C)(1), and the Double Jeopardy Clause — and for advising Walker to plead guilty to those counts, rather than proceed with trial. (R. 8-1, RX 113, PageID #: 1440-1441.) The state appellate court addressed the fifth claim as follows:

> . . . appellant asserts trial counsel was ineffective in failing to raise a double jeopardy argument because his plea and conviction in Ashland County prohibited Richland County's prosecution for acts committed "in the same course of criminal conduct." While appellant's myriad offenses, state-wide, may have been part of a criminal scheme, the crimes are not allied offenses of similar import. Under Ohio law, a county prosecutor is an agent of the State of Ohio with respect to crimes committed in his or her county. *State v. Dumas*, 5th Dist. Fairfield No. 02CA60, 2003-Ohio-4117, ¶ 26, appeal not allowed, 100 Ohio St.3d 1509, 2003-Ohio-6161, 799 N.E.2d 187, and reconsideration denied, 101 Ohio St.3d 1425, 2004-Ohio-123, 802 N.E.2d 156, citing *State v. Barnett,* 124 Ohio App.3d 746, 755, 707 N.E.2d 564 (2nd Dist. 1998). Thus, a prosecutor in one county is not bound by a plea agreement agreed to by a prosecutor in another county. *Id.*
>
> Moreover, a defendant who commits separate offenses on different dates with different victims in different counties can be prosecuted for each sale and may not claim double jeopardy on the basis that it was all one "course of criminal conduct." *See, State v. Mutter*, 14 Ohio App.3d 356, 471 N.E.2d 782, 783 (8th Dist. 1983), limiting *State v. Urvan*, 4 Ohio App.3d 151, 446 N.E.2d 1161.
>
> Appellant has failed to establish any of his ... arguments for ineffective assistance of trial counsel would have been effective. His ... fifth proposed assignment[] of error [is] overruled.

(R. 8-1, RX 119, PageID #: 1503-1504; *see generally* R. 8-1, RX 113, PageID #: 1438-1440.)

22

Walker argues that, had appellate counsel raised the proposed error, the court would have been bound by *Waller v. Florida*, 397 U.S. 387, 392 (1970), to rule in his favor.  (R. 16, PageID #: 2015.)  The state appellate court ruled on this clam based on Ohio state law, and did not address *Waller*'s possible application to the case before it.

The Supreme Court in *Waller* held that the Double Jeopardy Clause bars the state as a single sovereign "from making repeated attempts to convict an individual in different courts for acts which constitute the 'same offense.'"  *Moyer v. Petty*, 811 F.2d 606, 1986 WL 18526, at *4 (6th Cir. 1986) (TABLE, text in WESTLAW) (citing *Waller*).  The state is considered a single entity when acting through its subordinate units such as counties.  *Craig v. Engle*, 613 F. Supp. 782, 784-785 (N.D. Ohio 1985), *aff'd*, 793 F.2d 1291 (6th Cir. 1986) (citing *Brown v. Ohio*, 432 U.S. 161, 164 n. 4 (1977), and *Waller*).  A single course of conduct occurs when the incidents were part of the same criminal episode.  *Moyer*, 1986 WL 18526, at *4 (citing *Dombkowski v. Johnson*, 488 F.2d 68 (6th Cir. 1973)).  The state appellate court found that "a defendant who commits separate offenses on different dates with different victims in different counties" is not taking part in a single "course of criminal conduct."  (R. 8-1, RX 119, PageID #: 1504.)  In *Waller*, by contrast, "both trials were based on charges that arose out of the same factual episode."  *Dombkowski*, 488 F.2d at 70. (indicating in "*Waller*, the court held that the theft of a mural from a city hall could not serve as the basis for successive trials, one for destruction of public property and another for grand larceny.")  The defendant's charges here were not based on the same factual episode as another conviction, but upon different criminal activity that occurred at different times in a different Ohio county.

Petitioner has failed to show that the state court's determination — that appellate counsel was not ineffective for refraining from raising the proposed assignment of error — "was so

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.  The petition should not be granted on the basis of the seventh ground of the petition.

## IV.    CONCLUSION

The petition for a writ of habeas corpus should be denied, for the reasons set forth above.


s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge


Date:    January 21, 2020



OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981