UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY D. WALKER, | ) | CASE NO. 1:18 CV 806 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATION |
| WANDA JACKSON, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David Ruiz. (ECF #46). Following three timely requests for extension of time, the Petitioner filed Objections to the Report. (ECF #47, 48, 50, 53). For the reasons set forth below, the Report and Recommendation is hereby ADOPTED.

Mr. Walker filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction. The Petition initially claimed ten grounds for relief. (ECF #1). Subsequently, Respondent filed an Answer/Return of Writ, and the Petitioner filed a Traverse. (ECF #9, 16). In July of 2019, following the denial of his Motion for Summary Judgment, Motion to Proceed to Judgment, and Motion to Transfer Venue, Mr. Walker voluntarily dismissed grounds 8, 9, and 10. (ECF #33, 38, 42, 43).

Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996. Applying the appropriate standard of review under the Act, Magistrate Ruiz correctly found

that Mr. Walker's grounds for relief were not supported. Specifically, Magistrate Ruiz correctly determined that Mr. Walker's first, fifth, and sixth grounds for relief were based on issues of state law that had already been decided by the state courts. Therefore, because they did not implicate the Double Jeopardy Clause or any other federal standard, the issues were not cognizable on federal habeus review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Whether or not the petitioner alleged that he suffered a violation of the Double Jeopardy Clause, or referenced the Fourteenth Amendment, as he claims in his objections, the facts underlying these grounds for relief clearly show that his claims are based solely in state law. His first ground for relief makes clear that the issue was whether the state courts properly treated his convictions as allied offenses during sentencing, not whether he suffered multiple punishments for the same offense. He does not claim to have been sentenced twice for any singular act/count of forgery, rather he maintains that the sentencing court should have merged the sentences for multiple counts/instances of forgery under Ohio's allied offense statute. As noted by Magistrate Ruiz, the Sixth Circuit has held that the application, or misapplication of Ohio's allied offences statute is not cognizable under federal habeas review. *Minor v. Wainwright*, No. 19-3206, 2019 WL 2489656, at *2. With regard to grounds five and six, even in his objections, Mr. Walker cites only to state law in support of his arguments. There is no federal law addressing these issues because his arguments are based solely on his belief that Ohio courts misapplied Ohio's sentencing laws.

The second, third, fourth, and seventh grounds for relief in Mr. Walker's petition allege ineffective assistance of counsel. Magistrate Ruiz, applying the proper deferential standards for reviewing a state court's assessment of ineffective assistance of counsel claims, correctly found that ground two was procedurally defaulted because he did not exhaust his state remedies on this specific issue. Further, his analysis of the merits of Petitioner's grounds three, four, and seven are

clear and well supported both factually and legally. Nothing in Mr. Walker's objections casts any doubt on the ultimate conclusions made by Magistrate Ruiz.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully and correctly addressed by the Magistrate's Report and Recommendation, and that Petitioner's objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety.

Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate

whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

To the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). Petitioner's motion for habeas corpus is hereby DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: April 14, 2020